IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-211 T
(Judge Victor J. Wolski)

JAMES R. THOMPSON,
Plaintiff,

v.

THE UNITED STATES,
Defendant

ANSWER

For its answer to the Complaint, defendant denies all allegations not specifically admitted below and further pleads as follows:

1-2. Admits the allegations contained in ¶¶ 1 and 2 of the Complaint.

3. Denies the allegations contained in ¶ 3 of the Complaint, except admits that this is a federal income tax refund action, and that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491(a)(1) and 26 U.S.C. § 7422.

4-6. Avers that defendant's attorney of record is without knowledge or information of the facts alleged in ¶¶ 4-6 of the Complaint sufficient to form a belief as to the truth of the allegations therein stated.

7. Avers that defendant's attorney of record is without knowledge or information of the facts alleged in ¶ 7 of the Complaint sufficient to form a belief as to the truth of the allegations therein stated, except denies that plaintiff actively and materially participated in the management

and operation of Mountain Air during 2002 within the context of federal income tax law and regulations limiting passive activity losses and credits.

8-11. Avers that defendant's attorney of record is without knowledge or information of the facts alleged in ¶¶ 8-11 of the Complaint sufficient to form a belief as to the truth of the allegations therein stated. To the extent that the allegations in ¶¶ 8-11 constitute legal conclusions, avers that no response is required.

12. Admits the allegations contained in ¶ 12 of the Complaint, except avers that defendant's attorney of record is without knowledge or information sufficient to form a belief as to the truth of the allegations that the return was filed timely or that the tax was paid timely.

13. Avers that defendant's attorney of record is without knowledge or information of the facts alleged in ¶ 13 of the Complaint sufficient to form a belief as to the truth of the allegations therein stated, except admits that the IRS increased plaintiff's taxable income for 2002 from what he reported in his original federal income tax return for 2002, in the amount of $1,225,869.

14. Admits the allegations contained in ¶ 14 of the Complaint.

15. Admits only that the Internal Revenue Service relied on 26 U.S.C. § 469 and Treasury Regulations promulgated thereunder in making the adjustment to taxable income referenced in ¶ 13 of the Complaint.

16. Admits only that the IRS made the adjustments referenced in ¶ 13 of the Complaint, and denies that the IRS' adjustments were erroneous.

17. Admits the allegations contained in ¶ 17 of the Complaint.

18. Admits the allegations contained in ¶ 18 of the Complaint, except avers that defendant's attorney of record is without knowledge or information as to who made the calculation.

19. Admits the allegations contained in ¶ 19 of the Complaint.

20. Avers that defendant's attorney of record is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 20 of the Complaint, except admits that plaintiff's claim for refund for 2002 was disallowed on March 2, 2006.

21. Denies the allegations contained in ¶ 21 of the Complaint.

22. Defendant repeats by reference its responses to the foregoing paragraphs of this answer.

23. Avers that defendant's attorney of record is without knowledge or information of the facts alleged in ¶ 23 of the Complaint sufficient to form a belief as to the truth of the allegations therein stated. To the extent that the allegations in ¶¶ 8-11 constitute legal conclusions, avers that no response is required.

24. Admits the allegations contained in ¶ 24 of the Complaint, except avers that defendant's attorney of record is without knowledge or information sufficient to form a belief as to the truth of the allegations that the return was filed timely or that the tax was paid timely.

25-26. Admits the allegations contained in ¶¶ 25 and 26 of the Complaint.

27. Admits only that the Internal Revenue Service relied on 26 U.S.C. § 469 and Treasury Regulations promulgated thereunder in making the adjustment to taxable income referenced in ¶ 25 of the Complaint.

28. Admits only that the IRS made the adjustments referenced in ¶ 25 of the Complaint, and denies that the IRS' adjustments were erroneous.

29. Admits the allegations contained in ¶ 29 of the Complaint.

30. Admits the allegations contained in ¶ 30 of the Complaint, except avers that defendant's attorney of record is without knowledge or information as to who made the calculation.

31. Admits the allegations contained in ¶ 31 of the Complaint.

32. Avers that defendant's attorney of record is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 32 of the Complaint, except admits that plaintiff's claim for refund for 2003 was disallowed on March 2, 2006.

33. Denies the allegations contained in ¶ 33 of the Complaint.

34. Defendant repeats by reference its responses to the foregoing paragraphs of this answer.

35. Denies the allegation contained in ¶ 35 of the Complaint.

36-38. Avers that defendant's attorney of record is without knowledge or information of the facts alleged in ¶¶ 36-38 of the Complaint sufficient to form a belief as to the truth of the allegations therein stated.

WHEREFORE, defendant prays for dismissal with prejudice of plaintiff's complaint, assessment of costs against plaintiff, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

s/George L. Squires

GEORGE L. SQUIRES
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6587

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN FRAHM
Assistant Chief, Court of Federal Claims Section

s/Steven Frahm
Of Counsel

July ___, 2006

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has been made on opposing counsel, this ________ day of July 2006, by mailing a copy thereof, in a postage prepaid envelope, to the following address:

Thomas R. Helfand, Esquire
Winstead, Sechrest & Minick, P.C.
1201 Elm Street
Dallas, TX 75270-2199

________________________________
U.S. Department of Justice (Tax)
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20004
(202) 307-6440