IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-211 T

(Judge Victor J. Wolski)

JAMES R. THOMPSON,

Plaintiff

v.

THE UNITED STATES,

Defendant

JOINT PRELIMINARY STATUS REPORT

In accordance with Appendix A, Section III of the Rules of the United States Court of Federal Claims, the plaintiff and the defendant, by their undersigned attorneys, submit this joint preliminary status report, setting forth their views on questions posed in the rules, as follows:

4(a) Does the Court have jurisdiction over the action? This Court appears to have subject-matter jurisdiction over this action by virtue of 28 U.S.C. § 1491(a)(1) and 26 U.S.C. § 7422.

4(b) Should the case be consolidated with any other case? This action should not be consolidated with any other case.

4(c) Should trial of liability and damages be bifurcated? The parties agree that separate trials on the questions of liability and damages are unnecessary in this case, and that all evidence necessary to resolve both questions should be presented at one trial. They ask the Court initially to determine the question of liability only, and afterwards, if any recomputation of tax liability is necessary, to permit the parties a reasonable period to perform and agree upon any

necessary recomputation of tax liability and interest due, so that the parties can submit a stipulation as to the amount of judgment. This will avoid devoting unnecessary attention to computations at trial.

4(d) Should further proceedings in this case be deferred pending consideration of another case? Further proceedings in this case should not be deferred pending consideration of any other case.

4(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long? Not Applicable.

4(f) Will additional parties be joined? No.

4(g) Does either party intend to file a motion pursuant to RCFC Nos. 12(b), 12(c), or 56? Until more discovery has been completed, the parties cannot predict whether either or both of them will be able to move for summary judgment. At this time, neither party intends to file a motion pursuant either to RCFC Nos. 12(b), 12(c), or 56.

4(h) What are the relevant issues? The basic issue here, as in every tax refund suit, is whether plaintiff has established that it overpaid taxes for the periods in issue. (Lewis v. Reynolds, 284 U.S. 281 (1932); Dysart v. United States, 169 Ct. C1. 276, 340 F.2d 624 (1965).) In addition, the parties have at present identified the following subsidiary issue:

Whether the Commissioner erred in disallowing deductions reported on plaintiff's federal income tax returns for 2002 and 2003, on the basis of his finding that those deductions were based on nondeductible "passive activity" losses within the scope of 26 U.S.C. § 469(a)(1)(A).

4(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated? Settlement is unlikely at this time. Alternative dispute resolution is not warranted.

4(j) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling, and, if so, why? Unless a dispositive motion is filed,

the parties anticipate that the issues, other than plaintiff's request under 26 U.S.C. § 7430 for costs, will have to be tried. The parties jointly request the Court to adopt the schedule proposed *infra* in ¶ 5 in its pretrial order.

4(k) Are there special issues regarding electronic case management needs? No.

4(l) Is there other information of which the Court should be aware at this time? Yes. The parties stipulate that the limitation in RCFC 33(a) on the number of interrogatories that may be served on the other party should not be applicable in this case.

5. Proposed Pretrial Schedule

The parties propose the following pretrial schedule:

September 15, 2006: Rule 26(a) Initial Disclosures due.

November 10, 2006: Disclosure of the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and of that person's expert witness report due.

December 8, 2006: Disclosure of the identity of any person who may be used at trial to contradict or rebut evidence on any subject included in an expert witness report that was disclosed on or before November 10, 2006, and of that person's expert witness report due.

January 12, 2007: Completion of discovery (deadline for filing motions to compel).

January 19, 2007: Post-Discovery Conference pursuant to App. A ¶11.

January 26, 2007: Meeting of counsel pursuant to App. A ¶ 13 to exchange exhibit lists and actual listed exhibits, except those previously exchanged, witness lists, and to confer on subjects listed in App. A ¶ 13(c).

February 9, 2007: Plaintiff's Memorandum of Contentions of Fact and Law, Witness List, and Exhibit List pursuant to App. A ¶¶ 14(a), 15, and 16 due.

March 9, 2007: Defendant's response to plaintiff's Memorandum of Contentions of Fact and Law, Witness List, and Exhibit List pursuant to App. A ¶¶ 14(b), 15, and 16 due.

March 16, 2007: Motions in Limine and other pretrial motions due.

March 23, 2007: Responses to Motions in Limine and other pretrial motions due.

March 28, 2007: Replies to Responses to pretrial motions due.

March 30, 2007: Pretrial Conference.

April 17, 2007: Trial.

Respectfully submitted,

____________________________

THOMAS R. HELFAND
Attorney of Record for Plaintiff

STUART M. REYNOLDS, JR.
Winstead Sechrest & Minick P.C.
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2199
(214) 745-5400 (phone)
(214) 745-5390 (fax)

August ________, 2006

___________________________________

GEORGE L. SQUIRES
Attorney of Record
United States Department of Justice Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6587 (phone)
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN FRAHM
Assistant Chief, Court of Federal Claims Section

___________________________________

Of Counsel

August ________, 2006