**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 06-211 T**
**(Judge Victor J. Wolski)**

---

**JAMES R. THOMPSON**

**Plaintiff,**

**v.**

**THE UNITED STATES**

**Defendant.**

---

**MOTION TO SET DATE FOR RESPONDING TO PLAINTIFF'S WRITTEN DISCOVERY REQUESTS**

---

In accordance with RCFC 7(b), defendant, respectfully requests that the Court establish a due date of January 19, 2007 for it to respond to certain discovery requests that plaintiff does not appear to have served as specified by RCFC 5(b). In support of this motion, defendant submits the following:

1. This is a tax refund suit for the 2002 and 2003 tax years involving substantial losses plaintiff claims in connection with his participation in Mountain Air Charters LLC, a company he formed to offer for charter a Pilatus PC-12 turboprop aircraft. Plaintiff took a substantial number of non-revenue generating flights in the aircraft, whose cost is reflected in the claimed losses. The parties dispute appears to center on whether the flights were undertaken for training purposes and plaintiff's role as a private pilot in assisting or training the retired American Airlines pilot he hired to pilot the aircraft.

2. The parties have made initial disclosures pursuant to RCFC 26(a)(1). On October 5, 2006, defendant served plaintiff by mail with its First Set of Interrogatories and on October 16, 2006 defendant served plaintiff by mail with its First Set of Requests for Production of Documents. Defendant also has been working with an FAA official who may testify in this case as an expert regarding the regulatory flight experience and training requirements applicable to the pilot of aircraft used in charter operations. That official will hopefully soon be completing an expert report.

3. In correspondence with plaintiff's counsel at the outset of this case, counsel was advised that proper service should be made upon defendant via U.S. mail.

4. On December 8, 2006, plaintiff sent files by e-mail to defendant's predecessor counsel of record. Those files contain a first set of requests for admissions, interrogatories, and production of documents.

5. RCFC 5(a) requires that "every paper relating to discovery" shall be "served upon a party" unless the Court otherwise orders. In turn, RCFC 5(b) provides the means for making such service. Service may of course be made by delivery to a person (RCFC 5(b)(2)(A)) or by mail (RCFC 5(b)(2)(B)). If the party being served consents "in writing", service may also be made by other means, including electronic means. (RCFC 5(b)(2)(D)).

6. The wife of defendant's original counsel of record has been ill, requiring him to frequently be out of the office. As a result, this case recently was reassigned to defendant's present counsel who has been spending considerable time familiarizing himself with the issues in the case, the substantial volume of documents defendant already has obtained, working with the FAA expert, and understanding the pertinent FAA regulations relating to aircraft charter operations.

7. Defendant's new counsel also spoke to plaintiff's counsel and advised him of our efforts to obtain an expert report and produce it to plaintiff.

8. Plaintiff's counsel telephoned defendant's counsel today to advise that plaintiff considers defendant's responses to plaintiff's e-mailed discovery to be overdue and that it intends to file motions to compel defendant's responses and to deem admitted plaintiff's requests for admissions.

9. Plaintiff does not appear to have served its discovery requests in a manner specified in RCFC 5. To the best of defendant's counsel's knowledge, plaintiff never requested, much less obtained, the written consent of defendant's predecessor counsel to service of discovery by e-mail, rather than by regular mail as specified by the Court's rules and defendant's earlier correspondence. While defendant certainly intends to respond appropriately to plaintiff's discovery, and counsel regrets that he inadvertently did not focus on the discovery sooner, it does not appear that there is presently any due date for defendant to respond. And even if plaintiff's discovery had been served properly on December 8th by other than personal delivery, defendant's responses would not be overdue. See RCFC 6(e).

10. Defendant believes that it can respond properly to plaintiff's discovery requests by January 19, 2007. It respectfully suggests that the Court set that date as the due date for it to respond to plaintiff's discovery and that the Court not entertain plaintiff's anticipated motion for discovery sanctions regarding discovery that plaintiff did not properly serve.

Respectfully submitted,

s/ Jeffrey R. Malo

JEFFREY R. MALO
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 305-7539*
*Fax: (202) 514-9440*
*Email: jeffrey.r.malo@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID D. GUSTAFSON
*Acting Chief, Court of Federal Claims Section*
STEVEN FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/ Steven Frahm
Of Counsel

January 10, 2007