IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-211 T
(Judge Victor J. Wolski)

JAMES R. THOMPSON,
Plaintiff

v.

THE UNITED STATES,
Defendant

**MOTION TO DEEM MATTERS ADMITTED, MOTION TO STRIKE DESIGNATED EXPERT, MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION TO CONFIRM SCHEDULING ORDER AND TRIAL DATE**

NOW COMES James R. Thompson, Plaintiff, and files these his Motion to Deem Matters Admitted, Motion to Strike Designated Expert, Motion to Compel Discovery Responses and Motion to Confirm Scheduling Order and Trial Date and, in support thereof, would respectfully show the Court as follows:

## I.
## PERTINENT PROCEDURAL HISTORY

On September 9, 2005, Plaintiff paid Defendant $863,123.80 for taxes allegedly due for tax years 2002 and 2003. Defendant continues to hold this money. Plaintiff filed his Complaint March 15, 2006. On August 28, 2006, the parties submitted their Joint Preliminary Status Report. Included in the Joint Preliminary Status Report was a Scheduling Order to which the parties agreed. On November 7, 2006, Plaintiff responded timely to Defendant's First Set of Interrogatories and First Request for Production of Documents. On November 9, 2006, Defendant purported to designate an expert witness. On December 8, 2006, Plaintiff served his First Set of Interrogatories, First Request for Production of Documents and First Set of Requests

for Admission. Service by electronic means is complete on transmission. RCFC 5(b)(2)(D). Responses to these discovery requests were due no later than January 8, 2007. The discovery cut-off is January 12, 2007.

## II.
## MOTION TO DEEM MATTERS ADMITTED

Plaintiff's First Set of Requests for Admissions is annexed hereto as Exhibit A and incorporated herein by reference. These requests were served via email on December 8, 2006, thereby requiring responses no later than January 8, 2007. RCFC 36. Defendant made no request, orally or in writing, for an extension of time. Therefore, pursuant to RCFC 36(a), the matters are admitted.

## III.
## MOTION TO STRIKE DESIGNATED EXPERT

Pursuant to the schedule agreed to by the parties, November 10, 2006 was the last day for the disclosure of the identity of an expert witness and of that person's expert witness report. By letter dated November 9, 2006, Defendant designated Jay Stiles as an expert, but failed to provide an expert report. Counsel for Plaintiff, at the oral request of counsel for Defendant, agreed to a two week extension for the Defendant to provide Mr. Stiles' expert witness report. A true and correct copy of the letter from Defendant's counsel dated November 9, 2006 is annexed hereto as Exhibit B and incorporated herein by reference.

Under the pretrial schedule, January 12, 2007 is the date for completion of discovery and the deadline for filing motions to compel. By letter dated December 8, 2006, Plaintiff again renewed its request for the Defendant's expert report and requested dates for deposition. A true and correct copy of counsel's December 8, 2006 letter is annexed hereto as Exhibit C and incorporated herein by reference. On December 19, 2006, counsel for Defendant emailed to

counsel for Plaintiff citations to 14 CFR Part 135.243 and FAA Order No. 8400.10 and stated that counsel would "follow up with you by the end of the week with an update on our expert's report, and suggested revisions to our pretrial schedule." A true and correct copy of the email is annexed hereto as Exhibit D and incorporated herein by reference. As of the date of the filing of this motion, counsel for Defendant has not submitted an expert report or any other information pertaining to his expert.

The effect of Defendant's failure to provide the expert report has been to delay the agreed schedule to the prejudice of Plaintiff. Plaintiff was entitled to review Defendant's expert report to determine if, by December 8, 2006, Plaintiff desired to designate a rebuttal expert. Defendant's failure to provide a report rendered Plaintiff unable to make such determination and possible designation of a rebuttal expert. Plaintiff believes that this case is straightforward based on the written record and the witnesses designated by Plaintiff in his Initial Disclosures. Accordingly, because of the prejudicial delay by Defendant, Plaintiff respectfully requests that the designation of Jay Stiles as an expert witness be stricken.

## IV.
## MOTION TO COMPEL DISCOVERY RESPONSES

By email on December 8, 2006, Plaintiff served Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents. These requests are annexed hereto as Exhibits E and F, respectively, and are incorporated herein by reference. Pursuant to RCFC 5(b)(2)(D), 33 and 34, Defendant was required to object or respond no later than January 8, 2007. By its failure timely to object or respond, Defendant has waived all objections and should be compelled promptly to answer Plaintiff's interrogatories fully and completely and to produce all documents promptly.

## V.
## MOTION TO CONFIRM SCHEDULING ORDER AND TRIAL DATE

Plaintiff and Defendant agreed to an efficient and workable schedule, set forth in their Joint Preliminary Status Report, based on the simplicity of the issues for resolution. The parties operated in good faith to adhere to the schedule, until now, even though this Court did not incorporate the agreed schedule in a formal scheduling order. It is still possible to adhere to the schedule and to present this case for trial on April 17, 2007. Plaintiff respectfully requests this Court to confirm the scheduling order and the trial date.

## VI.
## CONCLUSION

Plaintiff is entitled to a speedy trial on his request for the refund of more than $860,000 in taxes he believes were improperly assessed and collected by Defendant, plus interest. This entitlement derives in part from Plaintiff's justifiable reliance on the schedule agreed to but not honored by Defendant.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court grant his Motion to Deem Matters Admitted, his Motion to Strike Designated Expert, his Motion to Compel Discovery Responses and his Motion to Confirm Scheduling Order and Trial Date. Plaintiff respectfully requests such other and further relief to which he may be justly entitled.

Respectfully submitted,

WINSTEAD SECHREST & MINICK P.C.
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2199
(214) 745-5400 (Phone)
(214) 745-5390 (Fax)

By: /s/ Stuart M. Reynolds, Jr.
Thomas R. Helfand, State Bar No. 09392500
Stuart M. Reynolds, Jr., State Bar No. 16805700

**ATTORNEYS FOR PLAINTIFF JAMES R. THOMPSON**

## CERTIFICATE OF CONFERENCE

On January 10, 2007, the undersigned conferred by telephone with Jeffrey R. Malo, Defendant's counsel, and counsel were unable to agree to the relief requested in these motions. Accordingly, Plaintiff submits his motions to this Court for resolution.

/s/ Stuart M. Reynolds, Jr.
One of Counsel

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 10th day of January, 2007, a true and correct copy of the foregoing was forwarded via email to the following:

Jeffrey R. Malo
Jeffrey.R.Malo@usdoj.gov
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044

/s/ Stuart M. Reynolds, Jr.
One of Counsel

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-211 T
(Judge Victor J. Wolski)

JAMES R. THOMPSON,
Plaintiff

v.

THE UNITED STATES,
Defendant

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**

Plaintiff, pursuant to RCFC 36, hereby requests that the defendant respond to the following requests for admissions and to serve its response on counsel for the plaintiff within thirty days of service hereof.

**REQUESTS FOR ADMISSIONS**

1. Defendant accepts as true that Plaintiff actually spent all the hours he claims to have spent in 2002 and 2003 on the business of Mountain Air Charter, L.L.C. ("MAC"), as reflected in documents MAC 0013 through MAC 0016.

Admit ________________ Deny ________________

2. Defendant accepts as true that Plaintiff actually incurred all the costs and expenses he claims to have incurred in 2003 and 2003 on the business of MAC, as reflected on his individual income tax returns for those years.

Admit ________________ Deny ________________

3. Plaintiff accepts that the financial statements provided to Defendant (MAC 0017 through 0024) accurately state the matters they purport to state as to MAC for the years indicated.

Admit ________________ Deny ________________

**EXHIBIT A**

4. Defendant contends that the only issue to be determined in this case is whether plaintiff "materially participated" in the business of MAC during tax years 2002 and 2003 for purposes of IRC Section 469.

Admit _______________ Deny _______________

5. Defendant cannot point to specific language in the IRC or the Treasury Regulations that "explicitly treats interests in any entity which limits liability as limited partner interests (AR 659)."

Admit _______________ Deny _______________

6. Defendant does not contest that the purpose of Treasury Regulation 1.469-5T(e)(3)(ii) is to cause a partnership interest that is otherwise treated as a limited partnership interest under Treasury Regulations 1.469-5T(e)(3)(i)(A) or (B) to NOT be treated as a limited partnership interest in order to ensure that a person who in fact participates in the management and activities of a partnership is not subject to the more restricted treatment accorded to a limited partnership interest.

Admit _______________ Deny _______________

7. The holding and rationale of *Gregg v. United States*, 186 F. Supp. 2d 1123 (D. Or. 2000) ("*Gregg*") directly contradict the proposition stated by the IRS Examiner in this case "that because the taxpayer is an LLC member, he must use the 500 hour test for material participation per the regulations (AR 659)."

Admit _______________ Deny _______________

8. Defendant cannot cite a case under IRC § 469 holding that "interests in any entity which limits liability are treated as limited partner interests."

Admit _______________ Deny _______________

9. Defendant cannot cite a case under IRC § 469 holding that "because the taxpayer is an LLC member, he must use the 500 hour test for material participation per the regulations."

Admit _______________ Deny _______________

10. If the Court applies the holding and rationale of *Gregg* to this case, Plaintiff will be entitled to judgment in his favor.

Admit _______________ Deny _______________

11. Defendant does not contest the authenticity of documents MAC 0001 through MAC 2530) produced by Plaintiff in this case.

Admit _______________ Deny _______________

12. For tax year 2002, Plaintiff met the 500 hour test for material participation, if applicable.

Admit _______________ Deny _______________

13. Lucy H. Clark is not a lawyer.

Admit _______________ Deny _______________

14. Karen Graham is not a lawyer.

Admit _______________ Deny _______________

Respectfully submitted,

WINSTEAD SECHREST & MINICK P.C.
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2199
(214) 745-5400 (Phone)
(214) 745-5390 (Fax)

By: [signature]
Thomas R. Helfand, State Bar No. 09392500
Stuart M. Reynolds, Jr., State Bar No. 16805700

**ATTORNEYS FOR PLAINTIFF JAMES R. THOMPSON**

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this 8th day of December, 2006, a true and correct copy of the foregoing was forwarded via email to the following:

George L. Squires
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044

Stuart Reynolds
One of Counsel

Dallas_1\4537222\1
44222-1 12/7/2006

**U.S. Department of Justice**

**Tax Division**

*Please reply to: Court of Federal Claims Section*
*P.O. Box 26*
*Ben Franklin Station*

*Washington, D.C. 20044*

*Facsimile No. (202) 514-9440*
*Trial Attorney: George L. Squires*
*Attorney's Direct Line: (202) 307-6587*
*george.l.squires@usdoj.gov*

EJO'C:DG:SF:GLSquires
154-154-2441
CMN 2006102923

November 9, 2006

Thomas R. Helfand, Esquire
Stuart M. Reynolds, Jr., Esquire
Winstead Sechrest & Minick P.C.
5400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270-2199

Re: James R. Thompson v. United States, Fed. Cl. No. 06-211T

Dear Messrs. Helfand and Reynolds:

This is to inform you that defendant currently anticipates that it will use Jay Stiles, a FAA Aviation Safety Inspector at the Dallas Flight Standards District Office, at trial to present evidence admissible under Rules 702, 703, and or 705 of the Federal Rules of Evidence. We anticipate that he will testify to matters set forth in the document you submitted to us marked "MAC 0696." Pursuant to my telephone conversation with Mr. Reynolds this morning, I hope to provide you with Mr. Stiles' expert witness report in two weeks.

If you have any questions or if we can be of any help, please contact me using my above-listed postal address, phone number, e-mail address, or fax number.

Sincerely yours,

GEORGE L. SQUIRES

**EXHIBIT B**

WINSTEAD

December 8, 2006

direct dial: 214-745-5360
sreynolds@winstead.com

**VIA EMAIL**

Mr. George L. Squires
Justice Department (Tax)
Court of Federal Claims Section, Room 8812
555 4th St., NW
Washington, D.C. 20001

Re: James R. Thompson v. United States; No. 06-211T

Dear George:

Enclosed please find the following discovery requests to the Defendant:

1. Plaintiff's First Set of Requests for Admissions;

2. Plaintiff's First Set of Interrogatories; and

3. Plaintiff's First Request for Production of Documents.

Under our Scheduling Order, the discovery cut-off is January 12, 2007. We have not received the report of Jay Stiles, the Government's designated expert, which we had expected by November 24, 2006 and certainly by the end of November, at the latest. Please send us that report as soon as possible.

We would like to schedule the depositions of Jay Stiles, Lucy H. Clark and Karen Graham and we would like to take those depositions before the January 12, 2007 discovery cut-off. Please check their availability and provide dates.

With best regards.

Sincerely yours,

Stuart M. Reynolds, Jr.

SMR/ada
Enclosures
cc: Thomas R. Helfand (*of the Firm* w/o encls.)
James R. Thompson (w/encls.)

Dallas_1\4551363\1
44222-1 12/7/2006

**EXHIBIT C**

-----Original Message-----
**From:** Malo, Jeffrey R. (TAX) [mailto:Jeffrey.R.Malo@usdoj.gov]
**Sent:** Tuesday, December 19, 2006 3:40 PM
**To:** Helfand, Tom
**Cc:** Reynolds, Stuart
**Subject:** Thompson Expert Witness Report

Good afternoon Mr. Helfand,

Upon review of the materials our expert has submitted, it appears that some follow up will be required with respect to his report. At the moment, all we really have is a citation to 14 CFR Part 135.243 and FAA Order No. 8400.10. I've attached both of these documents to this e-mail.

I will follow up with you by the end of this week with an update on our expert's report, and suggested revisions to our pretrial schedule.

Please call me if you have any questions.

Thank you,
-Jeff
(202) 305-7539

**EXHIBIT D**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-211T
(Judge Victor J. Wolski)

JAMES R. THOMPSON,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to RCFC 26 and 33, Plaintiff requests the defendant to answer the following interrogatories under oath and to serve its response on counsel for the plaintiff within thirty days of service hereof.

**INTERROGATORIES**

**Interrogatory No. 1** If you denied any of Plaintiff's First Set of Request for Admissions, please set forth with respect to each denial all facts and, if necessary for completeness, all legal principles supporting such denial.

**Interrogatory No. 2** Why did the United States not appeal the adverse ruling in *Gregg v. United States*, 186 F. Supp. 2d 1123 (D. Or. 2000)?

**EXHIBIT E**

Respectfully submitted,

WINSTEAD SECHREST & MINICK P.C.
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2199
(214) 745-5400 (Phone)
(214) 745-5390 (Fax)

By: ______________________
Thomas R. Helfand, State Bar No. 09392500
Stuart M. Reynolds, Jr., State Bar No. 16805700

**ATTORNEYS FOR PLAINTIFF JAMES R. THOMPSON**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 8th day of December, 2006, a true and correct copy of the foregoing was forwarded via email to the following:

George L. Squires
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044

______________________
One of Counsel

4537139v.1 44222/1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-211 T
(Judge Victor J. Wolski)

JAMES R. THOMPSON,
Plaintiff

v.

THE UNITED STATES,
Defendant

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff, pursuant to RCFC 34, hereby requests that the defendant produce at the offices of plaintiff's attorneys-of-record, Winstead Sechrest & Minick P.C., 1201 Elm Street, Suite 5400, Dallas, Texas 75270, at any time during normal business hours on any day not a Saturday, Sunday or legal holiday in the District of Columbia, on or before 30 days from the date of service of this request, true and correct copies of the following documents:

**DEFINITION**

The term "document" shall be construed in the broadest possible sense, and shall include, but shall not be limited to, the following items, whether written, printed, typed, photostated, photographed, microfilmed, recorded, or reproduced by any means, including manual, mechanical, xerographic, electronic, electric, magnetic, chemical, photographic, laser, or any combination of the foregoing, or any other process or means upon any tangible thing in any form. The teem "document" includes: (1) documents in finished and final form; (2) drafts and working papers prepared in the process of creating finished documents in final form; (3) copies

**EXHIBIT F**

of documents included in (1) or (2) above that bear notations or marks not found on the original; (4) data kept in computer system formats.

**REQUESTS FOR DOCUMENTS**

1. All documents relating to the following statement in the May 13, 2005 letter from Karen Graham to Paul Wilson (AR 659):

> "Regarding Gregg, which is a district court case out of Oregon, the IRS does not follow this case because the decision is contrary to the regulations which explicitly treat interests in any entity which limits liability as limited partner interests."

2. Without limiting the generality of the foregoing, all documents relied on by Karen Graham in writing the statement quoted in Request No. 1.

3. All documents relating to whether members of a limited liability company might or should be treated the same as a limited partner in accordance with Treas. Reg. §1.469-5T.

The production of documents requested above may be made by mailing or expressing, within 30 days after service of this request, legible copies of the documents, papers, and other writings referred to herein to Plaintiff's attorneys at:

Winstead Sechrest & Minick P.C.
1201 Elm Street, Suite 5400
Dallas, Texas 75270

Respectfully submitted,

WINSTEAD SECHREST & MINICK P.C.
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2199
(214) 745-5400 (Phone)
(214) 745-5390 (Fax)

By: Stuart Reynolds
Thomas R. Helfand, State Bar No. 09392500
Stuart M. Reynolds, Jr., State Bar No. 16805700

**ATTORNEYS FOR PLAINTIFF JAMES R. THOMPSON**

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this 8th day of December, 2006, a true and correct copy of the foregoing was forwarded via email to the following:

George L. Squires
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044

Stuart Reynolds
One of Counsel

Dallas_1\4537111\1
44222-1 12/7/2006