IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-211 T
(Judge Victor J. Wolski)

JAMES R. THOMPSON,
Plaintiff

v.

THE UNITED STATES,
Defendant

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SET DATE FOR RESPONDING TO PLAINTIFF'S WRITTEN DISCOVERY REQUESTS**

Plaintiff James R. Thompson responds as follows to Plaintiff's Motion to Set Date for Responding to Plaintiff's Written Discovery Requests:

1. Defendant's description of the contested issues in this case is erroneous and Plaintiff would refer the Court to his Complaint and Defendant's Answer. Whether the Internal Revenue Service improperly applied passive activity loss rules to, and improperly rejected Plaintiff's material participation in the business of, a Texas limited liability company are the central issues in this case.

2. Plaintiff opposes Defendant's motion for the reasons set forth in his Motion to Deem Matters Admitted, Motion to Strike Designated Expert, Motion to Compel Discovery Responses and Motion to Confirm Scheduling Order and Trial Date, filed January 11, 2007, and incorporated by reference as if set forth here in full.

3. Defendant has waived any objection it may have to service by electronic means. Counsel, at the instance of Defendant's counsel, have established a course of conduct in this litigation of serving the other side via email. After a telephone conference on November 9,

2006, prior counsel for Defendant, George L. Squires, served the undersigned by email with Defendant's designation of an expert witness. A true and correct copy of Mr. Squires' email and its attachment are annexed hereto as Exhibit A and incorporated herein by reference. Current counsel for Defendant, Jeffrey R. Malo, served the undersigned by email with citations to materials which would presumably relate to any opinion Defendant's expert might have. A true and correct copy of Mr. Malo's email, dated December 19, 2006, which was annexed to Plaintiff's motions as Exhibit D, is resubmitted here as Exhibit B to this response and incorporated herein by reference.

4. Defendant gets no relief under RCFC 6(e) from its failure timely to respond to Plaintiff's First Set of Requests for Admissions. Even with the additional three days afforded by RCFC 6(e), Defendant's responses to Plaintiff's First Set of Requests for Admissions were due no later than January 11, 2007, and are still delinquent as of the filing of this response.

5. Plaintiff agrees that the Court should direct Defendant fully and completely to answer Plaintiff's interrogatories and to produce documents by January 19, 2007, Defendant having waived any objections thereto. Plaintiff objects to giving Defendant any relief from its failure timely to respond to Plaintiff's First Set of Requests for Admissions and requests the Court to deem those matters admitted.

6. Incidentally, Defendant's Motion to Set Date for Responding to Plaintiff's Written Discovery Requests contains no Certificate of Conference and no Certificate of Service. The undersigned received the motion pursuant to the e-filing system of this Court. Plaintiff has no complaint about service because Plaintiff accepts the e-serving and e-filing system as appropriate for this Court and in this case. Plaintiff notes, however, that Defendant is apparently

utilizing and relying upon the very e-filing and e-service method about which it purports to complain in its motion.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant's Motion to Set Date for Responding to Plaintiff's Written Discovery Requests be denied except for directing Defendant to answer interrogatories and produce documents by January 19, 2007. Plaintiff further requests that this Court grant his Motion to Deem Matters Admitted, his Motion to Strike Designated Expert, his Motion to Compel Discovery Responses and his Motion to Confirm Scheduling Order and Trial Date. Plaintiff respectfully requests such other and further relief to which he may be justly entitled.

Respectfully submitted,

WINSTEAD SECHREST & MINICK P.C.
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2199
(214) 745-5400 (Phone)
(214) 745-5390 (Fax)

By: /s/ Stuart M. Reynolds, Jr.
Thomas R. Helfand, State Bar No. 09392500
Stuart M. Reynolds, Jr., State Bar No. 16805700

**ATTORNEYS FOR PLAINTIFF JAMES R. THOMPSON**

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this 12th day of January, 2007, a true and correct copy of the foregoing was forwarded via email to the following:

Jeffrey R. Malo
Jeffrey.R.Malo@usdoj.gov
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044

/s/ Stuart M. Reynolds, Jr.
One of Counsel

Dallas_1\4573883\1
44222-1 1/12/2007

.OC-11-9-06--exper
.PDF (26 KB...

-----Original Message-----
From: George.L.Squires@usdoj.gov [mailto:George.L.Squires@usdoj.gov]
Sent: Thursday, November 09, 2006 12:48 PM
To: Helfand, Tom; Reynolds, Stuart
Subject: Thompson v. US

**EXHIBIT A**

**U.S. Department of Justice**

**Tax Division**

*Please reply to: Court of Federal Claims Section*
*P.O. Box 26*
*Ben Franklin Station*
*Washington, D.C. 20044*

*Facsimile No. (202) 514-9440*
*Trial Attorney: George L. Squires*
*Attorney's Direct Line: (202) 307-6587*
*george.l.squires@usdoj.gov*

EJO'C:DG:SF:GLSquires
154-154-2441
CMN 2006102923

November 9, 2006

Thomas R. Helfand, Esquire
Stuart M. Reynolds, Jr., Esquire
Winstead Sechrest & Minick P.C.
5400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270-2199

Re: James R. Thompson v. United States, Fed. Cl. No. 06-211T

Dear Messrs. Helfand and Reynolds:

This is to inform you that defendant currently anticipates that it will use Jay Stiles, a FAA Aviation Safety Inspector at the Dallas Flight Standards District Office, at trial to present evidence admissible under Rules 702, 703, and or 705 of the Federal Rules of Evidence. We anticipate that he will testify to matters set forth in the document you submitted to us marked "MAC 0696." Pursuant to my telephone conversation with Mr. Reynolds this morning, I hope to provide you with Mr. Stiles' expert witness report in two weeks.

If you have any questions or if we can be of any help, please contact me using my above-listed postal address, phone number, e-mail address, or fax number.

Sincerely yours,

GEORGE L. SQUIRES

-----Original Message-----
**From:** Malo, Jeffrey R. (TAX) [mailto:Jeffrey.R.Malo@usdoj.gov]
**Sent:** Tuesday, December 19, 2006 3:40 PM
**To:** Helfand, Tom
**Cc:** Reynolds, Stuart
**Subject:** Thompson Expert Witness Report

Good afternoon Mr. Helfand,

Upon review of the materials our expert has submitted, it appears that some follow up will be required with respect to his report. At the moment, all we really have is a citation to 14 CFR Part 135.243 and FAA Order No. 8400.10. I've attached both of these documents to this e-mail.

I will follow up with you by the end of this week with an update on our expert's report, and suggested revisions to our pretrial schedule.

Please call me if you have any questions.

Thank you,
-Jeff
(202) 305-7539

**EXHIBIT B**