**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 06-211 T**
**(Judge Victor J. Wolski)**

---

**JAMES R. THOMPSON**

**Plaintiff,**

**v.**

**THE UNITED STATES**

**Defendant.**

---

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO SET DATE FOR RESPONDING TO PLAINTIFF'S WRITTEN DISCOVERY REQUESTS AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S VARIOUS DISCOVERY AND PRETRIAL MOTIONS**

---

On January 10, 2007, defendant filed a Motion to Set Date for Responding to Plaintiff's Written Discovery Requests. As defendant explained, it became necessary to reassign this case to a new counsel of record, since the wife of defendant's original counsel of record has serious health problems that require his frequent absence from the office and prevent him from devoting the necessary time and attention to this case. Notwithstanding that defendant advised plaintiff by letter at the outset of this case that documents such as discovery requests should be served on defendant by regular mail, plaintiff forwarded discovery requests by e-mail to defendant's then counsel of record. Plaintiff did not receive written consent from defendant to do so, as required by RCFC 5(b)(2)(D), before proceeding in this manner. When discovery is received by mail, it is logged into the Tax Division's case tracking system by support personnel, so that deadlines are

known. By sending its discovery requests solely by e-mail to prior counsel of record, plaintiff unwittingly defeated that system. Since defendant intends to respond properly and thoroughly to plaintiff's discovery requests, it has moved the Court to set a due date of January 19th – just three days from today – for those responses. Plaintiff's counsel, in the meantime, advised defendant that he considered defendant's responses overdue and would file motions with the Court. Plaintiff has indeed filed a Motion and separate Response to Defendant's Motion, which together seek a variety of proscriptive orders against defendant. Plaintiff asks the Court to deem matters admitted, to consider defendant to have waived any objections to plaintiff's discovery, to strike defendant's expert witness, and to impose a pretrial schedule the parties proposed at the outset of this case that subsequent events have long overtaken. Defendant is not late in responding to plaintiff's discovery, has not violated the terms of any pretrial order regarding discovery from its expert, and there is no basis for the imposition of procedural sanctions against defendant. This case should be resolved on the merits. In further reply to the matters plaintiff asserts, defendant submits the following:

1. Defendant's responses to plaintiff's discovery requests are not overdue, and there is no basis for sanctions.

As explained in our Motion to Set Date for Responding to Plaintiff's Written Discovery Requests, plaintiff sent his discovery requests solely by e-mail, and did not first obtain defendant's written consent to do so in accordance with RCFC 5(b)(2)(D). Plaintiff's discovery therefore was not properly served, and no due date now exists for defendant to respond. Defendant is nevertheless preparing its responses and expects to serve them on plaintiff by January 19th, the date defendant has requested that the Court establish as the due date.

In its filings, plaintiff does not dispute that the discovery requests were sent solely by e-

mail and that defendant did not consent in writing to service of such discovery by e-mail. Ignoring the clear provisions of RCFC 5 in such circumstances that the requests were not properly served, plaintiff nevertheless raises several misconceived claims.

First, plaintiff argues that defendant has established a "course of conduct in this litigation of serving the other side by e-mail" and therefore has waived objection to service by such means. (Pltf.'s Response at 1.) But RCFC 5(b)(2)(D) clearly and unequivocally provides that service by electronic means is authorized only if "consented to in writing by the person served." A "course of *conduct*," (even if it existed) is not, as the Rule specifies, a "*writing*." Thus, plaintiff's reliance on a supposed course of conduct is quite beside the point and can't serve to validate his service by e-mail.

In addition, there was no course of conduct by defendant to effect service in this case by e-mail. Prior to plaintiff's transmission of discovery requests to defendant by e-mail, defendant properly served its own written discovery requests on plaintiff by regular mail. Likewise, defendant sent plaintiff a letter by regular mail on November 9, 2006, identifying its expert witness in this case as Jay Stiles, an FAA official in the Dallas, TX Flight Standards District Office. That this letter was preceded, as plaintiff states, by a telephone conference and an advisory e-mail (which plaintiff attaches as exhibit A to its response to defendant's motion to set date for responding to plaintiff's written discovery requests) does not constitute either an instance or a course of conduct of service by e-mail.

Similarly, plaintiff's reference (Response at 2, and Ex. B) to a December 19, 2006 e-mail from defendant's counsel was simply inter-party communication to advise plaintiff of matters pending with defendant's expert. The e-mail was not the purported service of any document

contemplated by RCFC 5. Moreover, that e-mail was sent 11 days *after* plaintiff used e-mail to transmit its discovery requests. It is no evidence of a pre-December 8th "course of conduct" to effect service by e-mail.

Plaintiff did not comply with RCFC 5 in transmitting its discovery requests by e-mail, and therefore did not serve them. RCFC 33(b)(3), 34(b), and 36(a) all provide that the time for a party to "serve" responses to interrogatories, requests for production, and requests for admission is 30 days from the date of "service" of such requests. Plaintiff therefore has failed to establish a due date for defendant's responses. Moreover, even if plaintiff's e-mail transmission on December 8th had constituted service in accordance with RCFC 5(b)(2)(D), defendant's responses would not have been due on January 8th, as plaintiff claims (Pltf.'s Motion at 2-3.) RCFC 6(e) provides that whenever service is accomplished by RCFC 5(b)(2)(D), three days are added to the time prescribed within which the other party must act. Thus, even if there had been service, defendant's responses would not have been due until 30 plus three days after December 8th, *i.e.* on January 10th.[1] Defendant filed its motion to set date for responding to plaintiff's written discovery requests on January 10, 2007, before time for its responses could expire even if e-mail transmission were proper service. There simply is no basis to deem admitted the matters in plaintiff's requests for admission. Likewise, there is no basis to consider defendant to have waived any objections it might make to any of plaintiff's discovery requests.

[1] Plaintiff's due date of January 8th is wrong under any circumstances. It is neither 30 days, nor 33 days, after December 8, 2006.

2. Plaintiff's motion to strike defendant's expert should be denied.

As referred to above, defendant advised plaintiff on November 9, 2006, that it anticipates calling Jay Stiles, an FAA Aviation Safety Specialist in its Dallas, TX Flight Standards District Office, to present expert testimony at trial. Defendant anticipated that Mr. Stiles would complete his report soon after that and that defendant would then transmit it to plaintiff. While Mr. Stiles often advises the FAA on safety-related matters, he has not previously served as an expert witness in a federal court pursuant to federal rules of procedure. The materials he initially submitted, while reflecting his understanding of the matters on which defendant had called upon him to opine, did not constitute a report as contemplated by RCFC 26. The completion of such a report is, however, imminent, and it will be immediately produced to plaintiff.[2] Defendant will also cooperate with plaintiff to schedule Mr. Stiles' deposition, once plaintiff has reviewed his report. Defendant has kept plaintiff apprised of these matters through e-mail and telephone calls.

The Court has not issued a discovery order or other pretrial schedule of events. Since defendant has not missed a Court deadline, there is no basis to strike defendant's expert, as plaintiff demands.

3. Subsequent events have overtaken the original proposed schedule.

In the parties' Joint Preliminary Status Report, filed early in this case, they proposed a schedule of events that appeared feasible at the time. Since then, defendant served plaintiff with written discovery requests, as to which defendant is preparing a letter to plaintiff, outlining the deficiencies in plaintiff's responses. In addition, no depositions, by either party, have been

[2] Mr. Stiles' report also was delayed due to the change of defendant's counsel, the holiday season, and the many other responsibilities Mr. Stiles has in the FAA's Flight Standards Office, including frequent travel to administer flight tests and safety inspections.

taken. Defendant is also preparing a subsequent round of written discovery, informed by matters addressed by its expert, Mr. Stiles. In short, the original proposed schedule has been overtaken by a variety of subsequent events. Defendant anticipates completing discovery within the next few months, and it will cooperate with plaintiff regarding discovery he wishes to undertake. Upon the completion of discovery, the parties can consider the prospects for settlement and, if settlement is not possible, their recommendations to the Court as to the best manner and schedule to resolve the case. Entering the originally proposed scheduling order now, immediately closing all discovery and setting trial in April 2007, and without regard to superseding events since that proposal was made, would not permit the orderly preparation of evidence to be presented at trial,

would deprive defendant of the ability to fully prepare its defense, and would not be in the interests of justice. Plaintiff's motion to set such a schedule should be denied.

Respectfully submitted,

January 16, 2007

s/ Jeffrey R. Malo

JEFFREY R. MALO
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 305-7539*
*Fax: (202) 514-9440*
*Email: jeffrey.r.malo@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID D. GUSTAFSON
*Acting Chief, Court of Federal Claims Section*
STEVEN FRAHM
*Assistant Chief, Court of Federal Claims Section*

January 16, 2007

s/ Steven Frahm

Of Counsel