IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-211 T
(Judge Victor J. Wolski)

JAMES R. THOMPSON,

Plaintiff

v.

THE UNITED STATES,

Defendant

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Respectfully submitted,

WINSTEAD PC
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2199
(214) 745-5400 (Phone)
(214) 745-5390 (Fax)

Thomas R. Helfand, State Bar No. 09392500
Stuart M. Reynolds, Jr., State Bar No. 16805700

**ATTORNEYS FOR PLAINTIFF JAMES R. THOMPSON**

## TABLE OF CONTENTS


**TABLE OF CONTENTS** .... i

**TABLE OF AUTHORITIES** .... iii

**I. INTRODUCTION** .... 1

**II. ISSUE PRESENTED** .... 2

**III. STATEMENT OF FACTS** .... 2

**IV. SUMMARY OF ARGUMENT** .... 4

**V. STANDARD FOR SUMMARY JUDGMENT** .... 6

**VI. ARGUMENT** .... 7

- **A. The Applicable Tax Provisions** .... 7
  - **1. Code § 469** .... 7
  - **2. Legislative Purpose and Intent** .... 8
  - **3. The Passive Activity Loss Limitations** .... 10
- **B. Types of Entity Interests Under State Law** .... 11
  - **1. Partnership Interests Under Texas State Law** .... 11
  - **2. LLC Membership Interests Under Texas State Law** .... 12
- **C. Reconciling the Legislative History and the Treasury Regulations** .... 14
  - **1. The Committee Report** .... 14
  - **2. Treasury Regulations** .... 14
  - **3. The Reconciliation** .... 15
- **D. Judicial and Legislative Analysis Compel the Conclusion that Defendant's Interpretation of Code § 469 and the Temporary Regulations is Wrong** .... 17
  - **1. The *Gregg* Case** .... 17
  - **2. The Joint Committee on Taxation 2001 Report** .... 18

**VII. CONCLUSION AND PRAYER** .... 20

**APPENDIX** ....

**<u>VOLUME I</u>**

| | |
|---|---|
| Affidavit of James R. Thompson | 1-3 |
| IRS Agent's Report of Transmittal (AR 487-488) | 4-5 |
| IRS Examination Case Processing Form (AR 507-508) | 6-7 |

Articles of Organization, Certificate of Organization and Regulations of Mountain Air Charter LLC (MAC 1838-1864) 8-34

Articles of Incorporation, Certificate of Incorporation, Bylaws and Resolutions of JRT Holdings, Inc. (MAC 2561-2565) 35-39

**VOLUME II**

Articles of Incorporation, Certificate of Incorporation, Bylaws and Resolutions of JRT Holdings, Inc. (MAC 2566-2587) 40-61

**VOLUME III**

Articles of Incorporation, Certificate of Incorporation, Bylaws and Resolutions of JRT Holdings, Inc. (MAC 258866-2587) 62-74

Texas Revised Limited Partnership Act (Excerpts) 75-77

Texas Limited Liability Company Act (Excerpts) 78-81

**VOLUME IV**

Senate Report on P.L. 99-514 (Tax Reform Act of 1986), reported at CCH Standard Federal Tax Rptr. (2006 ed.) at § 21,960 (Excerpts) 82-85

House Conference Report on P.L. 99-514 (Tax Reform Act of 1986) reprinted at 1986 U.S.C.C.A.N. 4075 (Excerpts) 86-87

*Gregg v. U.S.*, 186 F. Supp. 2d 1123 (D. Or. 2000) 88-99

**VOLUME V**

April 2001 Staff Report of the Joint Committee on Taxation (MAC 0964-977) (Excerpts) 100-113

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)....................6

*Fields v. City of S. Houston*,
922 F.2d 1183 (5th Cir. 1991)....................7

*Gregg v. U.S.*,
186 F. Supp. 2d 1123 (D. Or. 2000)....................5-6, 17, 18, 19

*Lynch Properties, Inc. v. Potomac Insurance*,
140 F.3d 622 (5th Cir. 1998)....................6

## FEDERAL STATUTES

Internal Revenue Code 469, 26 U.S.C. § 469....................passim

Internal Revenue Code §§ 701-755, 26 U.S.C. §§ 701-755....................7

## LEGISLATIVE HISTORY

Senate Report on P.L. 99-514 (Tax Reform Act of 1986), reported at
CCH Standard Federal Tax Rptr. (2006 ed.) at § 21,960 (Excerpts)....................4, 5, 9

House Conference Report on P.L. 99-514 (Tax Reform Act of 1986) reprinted at
1986 U.S.C.C.A.N. 4075 (Excerpts)....................14

April 2001 Staff Report of the Joint Committee on Taxation,
107th Congress, 1st Session....................6, 18-19

## TEMPORARY TREASURY REGULATIONS

Section 1.469-5T....................passim

Section 1.7701-3....................7

## STATE STATUTES

Texas Revised Limited Partnership Act, Tex. Rev. Civ. Stat. art. 6132a....................11-12

Texas Limited Liability Company Act, Tex. Rev. Civ. Stat. art. 1528n....................13

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-211 T
(Judge Victor J. Wolski)

JAMES R. THOMPSON,

Plaintiff

v.

THE UNITED STATES,

Defendant

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

By and through his undersigned attorneys, Plaintiff James R. Thompson ("Plaintiff" or "Mr. Thompson") submits this Memorandum in support of his Motion for Partial Summary Judgment against Defendant, United States ("Defendant").

## I. INTRODUCTION

Plaintiff seeks a refund of $863,123.80 in taxes and interest he paid to the Internal Revenue Service ("IRS") for the tax years ended December 31, 2002 and 2003. He was required to pay based upon the IRS' erroneous determination that the losses Plaintiff recognized from the business operations of Mountain Air Charter, LLC ("Mountain Air"), a Texas Limited Liability Company ("LLC"), were subject to the passive activity loss limitations under Code § 469.[1]

In this motion, Plaintiff requests a ruling in his favor on the pure legal issue of whether his membership interest in the LLC should be treated the same as a limited partnership interest

[1] Unless otherwise indicated, all references to the "Code" herein are to the Internal Revenue Code (Title 26 U.S.C.) of 1986, as amended and in effect for the tax years 2002 and 2003. Unless otherwise indicated, all references to "Section," "§," "Chapter" and "Treas. Reg" are references to the designated sections and chapters of the Code and to the treasury regulations promulgated by the IRS under the Code.

for purposes of applying the "material participation" standards of Code § 469(h) and the treasury regulations promulgated thereunder. If the Court grants Plaintiff's motion and determines that the membership interest in the LLC should not be treated the same as a limited partnership interest, then certain factual issues (such as facts related to the precise number of hours that Plaintiff participated in the business) will be irrelevant. Discovery will be lessened and, more importantly, the testimony and evidence to be presented at trial will be meaningfully reduced. By applying the limited partner standard and denying to Plaintiff the deductibility of the business expenses of Mountain Air, Defendant has acted contrary to applicable law, legislative history, treasury regulations and the only case in federal court which has squarely addressed the issue presented. Consequently, in the interest of judicial economy, Plaintiff requests that the Court address this pure legal issue and rule in favor of Plaintiff at its earliest convenience.

## II.
## ISSUE PRESENTED

The dispositive issue is whether Mr. Thompson, as the member who managed an LLC, should be treated as owning a limited partnership interest for purposes of applying the material participation standards under the "passive activity" loss limitations of Code § 469. Mr. Thompson submits that the answer to the question is "no."

## III.
## STATEMENT OF FACTS

Mr. Thompson formed Mountain Air in March 2002. (App. 1 ¶2)[2] The business of Mountain Air is owning and operating aircraft for on-demand air charter flights. (App. 1 ¶2) Mr. Thompson individually contributed $928,621, and caused his subchapter S corporation, JRT Holdings, Inc., incorporated in April 2003 ("JRT Holdings"), to contribute $9,380, to the capital

2 References to "App. ___" are to the Appendix to Plaintiff's Motion for Partial Summary Judgment, including the Affidavit of Mr. Thompson, submitted herewith and incorporated herein by reference.

of Mountain Air, which was all of the capital initially contributed. (App. 2 ¶3) Mr. Thompson owns a 99% ownership interest in Mountain Air and JRT Holdings owns one percent. From the date of its formation and thereafter, Mr. Thompson was the only manager of Mountain Air. (App. 2 ¶4) As the manager, Mr. Thompson had the sole right, power and authority, and did in fact exercise all such right, power and authority, to manage and control Mountain Air and bind Mountain Air with respect to all of Mountain Air's commitments and obligations. (App. 2 ¶5) Mountain Air did not elect to be taxed as a corporation so it is treated as a partnership for federal tax purposes. (App. 2 ¶5)

During 2002 and 2003, Mountain Air realized certain losses in the ordinary course of its business. (App. 2 ¶6) As a member of the LLC, Mr. Thompson claimed those losses on his 2002 and 2003 individual income tax returns. (App. 2 ¶6) On audit, the IRS disallowed the losses from the LLC on the basis of its determination that Plaintiff did not "materially participate" in the business operations of Mountain Air, within the meaning of Code § 469. (App. 4-5) The IRS based this determination on its conclusion that the owner of an LLC interest should be treated the same as the owner of a limited partner interest for purposes of § 469, regardless of the control and management responsibilities such owner may have for the company. (App. 4-5) The key to the IRS erroneous determination is its flawed belief, stated by the IRS Examiner in this case, that the temporary treasury regulations "explicitly treat interests in any entity which limits liability as limited partnership interests." (App. 4) (emphasis added) On September 9, 2005, Mr. Thompson paid to the IRS – U.S. Treasury $532,029.93 representing the payment of tax and estimated interest (as calculated by the IRS) for the tax year 2002, and $331,093.87 representing the payment of tax and estimated interest (as calculated by the IRS) for the tax year 2003. (App. 2 ¶¶7-8)

## IV.
## SUMMARY OF ARGUMENT

Code § 469 was enacted in 1986 to address perceived abuses by "passive investor" limited partners in offsetting "passive" losses against "active" or "non-passive" income. The Senate Finance Committee stated the purpose of Code § 469 as follows: "The bill provides that deductions from passive trade or business activities . . . generally may not be deducted against other income . . . Under the bill, an activity generally is a passive activity if it involves the conduct of any trade or business, and if the taxpayer does not materially participate in the activity."[3]

The Code and temporary treasury regulations do not define, describe or limit "material participation" based on the type of entity interest that a taxpayer may hold, with one exception. The only entity interest explicitly addressed by the Code and temporary treasury regulations is a limited partnership interest. Code § 469(h)(2) provides generally that "limited partners" of a "limited partnership" do not materially participate. The relevant temporary treasury regulations provide that a partnership interest shall be treated as a limited partnership interest if the liability of the holder of such interest is limited under state law.[4] The obvious logic of these provisions is that a limited partner cannot participate in the management and control of a limited partnership, or such partner would be treated as a general partner and subject to the liabilities of the partnership. The legislative history of Code § 469 shows the intent of Congress with regard to this issue.

> Moreover, since a limited partner generally is precluded from participating in the partnership's business if he is to retain his limited liability status, the committee believes it should not be necessary to examine general facts and circumstances regarding material

---

[3] Senate Finance Committee Report on P.L. 99-514 (Tax Reform Act of 1986), reported at CCH Standard Federal Tax Rptr. (2006 ed.) at ¶ 21,960, at 40,357-358 (App. 82-83) (emphasis added).

[4] Treas. Regs. § 1.469-5T(e)(3)(i).

> participation in this context. Therefore, under the bill, a limited partnership interest is treated as intrinsically passive (except as provided in regulations).[5]

Mountain Air is an LLC, not a limited partnership. (App. 8, 75-81) An LLC is a state created hybrid entity which is not explicitly treated by either the Code or the temporary treasury regulations. An LLC is taxed as a partnership for federal tax purposes, but under state law, the members of an LLC may participate in management and exercise control of the LLC without being subject to the liabilities of the entity. An LLC is not a "limited partnership" under state law or federal tax law. Code § 469 specifically refers to "limited partnerships", not LLCs. As the sole managing member, Mr. Thompson managed and controlled Mountain Air. (App. 2 ¶5) The application of the "limited partner" standards to Mr. Thompson's LLC interest would be contrary to the Code, the treasury regulations and the legislative history of Code § 469.

Assuming arguendo that Mountain Air is considered a limited partnership, the temporary treasury regulations provide that "a partnership interest . . . shall <u>not</u> be treated as a limited partnership interest . . . <u>if the individual is a general partner</u> in the partnership . . . "[6] Under the temporary treasury regulations, an individual such as Mr. Thompson, who is managing the entity, must be treated as a general partner for purposes of Code § 469 even though he enjoys limited liability in the entity.

Only one court has directly addressed the issue presented in this case. *Gregg v. U.S.*, 186 F. Supp. 2d 1123 (D. Or. 2000) ("*Gregg*") (holding that an LLC managing member is not a limited partner). (App. 88) The court in *Gregg* refused to take the approach advocated by the IRS in its audit of Mr. Thompson. In support of its holding in favor of the taxpayer, the court in *Gregg* found that:

---

[5] Senate Finance Committee Report on P.L. 99-514 (Tax Reform Act of 1986), reported at CCH Standard Federal Tax Rptr. (2006 ed.) at ¶ 21,960, at 40,358 (App. 83) (emphasis added).

[6] Treas. Regs. § 1.469-5T(e)(3)(ii).

> "[T]he limited partnership test is not applicable to all LLC members, because LLCs are designed to permit active involvement by LLC members in the management of the business."

*Gregg*, 186 F. Supp. 2d at 1128. (App. 93)

After *Gregg*, the staff report of the Congressional Joint Committee on Taxation in April 2001 stated that the approach in *Gregg* is consistent with the original legislative purpose of Code § 469. (App. 100) The Joint Committee staff further stated that an LLC owner whose participation in the management and activities of the business is not restricted should be "treated like a general partner under the material or active participation tests, with the result that his or her participation is assessed under regulations applicable to everyone who is not a limited partner." (App. 111)

The IRS erroneously and improperly applied the "limited partner" standards in determining whether Mr. Thompson materially participated in the activity of Mountain Air for purposes of Code § 469. (App. 4-5)

## V.
## STANDARD FOR SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide for summary judgment where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Summary judgment ". . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." RCFC Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322-25). Once the movant carries his initial

burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F. 2d 1183, 1187 (5th Cir. 1991).

## VI.
## ARGUMENT

### A. The Applicable Tax Provisions

LLCs are taxed in the same manner as partnerships unless the LLC elects to be taxed as a corporation.[7] LLCs do not pay federal income taxes, but must file an annual information tax return.[8] For federal income tax purposes, an LLC is a "pass-through" entity, passing on items of income, gain, loss, deduction and credit to its members who report the items on their own individual income tax returns. Each member is liable for tax on his or her allocable portion of the LLC's income items. Mountain Air did not elect to be taxed as a corporation so it is treated as a partnership for federal tax purposes. (App. 2 ¶4; App. 25, Section 7.6)

Individuals, trusts, estates, closely-held corporation, and personal service corporations are subject to the passive activity loss rules of Code § 469. These limitations prohibit taxpayers from utilizing net losses from passive activities to offset other taxable income. In the case of partnerships and LLC's, the passive activity loss rules are applied at the owner (partner or LLC member) level rather than at the entity level.

#### 1. Code § 469

Code §§ 469(c)(1), (h) and (l)(1) and (3) are applicable to this case. In their entirety, these sections provide as follows:

> (c) Passive activity defined
> For purposes of this section –
> (1) In general
> The term "passive activity" means any activity –

[7] Treas. Regs. § 1.7701-3.

[8] Code §§ 701-755; Treasury Form 1065.

(A) which involves the conduct of any trade or business, and

(B) in which the taxpayer does not materially participate.

* * *

(h) Material participation defined

For purposes of this section –

(1) In general

A taxpayer shall be treated as materially participating in an activity only if the taxpayer is involved in the operations of the activity on a basis which is –

(A) regular,

(B) continuous, and

(C) substantial.

(2) Interests in limited partnerships

Except as provided in regulations, no interest in a limited partnership as a limited partner shall be treated as an interest with respect to which a taxpayer materially participated.

* * *

(l) Regulations

The Secretary shall prescribe such regulations as may be necessary or appropriate to carry out provisions of this section, including regulations –

(1) which specify what constitutes an activity, material participation, or active participation for purposes of this section.

(3) requiring net income or gain from a limited partnership or other passive activity to be treated as not from a passive activity.

As will be discussed in more detail below, and as will be shown to be important to this Court's analysis of the issue presented, Code § 469 explicitly treats only the "interest in a limited partnership." Contrary to Defendant's position, it does not "explicitly treat interests in any entity which limits liability." (App. 4)

**2. Legislative Purpose and Intent**

The legislative history of Code § 469 shows that the intent of Congress was to limit the deduction by investors who are not involved in management of "passive" losses against other

types of income, including non-passive (earned) income. According to the Senate Finance Committee:

> Under the bill, an activity generally is a passive activity if it involves the conduct of any trade or business, and if the taxpayer does not materially participate in the activity. A taxpayer who is an individual materially participates in an activity only if he is involved in the operations of the activity on a regular, continuous and substantial basis. Regardless of whether an individual directly owns an interest in a trade or business activity (e.g. as a proprietorship), or owns an interest in an activity conducted at the entity level by a pass through entity such as a general partnership or S corporation, he must be involved in the operations of the activity on a regular, continuous, and substantial basis, in order to be materially participating.
>
> In the case of a limited partnership interest, special considerations apply. The form of entity most commonly chosen to maximize tax benefits in a tax shelter investment has been the limited partnership. Moreover, since a limited partner generally is precluded from participating in the partnership's business if he is to retain his limited liability status, the committee believes it should not be necessary to examine general facts and circumstances regarding material participation in this context. Therefore, under the bill, a limited partnership interest is treated as intrinsically passive (except as provided in regulations).[9]

The legislative history could not be more clear – the focus and test under the statute is whether Mr. Thompson is "involved in the operations of the activity (Mountain Air) on a regular, continuous and substantial basis." Whether a taxpayer has limited liability pursuant to the form of entity utilized is not relevant. Consequently, in an analogous situation, as indicated in the legislative history above, a shareholder of an S corporation is not subject to the limitations under Code Section 469 if he or she materially participates, notwithstanding that the shareholder has limited liability through the corporate vehicle. As the Committee report quoted above demonstrates, the only reason interests in limited partnerships are explicitly addressed is because of the preclusion from participating in management, if the "limited partner" is to retain limited liability status, as opposed to being active in management and, therefore, to be a "general partner" without limited liability status. Thus, Defendant's position that Mr. Thompson should

---

9 Senate Finance Committee Report on P.L. 99-514 (Tax Reform Act of 1986), reported at CCH Standard Federal Tax Rptr. (2000 ed.) at ¶ 21,960. (App. 82-83) (Emphasis added).

be treated as holding an interest in a limited partnership because he has limited liability ignores and directly contradicts the intent and purpose of Congress and the statute in setting forth the material participation standard.

### 3. The Passive Activity Loss Limitations

Generally, the term "passive activity" means any activity in which the taxpayer does not "materially participate.[10] Material participation is defined as active involvement in the operations of the business on a "regular, continuous and substantial basis."[11] The determination of whether the taxpayer materially participates is made on the basis of the facts and circumstances in each situation.

Code § 469(h)(2) contains a special rule for "limited partners" in "limited partnerships." Except as provided in treasury regulations, no limited partner interest is treated as an interest with respect to which a taxpayer "materially participates". Thus, except as provided in the treasury regulations, a limited partner is treated as not materially participating in activities conducted by the limited partnership in which he holds such an interest.[12]

The temporary treasury regulations set forth seven tests of material participation, based upon the activities of the individual taxpayer.[13] However, only three of the seven tests are available to "limited partners." The temporary treasury regulations speak exclusively in terms of limited partnerships and there is no mention of the application of rules to limited liability companies or their members.

---

[10] Code § 469(c).

[11] Code § 469(h)(1).

[12] Code § 469(h)(2).

[13] Treas. Regs. § 1.469-5T(a).

Mountain Air is an LLC and is not a limited partnership. (App. 8; App. 75-81) Nevertheless, Defendant treats Plaintiff as a limited partner for tax purposes and denies him the availability of certain tests of "material participation" under the temporary treasury regulations. Because of the alleged unavailability of those tests, Defendant then takes the position that Plaintiff did not satisfy the material participation standards of Code § 469 applicable to "limited partners." For the reasons stated herein, Defendant is wrong.

The discussion in the temporary treasury regulations pertains to limited and general partners in a limited partnership, and does not address other types of entities or their owners. Accordingly, the determination of whether Plaintiff, as the member-manager of the LLC, is properly treated for federal income tax purposes as analogous to a limited partner or a general partner, is critical. For tax purposes, where LLCs are taxed as partnerships, Plaintiff is properly treated as a general partner and Mountain Air is properly treated as a general partnership.

**B. Types of Entity Interests Under State Law**

**1. Partnership Interests Under Texas State Law**

Defendant contends that the LLC is taxed as a partnership, that an LLC member has limited liability, and that ends the inquiry. In so doing, Defendant ignores the fact that state law distinguishes limited partner status from general partner status based upon "control" of the business enterprise, rather than upon limitations upon liability.

In Texas, "Liability to Third Parties" provides, in pertinent part:

> "(1) Except as provided by Subsection (d) of this section, a limited partner is not liable for the obligations of a limited partnership unless the limited partner is also a general partner or *in addition to the exercise of the limited partner's rights and powers as a limited partner, the limited partner participates in the control of the business . . . .*"[14]

---

[14] Texas Revised Limited Partnership Act, Tex. Rev. Civ. Stat. art. 6132a-1, § 3.03(a) ("TRLPA"). (App. 75) (Emphasis added).

In Texas, a general partnership interest is defined by exclusion, by reference to the definition of limited partner. The section entitled "General Powers & Liabilities" provides, in pertinent part:

> "(a) Except as provided by this Act or a partnership agreement, a general partner of a limited partnership has the rights and powers and is subject to the restrictions of a partner in a partnership without limited partners."[15]

General partnership status is conferred upon a partner who is not subject to the restrictions upon participation in the control of the business which are imposed upon a limited partner. In the case of Mountain Air, Mr. Thompson is not subject to such restrictions under Texas law or under the Articles of Organization or Regulations governing the LLC and its members.[16]

Accordingly, under applicable Texas law, the attribute of limited liability for a limited partner is a consequence of the fact that the limited partner may not participate in the control of the business. That consequence of limited liability may be lost if the partner does participate in the control of the business. For state law purposes, then, the causative and controlling factor which distinguishes between limited partner and general partner status is the conduct of the partner with respect to the business operations of the entity. "Limited liability" (or the lack thereof) is merely a consequence of that factor; limited liability is not the controlling factor that distinguishes between limited partner and general partner status.

**2. LLC Membership Interests Under Texas State Law**

Fifty states and the District of Columbia have adopted limited liability company statutes. LLCs are hybrid entities which, under state law, are neither partnerships nor corporations. A limited liability company offers the owners of a business the protection from personal liability

---

15 TRLPA § 4.03. (App. 77)

16 App. 25, Article 8; App. 78-81

for the debts of the business.[17] Under Texas law, management may be reserved to the members or exercised by a manager employed by the LLC.[18] Under the Articles of Organization of Mountain Air, Mr. Thompson was appointed as Manager and has remained the sole Manager.

Under applicable Texas law, the manager of an LLC has authority to contract on behalf of and bind the company, and the extent of that authority is defined in the statute.[19] LLCs are analogous to general partnerships, in which each partner can act on behalf of, and bind, the partnership. The act of a member who is a manager "for the purpose of apparently carrying on in the usual way the business of the limited liability company binds the limited liability company" unless the member had no authority to act for the limited liability company in the particular matter and the person with whom the member was dealing knew or had notice that the member lacked authority.[20] This apparent authority derived from the statute under which the LLC is formed provides the basis for testing whether a member should be treated as analogous to a general partner.

Every general partner in a limited partnership has authority to bind that is derived from the statute. By treating members of LLC's with comparable authority as general partners for federal income tax purposes, they are treated consistently, whether they choose to operate as a state law partnership or as an LLC. The determinative factor is "control." This is the major distinction Congress set forth in the legislative history quoted above. By ignoring this fundamental distinction, Defendant's analysis is patently flawed.

---

17 Texas Limited Liability Company Act art. 403 (Tex. Rev. Civ. Stat. art. 1528n) (1991) ("Texas LLC Act") (App. 78-81).

18 Tex. LLC Act art. 2.12 (App. 78).

19 Tex. LLC Act art. 2.21(C)(3) (App. 80).

20 Tex. LLC Act art. 2.21(D) (App. 80).

During all periods at issue in this case, Mr. Thompson possessed and exercised actual authority to bind the LLC. Accordingly, for tax purposes under Code § 469, Mountain Air is properly treated as a general partnership and Mr. Thompson is properly treated as a general partner.

### C. Reconciling the Legislative History and the Treasury Regulations

#### 1. The Committee Report

In its Conference Report, Congress reiterated that limitation on management was the impetus behind the rule:

> "The Conferees do not, however, intend to change the rule that a limited partnership interest in an activity is ... treated as an interest in a passive activity. Because a limited partner generally is precluded from materially participating in the partnership's activities, losses and credits attributable to the limited partnership's activities are generally treated as from passive activities . . . ."[21]

Thus, Plaintiff, as the sole managing member of the LLC throughout the tax period in question, is not precluded from materially participating in the LLC's activities and therefore is not properly treated as a limited partner for purposes of the material participation rules of Treasury Regulations § 1.469-5T.

#### 2. Treasury Regulations

The IRS Examiner erroneously asserts that Treas. Reg. § 1.469-5T(e) "explicitly treats interest in any entity which limits liability as limited partnership interests." (App. 4) The temporary treasury regulations which are applicable to this case provide as follows:

> (1) General rule. Except as otherwise provided in this paragraph (e), an individual shall not be treated as materially participating in any activity of a limited partnership for purposes of applying section 469 and the regulations thereunder . . .

[21] H.R. Conf. Rep. 99-841, at 4233 (1986), reprinted in 1986 U.S.C.C.A. N 4075. (App. 87) (emphasis added).

> (3) Limited partnership interest. (i) In general. – Except as provided in paragraph (e)(3)(ii) of this section, for purposes of section 469(h)(2) and this paragraph (e), a partnership interest shall be treated as a limited partnership interest if –
>
> (A) Such interest is designated a limited partnership interest in the limited partnership agreement or the certificate of limited partnership, without regard to whether the liability of the holder of such interest for obligations of the partnership is limited under the applicable State law; or
>
> (B) The liability of the holder of such interest for obligations of the partnership is limited, under the law of the State in which the partnership is organized, to a determinable fixed amount (for example, the sum of the holder's capital contributions to the partnership and contractual obligations to make additional capital contributions to the partnership).
>
> (ii) Limited partner holding general partner interest. – A partnership interest of an individual shall not be treated as a limited partnership interest for the individual's taxable year if the individual is a general partner in the partnership at all times during the partnership's taxable year ending with or within the individual's taxable year (or portion of the partnership's taxable year during which the individual (directly or indirectly) owns such limited partnership interest).[22]

Mr. Thompson's interest in the LLC is not designated as a limited partnership interest in Mountain Air's organizational documents and therefore, clause (3)(i)(A) above clearly does not apply. Defendant has erroneously relied on the limited liability provision of clause (3)(i)(B) in its determination that Mr. Thompson's managing member interest in the LLC should be treated as a limited partnership interest.

**3. The Reconciliation**

Treasury Regulation 1.469-5T(e) is entitled "Treatment of limited partners." Subsection (1) explicitly only applies to "limited partnerships." Subsection (3) is entitled "Limited partnership interest." Subsection (3)(i) defines such an interest solely in terms of whether there is a limitation of liability imposed (A) by the terms of the partnership agreement or (B) by the law of the State in which the partnership is organized. Subsection (3)(ii) is entitled

[22] Treas. Reg. § 1.469-5T(e)(3) (emphasis added).

"Limited partner holding general partner interest." It is important to note that there is no definition of "general partner" anywhere in the regulations. Therefore, if Code § 469(h)(2) were read (contrary to its literal language) to apply to entities that are not actually organized as limited partnerships, as Defendant contends, then a proper application must necessarily consider the members of such an entity under both Treasury Regulation 1.469-5T(e)(3)(i) and (e)(3)(ii).

The sole purpose of Treasury Regulation 1.469-5T(e)(3)(ii) is to cause a partnership interest that is otherwise treated as a limited partnership interest under Treasury Regulation 1.469-5T(e)(3)(i) NOT to be treated as a limited partnership interest. Treasury Regulation 1.469-5T(e)(3)(ii) ensures that the interest of a person, whose participation in the management and activities of a limited partnership is not restricted, will not be treated as limited partnership interest. Accordingly, the interest of an LLC managing member who has limited liability under State law but manages the business would certainly not be considered a limited partnership interest.

There can be no dispute, therefore, that Treasury Regulation 1.469-5T(e)(3)(ii) describes "general partner" solely with reference to management involvement. Any definition with reference to unlimited liability would render the provision moot and unnecessary. If an interest in an LLC were treated as a limited partnership interest under Treasury Regulation 1.469-5T(e)(3)(i)(B) because it had limited liability, it could not also be excepted from the definition of a limited partnership interest by virtue of Treasury Regulation 1.469-5T(e)(3)(ii) if that provision were read only to be applicable to unlimited liability. Subsection (e)(3)(ii) therefore only has meaning if it is read to refer to participation in the activities of the entity. Under this reading, the LLC member manager must not be considered a limited partner.

**D. Judicial and Legislative Analysis Compel the Conclusion that Defendant's Interpretation of Code § 469 and the Temporary Regulations is Wrong**

**1. The *Gregg* Case**

The *Gregg* case is directly on point with the instant case. (App. 88) As was Mr. Gregg, Mr. Thompson is the managing member of an LLC. As did the Defendant in *Gregg*, Defendant here relied on a tortured reading of the treasury regulations to deny the deduction of business losses to the taxpayer.

The Court in *Gregg* was helpful in clarifying the existing authorities when it stated that LLC members retain their limited liability regardless of their level of participation in the management of the LLC. But a limited partner in a limited partnership cannot, by definition, participate in the management. The court stated:

> "Furthermore, the legislative history clearly shows that Congress enacted the limited partnership test for the purpose of the passive activity loss rules to thwart the deduction by investors, such as limited partners in a limited partnership, of "passive" losses from "tax shelter" investments against other non-passive income, since "a limited partner generally is precluded from participating in the partnership's business if he is to retain his limited liability status[.]" Senate Finance Committee Report on P.L. 99-514 (Tax Reform Act of 1986), reprinted in CCH Standard Federal Tax Rptr. (2000 ed.) at paragraph 21,960. <u>The limited partnership test is not applicable to all LLC members, because LLCs are designed to permit active involvement by LLC members in the management of the business</u>. See Barbara C. Spudis, LLCS: Recent Developments and the Developing Uses of Hybrid LLCs, 373 PLI/ Tax 1003, 1034 (1995); Hughlene A. Burton, Taxing LLC Members as General or Limited Partners, J. Limited Liability Companies, Spring 1996, at 168, 170. Further, <u>LLC members may materially participate in the LLC without losing their limited liability protection</u>. See, e.g., J. Larry Lee, The Future of Limited Liability Companies for Business and Estate Planning Purposes in Mississippi, 18 Miss. C.L. Rev. 91, 101 (1997); Keen L. Ellsworth, Utah Limited Liability Companies: The "Ugly Ducklings", 1992 B.Y.U. L. Rev. 1091, 1103 n.47 (1992). <u>In the absence of any regulation asserting that an LLC member should be treated as a limited partner of a limited partnership, defendant's conclusion is inappropriate</u>."

186 F. Supp. 2d at 1128-29 (App. 93-94) (emphasis added).

The court in *Gregg* then held as follows:

> "Therefore, the higher standard of material participation test for limited partners should not be applied to plaintiff. Plaintiff materially participated in the activity of Cadaja 'if and only if' he satisfies one of the seven tests set forth in Temporary Treasury Regulation § 1.469-5T(a)(1)-(7)."

*Id.* at 1129 (App. 94) (emphasis added).

The IRS examiner of Mr. Thompson's tax returns, faced with the holding and rationale of *Gregg*, was reduced simply to characterizing *Gregg* as:

> "a district court case out of Oregon" which the IRS does not follow because the "decision was contrary to Reg. 1.469-5T(e) [which] explicitly treats interests in any entity which limits liability as limited partnership interests."

(App. 4) (emphasis added).

Devoid of a rational basis not to follow *Gregg*, Defendant in this case mischaracterized the temporary treasury regulations. Contrary to the quoted statement above, the regulations do not "explicitly treat interests in any entity . . ." They refer only to "partnership" entities. Just as Defendant was wrong in *Gregg*, it is wrong here. Defendant chose not to appeal *Gregg*, "a district court case out of Oregon," but simply not to follow it.

**2. The Joint Committee on Taxation 2001 Report**

In April 2001, the Joint Committee on Taxation of the 107th Congress, 1st Session, issued a "Study of the Overall State of the Federal Tax System and Recommendations for Simplification, Pursuant to Section 8022(3)(B) of the Internal Revenue Code of 1986." ("Joint Report"). A true and correct copy of the Joint Report recommendations pertaining to the issues in this case is included in the Appendix and is incorporated herein by reference. (App. 100-113).

Under a Section of the Joint Report called "Modernize References to 'limited partner' and 'general partner,'" it notes that there are a number of provisions of the tax law that refer to "general partners" and "limited partners." These provisions generally predate the widespread use of LLCs as a form of doing business. As noted by the Joint Tax Committee, the distinction

is difficult to interpret when applied to owners of an LLC, who, though treated as partners for federal tax purposes, are not subject to State-law rules relating to partners and partnerships, and are neither general partners nor limited partners under state law. Joint Report pp. 277-279. (App. 103-105)

Quoting the Senate Finance Committee on the 1986 Tax Reform Act, the Joint Report stated that Section 469(h)(2) applies to deductions by limited partners in a limited partnership since "a limited partner generally is precluded from participating in the partnership's business if he is to retain his limited liability status". See, fn. 10 above. The Report concludes that the "basic purpose" of section 469(h)(2) relates "to the taxpayer's level of personal involvement in the activity of the entity" and that it is "consistent with this purpose to substitute for the references to interests as a limited partner in a limited partnership a reference to a person whose participation in the management of business activity of the entity is limited under applicable State law." Joint Report p. 285 (App. 111) (emphasis added). This certainly excludes LLC managing members such as Mr. Thompson. Further, a limited liability company owner whose participation in the management and activities of the entity is not restricted "is treated like a general partner under the material or active participation tests, with the result that his or her participation is assessed under regulations applicable to everyone who is not a limited partner." Joint Report p. 285 and n. 493 (App. 111) [citing and relying on *Gregg*] (emphasis added).

Both the court in *Gregg* and the Joint Committee on Taxation reached the only rational conclusion that fits all of the pieces into the framework of the law. Defendant forces a square peg into a round hole. This Court should instruct Defendant that it must conform its interpretation and application of the regulations to the statute that empowers it to issue regulations at all, and to the legislative intent clearly expressed with regard to the statute.

## VII.
## CONCLUSION AND PRAYER

Plaintiff was the sole managing member in the business affairs of Mountain Air, a Texas limited liability company. He is the only one who, under State law, was entitled to and did exert control over those business affairs and was in a position analogous to that of a general partner in a limited partnership. Accordingly, Plaintiff should not be treated as owning an interest in a limited partnership as a limited partner for purposes of applying the material participation standards and all seven tests of material participation under the temporary treasury regulations should be available to him.

For the foregoing reasons, Plaintiff respectfully asks that the Court grant this Motion for Partial Summary Judgment and grant Plaintiff such other and further relief to which he may be entitled.

Respectfully submitted,

WINSTEAD PC
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2199
(214) 745-5400 (Phone)
(214) 745-5390 (Fax)

By: /s/ Stuart M. Reynolds, Jr.
Thomas R. Helfand, State Bar No. 09392500
Stuart M. Reynolds, Jr., State Bar No. 16805700

**ATTORNEYS FOR PLAINTIFF JAMES R. THOMPSON**

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this 13th day of April, 2007, a true and correct copy of the foregoing was forwarded via first class mail to the following:

Jeffrey R. Malo
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044

/s/ Stuart M. Reynolds, Jr.
One of Counsel

Dallas_1\4812401\3
44222-1 4/13/2007