IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-211T
(Judge Victor J. Wolski)

JAMES R. THOMPSON,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**APPENDIX TO PLAINTIFF'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

**VOLUME III**



| Description | Page(s) |
| --- | --- |
| Articles of Incorporation, Certificate of Incorporation, Bylaws and Resolutions of JRT Holdings, Inc. (MAC 258866-2587) | 62-74 |
| Texas Revised Limited Partnership Act (Excerpts) | 75-77 |
| Texas Limited Liability Company Act (Excerpts) | 78-81 |

**MINUTES OF THE ORGANIZATIONAL MEETING OF THE BOARD OF DIRECTORS OF**

# JRT HOLDINGS, INC.

## CONTENTS OF ORGANIZATIONAL MINUTES


| Article | | Page |
|---|---|---|
| 1 | Authority to Act | 2 |
| 2 | Identification of Meeting | 2 |
| 3 | Chairman and Secretary | 2 |
| 4 | Record Book | 2 |
| 5 | Articles of Incorporation | 2 |
| 6 | Bylaws | 3 |
| 7 | Seal | 3 |
| 8 | Share Certificates and Records | 3 |
| 9 | Officers | 3 |
| 10 | Express Authority of Officers | 3 |
| 11 | Compensation of Officers and Directors | 4 |
| 12 | Bank Account | 4 |
| 13 | Banking Resolution | 5 |
| 14 | Issuance of Shares | 5 |
| 15 | Waiver and Consent | 6 |
| 16 | Adjournment | 6 |

Approval of Minutes . . . 7
Contents of Appendices to Organizational Minutes . . . 7
Appendices
A. Specimen Share Certificate
B. Banking Resolution

## ARTICLE ONE—AUTHORITY TO ACT

BE IT REMEMBERED THAT the organizational meeting of the initial Board of Directors of JRT HOLDINGS, INC., a Texas Corporation, was held in Dallas, Texas, on the 15th day of April, 2002, at noon.

The meeting was called by a majority of the Directors named in the Articles of Incorporation, which were filed in the office of the Secretary of State of the State of Texas on April 15, 2002. Present at the meeting were all of the Directors named in the Articles of Incorporation. At this meeting, the following business was conducted, and on motions duly made, seconded, and carried, the following resolutions were adopted:

## ARTICLE TWO—IDENTIFICATION OF MEETING

RESOLVED, that this meeting is the organizational meeting of the Board of Directors of JRT HOLDINGS, INC.

## ARTICLE THREE—CHAIRMAN AND SECRETARY

RESOLVED, that James R. Thompson shall be, and hereby is, elected Chairman of the meeting and that James R. Thompson shall be, and hereby is, elected Secretary of the meeting.

## ARTICLE FOUR—RECORD BOOK

RESOLVED, that this Corporation shall maintain a Corporate Record Book containing the minutes of this meeting and all subsequent meetings of the Board of Directors of this Corporation, the minutes of all meetings of the Shareholders of this Corporation, and such other documents as the Corporation, the Board of Directors, or the Shareholders thereof shall from time to time direct.

## ARTICLE FIVE—ARTICLES OF INCORPORATION

RESOLVED, that a file-marked copy of the Articles of Incorporation of the Corporation and the original Certificate of Incorporation from the Secretary of State of Texas shall be inserted in the Corporate Record Book.

## ARTICLE SIX—BYLAWS

RESOLVED, that the Bylaws presented to and considered at this meeting are adopted as the Bylaws of this Corporation, and the Secretary of the Corporation is ordered to certify a copy of such Bylaws, insert them in the Corporate Record Book, maintain them in the Corporation's principal business office, and keep them open for inspection by the Shareholders at all reasonable times during office hours.

## ARTICLE SEVEN—SEAL

RESOLVED, that the form of seal presented to this meeting be, and hereby is, adopted as the Corporation's official seal, and that an impression thereof be embossed on the margin of these minutes to the right of this resolution, the Seventh Article of these Minutes.

## ARTICLE EIGHT—SHARE CERTIFICATES AND RECORDS

RESOLVED, that this Corporation hereby adopt that certain form of share certificate presented to this meeting as the form that will be used to evidence ownership of shares of the Corporation, and the Secretary is directed to attach a specimen copy of such certificate to the minutes of this meeting.

## ARTICLE NINE—OFFICERS

RESOLVED, that the following persons are hereby elected as officers of this Corporation:

PRESIDENT: James R. Thompson
VICE PRESIDENT:
SECRETARY: James R. Thompson
TREASURER:

## ARTICLE TEN—EXPRESS AUTHORITY OF OFFICERS

RESOLVED, that the President of the Corporation be, and hereby is, authorized to purchase, sell, and convey any and all real and personal property of every kind and

nature as may be determined by said officer to be in the best interest of the Corporation for such price and on such terms, including part cash and part credit, all cash, or all credit, as said officer may deem proper and in the best interest of said Corporation.

RESOLVED FURTHER, that the President be, and hereby is, authorized and empowered to enter into contracts, execute notes, deeds of trust, deeds, releases, leases, transfers, mortgages, mechanic's lien contracts, plats, easements, dedications, land use restrictions, and amendments thereto and to execute such other instruments in writing affecting the title to real estate or other property belonging to the Corporation or otherwise, as in the judgment of the said officer is deemed best for said Corporation, all of which, when so executed by said officer, shall be for and on behalf of the Corporation and shall constitute the act and deed of said Corporation, and it shall not be necessary for the Secretary to attest to any instrument so executed by the President on behalf of the Corporation.

RESOLVED FURTHER, that the President be, and hereby is, authorized and empowered to borrow money on behalf of the Corporation in such amounts and on such terms as determined by said officer to be in the best interest of the Corporation; as security therefor to make and deliver security agreements and deeds of trust creating liens on the real and personal property owned by the Corporation; and to perform these actions as determined in said officer's discretion to be in the best interest of the Corporation.

## ARTICLE ELEVEN—COMPENSATION OF OFFICERS AND DIRECTORS

RESOLVED, that the salaries or compensation of all officers and Directors of the Corporation may be set, and may be changed from time to time, by simple resolution of the Board of Directors.

## ARTICLE TWELVE—BANK ACCOUNT

RESOLVED, that the Corporation establish in its name one or more deposit accounts with a bank chosen by the President and Treasurer, on such terms and conditions as may be agreed on with said bank, and that the President and Treasurer of the Corporation be, and hereby are, authorized to establish all such accounts.

RESOLVED FURTHER, that the below-named and subscribed officers of the Corporation be, and hereby are, authorized to draw checks on the Corporation's accounts, with signatures duly certified to the bank by the Secretary of this Corporation, and the bank is hereby authorized to honor and pay any and all checks so

signed, including those drawn to the individual order of any officer or other person authorized to sign the same.

Signature
James R. Thompson, President

## ARTICLE THIRTEEN—BANKING RESOLUTION

RESOLVED, that this Corporation hereby adopts by reference all of the resolutions and provisions of that certain printed form banking resolution presented at the meeting, and it is directed that a conformed copy thereof be attached to and made a part of the minutes of this meeting.

## ARTICLE FOURTEEN—ISSUANCE OF SHARES

RESOLVED, that this Corporation issue One Thousand (1,000) shares of its common stock with no par value, to the following person(s), in the amount set forth opposite each name, for a price per share of One Dollar ($1.00).

| Shareholder | Number of Shares |
| --- | --- |
| James R. Thompson | 1,000 |

## ARTICLE FIFTEEN—WAIVER AND CONSENT

RESOLVED, that these Directors, by their signatures affixed to the minutes of this organizational meeting of the Board of Directors, and by this resolution, do hereby waive notice of the time and place of this meeting, consent to the meeting and do approve of the contents of the minutes of this organizational meeting.

## ARTICLE SIXTEEN—ADJOURNMENT

RESOLVED, that there being no further business to come before the organizational meeting of the Board of Directors, the meeting be duly adjourned.

The foregoing reflects all business conducted by the Board of Directors at the organizational meeting or through unanimous consent to action taken in lieu of the organizational meeting.

DATED: the 15 day of April, 2002

James R. Thompson
Meeting Secretary

APPROVED:

James R. Thompson
Meeting Chair

Corporate
Seal

## APPROVAL OF MINUTES

We hereby approve the foregoing minutes of the organizational meeting of the Board of Directors and acknowledge the exhibits attached hereto.

James R. Thompson, Director

## CONTENTS OF APPENDICES TO MINUTES

The following documents have been appended to these minutes:

A) SPECIMEN SHARE CERTIFICATE

B) BANKING RESOLUTION

Organized under the laws of the State of Texas



NUMBER

SHARES

# JRT Holdings, Inc.

ONE HUNDRED THOUSAND SHARES AUTHORIZED, NO PAR VALUE

A CLOSE CORPORATION (SEE NOTICE TO CERTIFICATE HOLDER ON REVERSE)

*This is to Certify that* ______ SPECIMEN ______ *is the registered holder of* ______ *Shares*

*transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.*

*In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers this* ______ *day of* ______ *A.D.* ______.

MAC 2595

______

PRESIDENT

© 1994 LAWYER'S AID SERVICE, INC.

# BANKING RESOLUTION OF JRT HOLDINGS, INC.

RESOLVED, that the following bank, at the location shown below, is designated as a depository of the Corporation, and that one or more checking or savings accounts of the Corporation be established and maintained in its name at said Bank:

Name of Bank: Wells Fargo Bank

Location: Dallas, Tx 75201

RESOLVED FURTHER, that the following officers of the Corporation shall be and hereby are authorized, on behalf of the Corporation and as its own act, to sign, alone and with no countersignature, checks, drafts, notes, bills of exchange, acceptances, or other orders for the payment of money, and to endorse any checks, notes, bills, or other instruments owned by, held by, or endorsed to the Corporation, or to do any other acts convenient or necessary to the opening, maintenance, and closing of such accounts, and the deposit or withdrawal of funds therefrom:

Authorized
Officers:

James R. Thompson, President

RESOLVED FURTHER, that said Bank is authorized to honor and pay any and all checks and drafts of this Corporation signed as provided in this resolution, whether or not payable to the person or persons signing them; and that checks, drafts, bills of exchange, and other evidences of indebtedness may be endorsed for deposit to the account or accounts of this Corporation by any of the foregoing officers or by any other employee or agent of this Corporation, and may be endorsed for deposit or collection in writing or by stamp without designation of the person making such endorsement.

RESOLVED FURTHER, that any of the above-named officers shall be authorized to enter into a rental agreement in the name of the Corporation for one or more safe-deposit boxes in the vaults of said Bank, and to have the right to access to and control of the contents of such safe-deposit boxes, including the right to remove the whole or any part of the contents thereof, and to surrender said boxes, releasing the Bank from all liability with respect thereto.

RESOLVED FURTHER, that any of the said Officers may execute an agreement or agreements with said Bank relating to the opening, maintenance, or use of a night depository, and that upon such execution, the Corporation shall be bound by the terms and conditions thereof.

RESOLVED FURTHER, that the Secretary of the Corporation, by signature hereto, is authorized and directed to certify to said Bank the due adoption and existence of this resolution and the names and specimen signatures of the officers of the Corporation presently authorized to sign as aforesaid. When any changes are made in the persons holding such offices, the Secretary shall certify the fact of such change and the name and specimen signature of each new officer.

RESOLVED FURTHER, that the certificate by the Secretary of this Corporation as to the election or appointment of the authorized officers named in this resolution, and of their successors, shall be binding on this Corporation, and the authority conferred by this resolution shall remain in force until written notice of the revocation or modification hereof shall be delivered to an officer of said Bank.

Adopted by the Board of Directors on

President

Secretary

Director

Director

Director

Director

Corporate
Seal

# JRT HOLDINGS, INC.

## UNANIMOUS CONSENT OF SOLE DIRECTOR AND SHAREHOLDER

The undersigned, being the sole shareholder and director of JRT Holdings, Inc., a Texas corporation (the "***Company***"), waives all requirements for calling, giving notice of, and holding an annual meeting of the shareholders or Board of Directors ("***Board***") and, by signing this Consent, does hereby unanimously adopt the following resolutions to the same extent and to have the same force and effect as if adopted by unanimous vote of the shareholders and directors at a duly convened annual meeting, all in accordance with Article 9.10 of the Texas Business Corporation Act ("***TBCA***"):

## I. Purchase of Membership Interests; Regulations

WHEREAS, the Company desires to make a Capital contribution of $9,380.00 to Mountain Air Charter, L.L.C., a Texas limited liability company ("***Mountain Air***"), pursuant to the Regulations of Mountain Air (the "***Regulations***"), a form of which has been submitted to and reviewed by the Board, in consideration for a one percent membership interest in Mountain Air (the "***Purchase***");

WHEREAS, the Company desires to be bound by the Regulations; and

WHEREAS, the Board has determined that the Purchase (i) is in the best interest of the Company; (ii) is necessary and convenient to the conduct, promotion and attainment of the business of the Company; and (iii) may reasonably be expected to benefit, directly or indirectly, the Company; and

NOW THEREFORE, BE IT RESOLVED, that the Regulations are hereby approved, authorized and adopted in all respects, and

RESOLVED FURTHER, that the form, terms and provisions of the Regulations, in substantially the same form submitted to the Board be, and hereby are, approved, authorized and adopted in all respects with such changes therein as the officer or officers executing the same shall, as evidence by the execution thereof, deem appropriate;

## II. General

RESOLVED, that any officer of the Company be, and each individually hereby is authorized and empowered, in the name and on behalf of the Company, to (i) take or cause to be taken any and all such further actions and to prepare, execute and deliver or cause to be prepared, executed and delivered, and where necessary or appropriate, file or cause to be filed with the appropriate governmental authorities, all such other instruments and documents, (ii) incur and pay or cause to be paid all fees and expenses and (iii) engage such persons as such officer, in his or her sole discretion, may determine to be necessary or appropriate to carry out fully the intent and purposes of the foregoing resolutions and each of the transactions contemplated thereby,

such determination to be conclusively established by the taking or causing of any such further action; and

RESOLVED FURTHER, that all actions of any kind previously taken by any of the various officers of the Company or any person or persons designated or authorized to act by an officer of the Company, which acts would have been authorized by the foregoing resolutions except that such acts were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed, approved and adopted as acts of the Company.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the undersigned hereby executes the Unanimous Consent of Sole Shareholder and Director of JRT Holdings, Inc. as of the 15th day of April, 2002.

James R. Thompson

## §3.03. LIABILITY TO THIRD PARTIES

(a) Except as provided by Subsection (d) of this section, a limited partner is not liable for the obligations of a limited partnership unless the limited partner is also a general partner or, in addition to the exercise of the limited partner's rights and powers as a limited partner, the limited partner participates in the control of the business. However, if the limited partner does participate in the control of the business, the limited partner is liable only to persons who transact business with the limited partnership reasonably believing, based on the limited partner's conduct, that the limited partner is a general partner.

(b) For the purposes of this section, a limited partner does not participate in the control of the business by virtue of the limited partner's having or acting in one or more of the following capacities or possessing or exercising one or more of the following powers:

(1) acting as a contractor for or an agent or employee of the limited partnership or of a general partner, an officer, director, or stockholder of a corporate general partner, a partner of a partnership that is a general partner of the limited partnership, a member or manager of a limited liability company that is a general partner of the limited partnership, or in a similar capacity with any other person that is a general partner;

(2) consulting with or advising a general partner on any matter, including the business of the limited partnership;

(3) acting as surety, guarantor, or endorser for the limited partnership, to guarantee or assume one or more specific obligations of the limited partnership, or to provide collateral for borrowings of the limited partnership;

(4) calling, requesting, attending, or participating in a meeting of the partners or the limited partners;

(5) winding up a limited partnership under Section 8.04 of this Act;

(6) taking any action required or permitted by law to bring, or pursue, or settle or otherwise terminate a derivative action in the right of the limited partnership;

(7) serving on a committee of the limited partnership or the limited partners; or

(8) proposing, approving, or disapproving, by vote or otherwise, one or more of the following matters:

(A) the dissolution and winding up of the limited partnership or an election to reconstitute the limited partnership or an election to continue the business of the limited partnership;

(B) the sale, exchange, lease, mortgage, assignment, pledge, or other transfer of, or granting of a security interest in, an asset or assets of the limited partnership;

(C) the incurring, renewal, refinancing, or payment or other discharge of indebtedness by the limited partnership;

(D) a change in the nature of the business of the limited partnership;

(E) the admission, removal, or retention of a general partner;

(F) the admission, removal, or retention of a limited partner;

(G) a transaction or other matter involving an actual or potential conflict of interest;

(H) an amendment to the partnership agreement or certificate of limited partnership;

(I) if the limited partnership is qualified as an investment company under the federal Investment Company Act of 1940 (15 U.S.C. Section 80a-1 et seq.), as amended, any matter required by the Investment Company Act of 1940, as amended, or the rules and regulations of the Securities and Exchange Commission thereunder, to be approved by the holders of beneficial interests in an investment company including:

(i) electing directors or trustees of the investment company;

(ii) approving or terminating investment advisory or underwriting contracts;

(iii) approving auditors; and

(iv) acting on any other matters that the Investment Company Act of 1940 (15 U.S.C. Section 80a-1 et seq.) requires to be approved by the holders of beneficial interests in the investment company;

(J) indemnification of a general partner under Article 11 of this Act;

(K) any other matter stated in the partnership agreement;

(L) exercising a right or power granted or permitted to limited partners under this Act and not specifically enumerated in this subsection; or

(M) the merger of a limited partnership.

(c) The enumeration in Subsection (b) of this section does not mean that having or acting in other capacities or possessing or exercising other powers by a limited partner constitutes participation by that limited partner in the control of the business of the limited partnership.

(d) A limited partner who knowingly permits that limited partner's name to be used in the name of the limited partnership, except under circumstances permitted by Subdivision (1) of Section 1.03 of this Act is liable to creditors who extend credit to the limited partnership without actual knowledge that the limited partner is not a general partner.

(e) This section does not create rights of limited partners. Those rights may be created only by the certificate, partnership agreement, or other sections of this Act.

History of TRCS art. 6132a-1 §3.03: Acts 1987, 70th Leg., ch. 49, §1, eff. Sept. 1, 1987. Amended by Acts 1991, 72nd Leg., ch. 901, §63, eff. Aug., 26, 1991; Acts 1997, 75th Leg., ch. 375, §96, eff. Sept. 1, 1997.

See also Bill Analysis of H.B. 278 (1991), §§63-66, p. 1126; Bill Analysis of S.B. 555 (1997), §96, p. 1171.

---

***Pinebrook Props. v. Brookhaven Lake***, 77 S.W.3d 487, 500 (Tex.App.—Texarkana 2002, pet. denied). "Alter ego is inapplicable with regard to a partnership because there is no veil that needs piercing, even when dealing with a limited partnership, because the general partner is always liable for the debts and obligations of the partnership to third parties."

***Humphreys v. Medical Towers, Ltd.***, 893 F.Supp. 672, 688 (S.D.Tex.1995), *aff'd*, 100 F.3d 952 (5th Cir. 1996). "Under Texas law, general partners of a limited partnership are personally liable to creditors for the debts of the limited partnership the same as a partner in a general partnership. The [TRLPA] further provides that a limited partner is not liable for the obligations of the limited partnership unless the limited partner is also a general partner or participates in the control of the business in addition to exercising rights as a limited partner. If the limited partner participates in the control of the business, he is liable only to persons transacting business who reasonably believe that the limited partner is the general partner based on the limited partner's conduct. The TRLPA further states, however, that a limited partner does not participate in the control of the business by having or acting in one or more of the ... capacities [listed in §3.03(b)(1)]."

## §3.04. PERSON ERRONEOUSLY BELIEVING HIMSELF A LIMITED PARTNER

(a) Except as provided by Subsection (c) of this section, a person who erroneously but in good faith believes that the person has made a contribution to and has become a limited partner in a limited partnership is not liable as a general partner or otherwise obligated by reason of making or attempting to make the contribution, receiving distributions from the partnership, or exercising the rights of a limited partner if, within a reasonable time after ascertaining the mistake, the person:

(1) causes an appropriate certificate of limited partnership or certificate of amendment to be executed and filed;

(2) files or causes to be filed with the secretary of state in accordance with Subsection (a) of Section 2.07 of this Act a written statement entitled "Filing Pursuant to Subdivision (2) of Subsection (a) of Section 3.04, Texas Revised Limited Partnership Act" containing:

(A) the name of the partnership;

(B) the name and mailing address of the person signing the written statement;

(C) a statement that the person signing the written statement acquired a limited partnership interest in the partnership;

(D) a statement that the person signing the written statement has made an effort to cause a general partner of the partnership to file an accurate certificate of limited partnership required by this Act and that the general partner has failed or refused to do so; and

(E) a statement that the written statement is being filed pursuant to this subdivision and that the person signing the written statement is claiming status as a limited partner of the partnership named in the writing; or

(3) withdraws from participation in future profits of the enterprise by executing and filing with the secretary of state a certificate declaring the person's withdrawal under this section.

(b) A written statement filed under Subdivision (2) of Subsection (a) of this section is effective for 180 days. If a certificate described by Subdivision (1) of Subsection (a) of this section has not been filed on or before the expiration of the 180-day period, the person filing the statement has no further protection from liability under Subdivision (2) of Subsection (a) and to be

TRLPA §3.04

were not entitled to have a trustee appointed to wind up the affairs of the partnership."

## §4.03. GENERAL POWERS & LIABILITIES

(a) Except as provided by this Act or a partnership agreement, a general partner of a limited partnership has the rights and powers and is subject to the restrictions of a partner in a partnership without limited partners.

(b) Except as provided by this Act, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners. Except as provided by this Act or in the partnership agreement, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to the partnership and to the other partners.

History of TRCS art. 6132a-1 §4.03: Acts 1987, 70th Leg., ch. 49, §1, eff. Sept. 1, 1987.

---

***Wallerstein v. Spirt***, 8 S.W.3d 774, 780 (Tex.App.—Austin 1999, no pet.). "[P]laintiffs have a judgment against the partnership and are looking to hold the general partner liable for that judgment debt. The fact that plaintiffs are also limited partners does not prevent them from seeking satisfaction as judgment creditors from the general partner of the partnership."

***Simon v. Bridewell***, 950 S.W.2d 439, 443 (Tex. App.—Waco 1997, no writ). "As general partners, Relators are liable for the obligations of the Irving partnership. The general partners of that partnership are likewise subject to deposition in legal actions involving the partnership." *See also **Fimberg v. F.D.I.C.***, 880 S.W.2d 83, 86 (Tex.App.—Texarkana 1994, writ denied).

***Hughes v. St. David's Support Corp.***, 944 S.W.2d 423, 425-26 (Tex.App.—Austin 1997, writ denied). "It is well established that partners are charged with a fiduciary duty. Managing partners owe their copartners the highest fiduciary duty recognized in the law. Furthermore, in a limited partnership, the general partner stands in the same fiduciary capacity to the limited partners as a trustee stands to the beneficiaries of a trust. [¶] Among the duties that a partner owes its co-partners is the duty of 'full disclosure of all matters affecting the partnership.' In a limited partnership, the general partner owes the same duty of full disclosure to the limited partners."

***Shaw v. Kennedy, Ltd.***, 879 S.W.2d 240, 247 (Tex. App.—Amarillo 1994, no writ). General partners "are jointly and severally liable with each other and with [the limited partnership] for obligations of the limited partnership. However, the allegations against [the] general partners of [the limited partnership], were derivative of the liability pursued against [the limited partnership], and no allegations of individual liability by [the general partners] were made. Thus, the take-nothing summary judgment rendered in favor of the partnership extinguished Shaw's claims against [the] general partners."

***McLendon v. McLendon***, 862 S.W.2d 662, 676 (Tex. App.—Dallas 1993, writ denied), *overruled on other grounds, **Dallas Mkt. Ctr. Dev. v. Liedeker***, 958 S.W.2d 382 (Tex.1997), and ***Texas Commerce Bank v. Grizzle***, 96 S.W.3d 240 (Tex.2002). "A managing partner has a duty to administer the partnership affairs solely for the benefit of the partnership. A managing partner may not place himself in a position where it benefits him to violate this duty. [¶] A fiduciary [managing partner] may contract with his beneficiaries [co-partners/limited partners] while both parties are competent and reasonably knowledgeable about the contract's subject matter. Public policy precludes a fiduciary from limiting his liability for (1) self-dealing; (2) bad faith; (3) intentional adverse acts; and (4) reckless indifference about the beneficiary and his best interest."

## §4.04. CONTRIBUTIONS BY & DISTRIBUTIONS TO A GENERAL PARTNER

A general partner of a limited partnership may make contributions to, be allocated profits and losses of, and receive distributions from the limited partnership as a general partner, a limited partner, or both. A person who is both a general partner and a limited partner has the rights and powers and is subject to the restrictions and liabilities, of a general partner and, except as otherwise provided by the partnership agreement or this Act, has the rights and powers, and is subject to the restrictions and liabilities, if any, of a limited partner to the extent of the general partner's participation in the partnership as a limited partner.

History of TRCS art. 6132a-1 §4.04: Acts 1987, 70th Leg., ch. 49, §1, eff. Sept. 1, 1987.

## §4.05. CLASSES & VOTING

(a) A written partnership agreement may establish classes or groups of one or more general partners

vote, approval, or consent needed to approve an action listed in Section D, G, or H, Article 2.23, of this Act, no regulation that effects an action listed in Section D, G, or H, Article 2.23, of this Act may be indirectly effected through the adoption, alteration, amendment, or repeal of regulations of a limited liability company without the affirmative vote, approval, or consent required by Section D, G, or H, Article 2.23, of this Act.

History of TRCS art. 1528n art. 2.09: Acts 1991, 72nd Leg., ch. 901, §46, eff. Aug. 26, 1991. Amended by Acts 1993, 73rd Leg., ch. 215, §1.04, eff. Sept. 1, 1993; Acts 1997, 75th Leg., ch. 375, §53, eff. Sept. 1, 1997.

See also Bill Analysis of S.B. 555 (1997), §53, p. 1168.

---

***Potter v. GMP, L.L.C.***, 141 S.W.3d 698, 700-01 (Tex. App.—San Antonio 2004, pet. dism'd). "The central issue in this appeal is whether the regulations of GMP allow the limited liability company to make a mandatory capital contribution call on all of its members. [¶] [W]hether a contract is ambiguous is a question of law for the court. ... In making this decision, the court must consider the entire agreement, and should harmonize all of the provisions in the contract so that none are rendered meaningless. If the contract is worded so that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous. Parol evidence is not admissible for the purpose of creating an ambiguity. A contract is ambiguous as a matter of law if its meaning is uncertain or susceptible to more than one reasonable interpretation. [¶] With these rules of contractual construction in mind, we turn to the language contained in the GMP regulations at issue in this appeal." Held: Because the regulations were ambiguous, the trial court properly had the jury decide the issue of mandatory capital contribution.

***Pinnacle Data Servs., Inc. v. Gillen***, 104 S.W.3d 188, 195 (Tex.App.—Texarkana 2003, no pet.). "PDS contended that, because the Regulations were signed by all parties, it constituted a contract, and under rules of contract interpretation, the Regulations control over the Articles. [S]uch a holding would be in direct contradiction with the express language of the TLLCA and the Regulations. PDS also contended it was not given a copy of the Articles until two years after the Regulations were signed, which made the Articles unenforceable. ... The terms set forth in the Regulations, Articles, and the TLLCA are not rendered inoperative because PDS failed to exercise diligence in obtaining a copy of the Articles before agreeing to their terms."

## ART. 2.10. REPEALED

Repealed by Acts 1993, 73rd Leg., ch. 215, §1.32(1), eff. Sept. 1, 1993.

## ART. 2.11. LIMITED LIABILITY COMPANY PROPERTY

A. Real or personal property owned or purchased by a limited liability company may be held and owned, and conveyance may be made, in the name of the limited liability company. Instruments and documents providing for the acquisition, mortgage, or disposition of the property of the limited liability company shall be valid and binding upon the company, if they are executed by one or more persons as provided in Article 2.21 of this Act.

History of TRCS art. 1528n art. 2.11: Acts 1991, 72nd Leg., ch. 901, §46, eff. Aug. 26, 1991. Amended by Acts 1993, 73rd Leg., ch. 215, §1.05, eff. Sept. 1, 1993.

## ART. 2.12. MANAGERS

A. Except and to the extent the articles of organization or the regulations shall reserve management of the limited liability company to the members in whole or in part, and subject to provisions in the articles of organization, the regulations, or this Act restricting or enlarging the powers, rights, and duties of any manager or group or class of managers, the powers of a limited liability company shall be exercised by or under the authority of, and the business and affairs of a limited liability company shall be managed under the direction of, the manager or managers of the limited liability company. If management of the limited liability company is fully reserved to the members, the limited liability company need not have managers. Managers need not be residents of this State or members of the limited liability company unless the regulations so require. The regulations may prescribe other qualifications for managers. If the management of the limited liability company is reserved in whole or in part to the members, Articles 2.17, 2.18, 2.19, and 2.20 of this Act apply to the members who manage the limited liability company to the same extent as those articles would otherwise apply to managers of a limited liability company.

History of TRCS art. 1528n art. 2.12: Acts 1991, 72nd Leg., ch. 901, §46, eff. Aug. 26, 1991. Amended by Acts 1993, 73rd Leg., ch. 215, §1.06, eff. Sept. 1, 1993.

## ART. 2.13. NUMBER & ELECTION OF MANAGERS

A. The managers of a limited liability company, if any, shall consist of one or more persons. The number of managers shall be fixed by, or in the manner provided in, the regulations, except as to the number constituting the initial managers, which number shall be fixed

meetings of the members, managers, or any committee may be held either within or without this State.

B. Regular meetings of the managers or committees may be held with or without notice as prescribed in the regulations. Special meetings of the managers or committees shall be held upon such notice as is prescribed in the regulations.

C. Except as otherwise provided in the articles of organization or the regulations, if the limited liability company is without managers, regular meetings of members may be held with or without notice as prescribed in the regulations and special meetings of members may be held with or without notice as prescribed in the regulations, unless any such meeting is to consider any of those matters set forth in Section D, Article 2.23, of this Act. Except as otherwise provided in the articles of organization or the regulations, for any meeting of the members at which any of the matters set forth in Section D, Article 2.23, of this Act are to be considered, written or printed notice stating the place, day, and hour of the meeting and describing the purpose or purposes of such meeting shall be delivered to the members not less than 10 or more than 60 days before the meeting, either personally or by mail.

D. Except as otherwise provided in the articles of organization or the regulations, if the limited liability company has managers, meetings of members shall be held on written or printed notice, stating the place, day, and hour of the meeting and, in the case of a special meeting, the purpose or purposes for which the meeting is called, which notice shall be delivered to the members not less than 10 or more than 60 days before the meeting, either personally or by mail.

E. If mailed, such notice to a member shall be deemed to be delivered when deposited in the United States mail addressed to the member at the member's address that appears on the records of the limited liability company, with postage prepaid.

F. Attendance of a member, manager, or committee member at a meeting shall constitute a waiver of notice of such meeting, except where that member, manager, or committee member attends a meeting for the express purpose of objecting to the transaction of any business on the ground that the meeting is not lawfully called or convened.

G. The articles of organization and regulations may contain provisions relating to giving notice of the time, place, or purpose of a meeting at which a matter is to be voted on by any members or managers, waiver of notice, action by consent without a meeting, the establishment of a record date, quorum requirements, voting in person or by proxy, or any other matter relating to the exercise of the right to vote.

History of TRCS art. 1528n art. 2.19: Acts 1991, 72nd Leg., ch. 901, §46, eff. Aug. 26, 1991. Amended by Acts 1997, 75th Leg., ch. 375, §57, eff. Sept. 1, 1997. See also Bill Analysis of S.B. 555 (1997), §57, p. 1169.

### ART. 2.20. INDEMNIFICATION

A. Subject to such standards and restrictions, if any, as are set forth in its articles of organization or in its regulations, a limited liability company shall have power to indemnify members and managers, officers, and other persons and purchase and maintain liability insurance for such persons.

B. To the extent that at law or in equity, a member, manager, officer, or other person has duties (including fiduciary duties) and liabilities relating thereto to a limited liability company or to another member or manager, such duties and liabilities may be expanded or restricted by provisions in the regulations.

History of TRCS art. 1528n art. 2.20: Acts 1991, 72nd Leg., ch. 901, §46, eff. Aug. 26, 1991. Amended by Acts 1997, 75th Leg., ch. 375, §58, eff. Sept. 1, 1997. See also Bill Analysis of S.B. 555 (1997), §58, p. 1169.

### ART. 2.21. DESIGNATION OF OFFICERS; AUTHORITY & APPARENT AUTHORITY OF OFFICERS, AGENTS, MANAGERS, & MEMBERS

A. One or more persons, who may or may not be managers or members, may be designated as officers of the limited liability company by the manager or managers, if management is vested in one or more managers, or by the member or members, if management of the limited liability company is reserved to the members.

B. All officers, agents, managers, and members of the limited liability company, as among themselves and the limited liability company, have authority and perform duties in the management of the limited liability company as may be provided in the regulations or as may be determined by resolution of the manager or managers, if management is vested in one or more managers, or of the member or members, if management is reserved to the members, in each case not inconsistent with the regulations or the articles of organization.

C. Except as otherwise provided in this Article, the following are agents of a limited liability company for the purpose of its business:

(1) any one or more officers or other agents of a limited liability company who are vested with actual or apparent authority;

(2) each manager, to the extent that management of the limited liability company is vested in that manager; and

(3) each member, to the extent that management of the limited liability company has been reserved to that member.

D. An act, including the execution in the name of the limited liability company of any instrument, for the purpose of apparently carrying on in the usual way the business of the limited liability company by any of the persons described in Section C of this Article binds the limited liability company unless:

(1) the officer, agent, manager, or member so acting otherwise lacks the authority to act for the limited liability company; and

(2) the person with whom the officer, agent, manager, or member is dealing has knowledge of the fact that the officer, agent, manager, or member does not have that authority.

History of TRCS art. 1528n art. 2.21: Acts 1991, 72nd Leg., ch. 901, §46, eff. Aug. 26, 1991. Amended by Acts 1993, 73rd Leg., ch. 215, §1.10, eff. Sept. 1, 1993.

## ART. 2.22. RECORDS TO BE KEPT; ACCESS TO INFORMATION

A. A domestic limited liability company shall keep and maintain the following records in its principal office in the United States or make them available in that office within five days after the date of receipt of a written request under Section E of this Article:

(1) a current list that states:

(a) the name and mailing address of each member;

(b) the percentage or other interest in the limited liability company owned by each member; and

(c) if one or more classes or groups are established in or under the articles of organization or regulations, the names of the members who are members of each specified class or group;

(2) copies of the federal, state, and local information or income tax returns for each of the limited liability company's six most recent tax years;

(3) a copy of the articles of organization and, if the regulations of the limited liability company are in writing, a copy of the regulations, copies of all amendments or restatements of the articles of organization or regulations, executed copies of any powers of attorney, and copies of any document that creates, in the manner provided by the articles of organization or regulations, classes or groups of members;

(4) unless contained in the articles of organization or regulations, a written statement of:

(a) the amount of the cash contribution and a description and statement of the agreed value of any other contribution made by each member, and the amount of the cash contribution and a description and statement of the agreed value of any other contribution that the member has agreed to make in the future as an additional contribution;

(b) the times at which additional contributions are to be made or events requiring additional contributions to be made;

(c) events requiring the limited liability company to be dissolved and its affairs wound up; and

(d) the date on which each member in the limited liability company became a member; and

(5) correct and complete books and records of account of the limited liability company.

B. A limited liability company shall maintain such records in written form or in another form capable of conversion into written form within a reasonable time.

C. A limited liability company shall keep in its registered office in Texas and make available to members on reasonable request the street address of its principal United States office in which the records required by this section are maintained or will be available.

D. A member or an assignee of a membership interest, on written request stating the purpose, may examine and copy, in person or by the member's or assignee's representative, at any reasonable time, for any proper purpose, and at the member's expense, records required to be kept under this section and other information regarding the business, affairs, and financial condition of the limited liability company as is just and reasonable for the person to examine and copy.

E. On the written request by any member or an assignee of a membership interest made to the person and address designated in the regulations, the limited

F. On issuance of a restated certificate of organization by the Secretary of State, the original articles of organization and all amendments to the original articles are superseded, and the restated articles of organization are the articles of organization of the limited liability company.

## PART FOUR

### Admission of Members

Art. 4.01. A. A limited liability company may have one or more members. In connection with the formation of a limited liability company, a person acquiring an interest as a member becomes a member on the latter of:

(1) the date of formation of the limited liability company; or

(2) the date stated in the records of the limited liability company as the date that the person becomes a member or, if no date is stated in those records, on the date that the person's admission is first reflected in the records of the limited liability company.

B. After the formation of a limited liability company, a person becomes a new member:

(1) in the case of a person acquiring a membership interest directly from the limited liability company, on compliance with the provisions of the regulations governing admission of new members or, if the regulations contain no relevant admission provisions, on the written consent of all members; and

(2) in the case of an assignee of a membership interest, as provided by Section A of Article 4.07 of this Act.

C. Any person may be a member unless the person lacks capacity apart from this Act.

### Classes and Voting

Art. 4.02. A. The regulations may establish classes or groups of one or more members having certain expressed relative rights, powers, and duties, including voting rights, and may provide for the future creation, in the manner provided in the regulations, of additional classes or groups of members having certain relative rights, powers, or duties, including voting rights, expressed either in the regulations or at the time of creation. The rights, powers, or duties of a class or group may be senior to those of one or more existing classes or groups of members.

B to D. Repealed by Acts 1993, 73rd Leg., ch. 215, § 1.32(3), eff. Sept. 1, 1993.

### Liability to Third Parties

Art. 4.03. A. Except as and to the extent the regulations specifically provide otherwise, a member or manager is not liable for the debts, obligations or liabilities of a limited liability company including under a judgment decree, or order of a court.

B. Transaction of business outside state. It is the intention of the legislature by the enactment of this Act that the legal existence of limited liability