IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-211T
(Judge Victor J. Wolski)

JAMES R. THOMPSON,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

NOW COMES James R. Thompson, Plaintiff, and, pursuant to RCFC 56(h)(1), submits this his Proposed Findings of Uncontroverted Fact as follows:

1. In 2002, Mr. Thompson formed Mountain Air Charter LLC ("Mountain Air"), a Texas limited liability company. App.* 1 ¶2; App. 8.

2. The business of Mountain Air is owning and operating aircraft for on-demand air charter flights. App. 1 ¶2.

3. Mr. Thompson also formed a subchapter S corporation called JRT Holdings, Inc. ("JRT Holdings"). App. 1 ¶2; App. 35.

4. Mountain Air is not a limited partnership under Texas state law. App. 8; App. 75-81.

* References to "App. ___" are to the Appendix to Plaintiff's Motion for Partial Summary Judgment, submitted herewith and incorporated herein by reference.

5. In 2002, Mr. Thompson contributed $928,621.00 to Mountain Air and caused JRT Holdings to contribute $9,380.00 as the initial capitalization of Mountain Air. This was all of the capital initially contributed. App. 2 ¶3; App. 33.

6. The owners of Mountain Air are Mr. Thompson individually with a 99% interest and JRT Holdings with a 1% interest. App. 2 ¶4; App. 33.

7. Mr. Thompson is designated in the Articles of Organization and the Regulations as the manager of Mountain Air. App. 2 ¶4; App. 9; App. 18.

8. No election was made to have Mountain Air taxed as a corporation so it is treated as a partnership for federal tax purposes. App. 2 ¶4; App. 25, Section 7.6.

9. As the only manager, Mr. Thompson had the sole right, power and authority, and did in fact exercise all right, power and authority, to manage and control Mountain Air and bind Mountain Air with respect to all of Mountain Air's commitments and obligations. App. 2 ¶5; App. 25, Section 8.1.

10. During 2002 and 2003, Mountain Air realized certain losses in the ordinary course of its business. App. 2 ¶6.

11. Mr. Thompson claimed those losses on his 2002 and 2003 individual tax returns. App. 2 ¶6.

12. For the tax year 2002, the IRS disallowed the tax losses reported by Mr. Thompson and determined that he owed additional income tax of $473,186.00 for the tax year 2002. Defendant's Answer ¶14; App. 2 ¶7.

13. On September 9, 2005, Mr. Thompson paid to the IRS – U.S. Treasury $532,029.93 representing the payment of tax and estimated interest (as calculated by the IRS) for the tax year 2002. Defendant's Answer ¶18; App. 2 ¶7; App. 6.

14. For the tax year 2003, the IRS disallowed a portion of the tax losses reported by Mr. Thompson and determined that he owed additional income tax of $308,055.00 for the tax year 2003. Defendant's Answer ¶26; App. 2 ¶8.

15. On September 9, 2005, Mr. Thompson paid to the IRS – U.S. Treasury $331,093.87 representing the payment of tax and estimated interest (as calculated by the IRS) for the tax year 2003. Defendant's Answer ¶31; App. 2 ¶8; App. 6.

Respectfully submitted,

WINSTEAD PC
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2199
(214) 745-5400 (Phone)
(214) 745-5390 (Fax)

By: /s/ Stuart M. Reynolds, Jr.
Thomas R. Helfand, State Bar No. 09392500
Stuart M. Reynolds, Jr., State Bar No. 16805700

**ATTORNEYS FOR PLAINTIFF JAMES R. THOMPSON**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 13th day of April, 2007, a true and correct copy of the foregoing was forwarded via first class mail to the following:

Jeffrey R. Malo
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044

/s/ Stuart M. Reynolds, Jr.
One of Counsel

4870766v.1 44222/1