# MEMORANDUM OF SHAREHOLDERS' AGREEMENT FOR INFORMAL MANAGEMENT OF JRT HOLDINGS, INC.

The Corporation is a close corporation. This writing memorializes an agreement for informal management of the above and foregoing Corporation entered into by all of its Shareholders.

The Shareholders authorize and direct the Corporation's President to file with the Texas Secretary of State, on the Corporation's behalf, a statement of operation as a close corporation, as soon as this agreement takes effect. As authorized by the Texas statutes pertaining to close corporations, and consistent with this Corporation's Certificate of Incorporation and Charter, the Shareholders of the Corporation, whether one or more, agreed on the date stated that the Corporation shall be informally managed as follows:

The activities of the Corporation shall be subject to governance by the oral agreement of the Shareholders holding a majority of its voting stock. Said Shareholders are herein referred to as "Majority Shareholders," whether one or more.

Such agreement shall be effective though reached without notice of any kind, without meeting, and without any of the formalities otherwise provided for conduct of the business of a corporation. Such agreement shall be effective though orally communicated, and although no written memorandum thereof is made. The Majority Shareholders may also act with any greater degree of formality desired.

The Corporation shall also be subject to governance by the Majority Shareholders by written agreement, written memorandum of oral agreement, and by formal action at a Shareholders' meeting.

Written agreements and written memoranda of oral agreements, when signed by the Majority Shareholders, shall be of equal weight. They shall control over any inconsistent oral agreement not communicated by such a memorandum. Such signed agreements and memoranda shall control until set aside by later writing of equal weight, or by formal action at a Shareholders' meeting. Formal action taken at a Shareholders' meeting shall control over all informal agreements until set aside by a like formal action.

Subject to and consistent with the informal or formal governance by the Shareholders, the activities of the Corporation shall be subject to governance by the oral agreement of a majority of its Directors. Such governance shall follow the procedures set out above for governance by the Majority Shareholders.

All writings evidencing informal agreements shall be provided to the Secretary of the Corporation by the party securing signature of the same by the Majority Shareholders. The Secretary of the Corporation is directed to file all such agreements with any minutes of Shareholders' meetings.



GOVERNMENT EXHIBIT 10:2

MAC 2585

This agreement may be rescinded only by affirmative vote of the Majority Shareholders. In the event of such rescission, any matter informally established without signed memoranda filed with the minutes of Shareholders' meetings shall have no further force or effect unless written and signed by the Majority Shareholders at or before such meeting or duly moved and passed as a motion at such meeting.

Absent unanimous Shareholder consent to informal procedure, this agreement may be rescinded only at a formal Shareholders' meeting of the Corporation. The quorum for the meeting shall be the Majority Shareholders. Notice for such meeting shall be given at least ten (10) but no more than sixty (60) days before the meeting, containing an agenda showing as its first item the consideration of all matters previously established by informal agreement of the Shareholders pursuant hereto. The second item shall be the rescission of this agreement.

The notice shall have attached a list of all matters believed by the party calling the meeting to have been established by informal process under this agreement. The party calling the meeting shall provide the Directors, officers, and managerial staff of the Corporation with a copy of said notice when it is sent, and they are directed hereby to provide to such party additional listings of all additional matters believed by them to have been informally established under this agreement. The party calling the meeting shall give written notice of such additional matters to each Shareholder no later than ten (10) days before the meeting.

The consideration and motions of informally established matters shall not be limited to matters thus listed, but the listed matters will be considered first. All matters desired to be continued in effect after the rescission of this agreement shall be moved and passed as motions at said meeting. If this agreement is not rescinded, such motions shall be of no force and effect unless the minutes regarding any such motion passed, or the minutes of the meeting generally, are signed and approved by the Majority Shareholders.

So long as the Corporation retains its status as a close corporation and this agreement remains in effect, the Corporation shall be regulated as provided in this agreement. This agreement, and any amendments which may be made from time to time, shall control over any inconsistent provisions of the Bylaws while this agreement remains in effect. The Secretary of the Corporation shall attach a copy of this agreement to the Bylaws of the Corporation. As this agreement may be amended from time to time, the Secretary shall duly attach to the Bylaws a copy of each amendment.

Prominent notation shall be made on the back of all share certificates issued advising that that management of the Corporation may be governed by a Shareholders' agreement. Upon the sale or transfer of any shares of the Corporation, the transferor shall provide the transferee with a copy of this agreement.

The foregoing writing memorializes an agreement reached on the 31 day of December, 2002, by and among all the Shareholders of the Corporation, to which witness their signatures below:

______________________ J R J [signature]

______________________ ______________________

______________________ ______________________

______________________ ______________________

______________________ ______________________

# MINUTES OF THE ORGANIZATIONAL MEETING OF THE BOARD OF DIRECTORS OF

# JRT HOLDINGS, INC.

## CONTENTS OF ORGANIZATIONAL MINUTES


| Article | | Page |
|---|---|---|
| 1 | Authority to Act | 2 |
| 2 | Identification of Meeting | 2 |
| 3 | Chairman and Secretary | 2 |
| 4 | Record Book | 2 |
| 5 | Articles of Incorporation | 2 |
| 6 | Bylaws | 3 |
| 7 | Seal | 3 |
| 8 | Share Certificates and Records | 3 |
| 9 | Officers | 3 |
| 10 | Express Authority of Officers | 3 |
| 11 | Compensation of Officers and Directors | 4 |
| 12 | Bank Account | 4 |
| 13 | Banking Resolution | 5 |
| 14 | Issuance of Shares | 5 |
| 15 | Waiver and Consent | 6 |
| 16 | Adjournment | 6 |

Approval of Minutes . . . . 7
Contents of Appendices to Organizational Minutes . . . . 7
Appendices
A. Specimen Share Certificate
B. Banking Resolution

## ARTICLE ONE—AUTHORITY TO ACT

BE IT REMEMBERED THAT the organizational meeting of the initial Board of Directors of JRT HOLDINGS, INC., a Texas Corporation, was held in Dallas, Texas, on the 15th day of April, 2002, at noon.

The meeting was called by a majority of the Directors named in the Articles of Incorporation, which were filed in the office of the Secretary of State of the State of Texas on April 15, 2002. Present at the meeting were all of the Directors named in the Articles of Incorporation. At this meeting, the following business was conducted, and on motions duly made, seconded, and carried, the following resolutions were adopted:

## ARTICLE TWO—IDENTIFICATION OF MEETING

RESOLVED, that this meeting is the organizational meeting of the Board of Directors of JRT HOLDINGS, INC.

## ARTICLE THREE—CHAIRMAN AND SECRETARY

RESOLVED, that James R. Thompson shall be, and hereby is, elected Chairman of the meeting and that James R. Thompson shall be, and hereby is, elected Secretary of the meeting.

## ARTICLE FOUR—RECORD BOOK

RESOLVED, that this Corporation shall maintain a Corporate Record Book containing the minutes of this meeting and all subsequent meetings of the Board of Directors of this Corporation, the minutes of all meetings of the Shareholders of this Corporation, and such other documents as the Corporation, the Board of Directors, or the Shareholders thereof shall from time to time direct.

## ARTICLE FIVE—ARTICLES OF INCORPORATION

RESOLVED, that a file-marked copy of the Articles of Incorporation of the Corporation and the original Certificate of Incorporation from the Secretary of State of Texas shall be inserted in the Corporate Record Book.

## ARTICLE SIX—BYLAWS

RESOLVED, that the Bylaws presented to and considered at this meeting are adopted as the Bylaws of this Corporation, and the Secretary of the Corporation is ordered to certify a copy of such Bylaws, insert them in the Corporate Record Book, maintain them in the Corporation's principal business office, and keep them open for inspection by the Shareholders at all reasonable times during office hours.

## ARTICLE SEVEN—SEAL

RESOLVED, that the form of seal presented to this meeting be, and hereby is, adopted as the Corporation's official seal, and that an impression thereof be embossed on the margin of these minutes to the right of this resolution, the Seventh Article of these Minutes.

## ARTICLE EIGHT—SHARE CERTIFICATES AND RECORDS

RESOLVED, that this Corporation hereby adopt that certain form of share certificate presented to this meeting as the form that will be used to evidence ownership of shares of the Corporation, and the Secretary is directed to attach a specimen copy of such certificate to the minutes of this meeting.

## ARTICLE NINE—OFFICERS

RESOLVED, that the following persons are hereby elected as officers of this Corporation:

PRESIDENT: James R. Thompson

VICE PRESIDENT:

SECRETARY: James R. Thompson

TREASURER:

## ARTICLE TEN—EXPRESS AUTHORITY OF OFFICERS

RESOLVED, that the President of the Corporation be, and hereby is, authorized to purchase, sell, and convey any and all real and personal property of every kind and

nature as may be determined by said officer to be in the best interest of the Corporation for such price and on such terms, including part cash and part credit, all cash, or all credit, as said officer may deem proper and in the best interest of said Corporation.

RESOLVED FURTHER, that the President be, and hereby is, authorized and empowered to enter into contracts, execute notes, deeds of trust, deeds, releases, leases, transfers, mortgages, mechanic's lien contracts, plats, easements, dedications, land use restrictions, and amendments thereto and to execute such other instruments in writing affecting the title to real estate or other property belonging to the Corporation or otherwise, as in the judgment of the said officer is deemed best for said Corporation, all of which, when so executed by said officer, shall be for and on behalf of the Corporation and shall constitute the act and deed of said Corporation, and it shall not be necessary for the Secretary to attest to any instrument so executed by the President on behalf of the Corporation.

RESOLVED FURTHER, that the President be, and hereby is, authorized and empowered to borrow money on behalf of the Corporation in such amounts and on such terms as determined by said officer to be in the best interest of the Corporation; as security therefor to make and deliver security agreements and deeds of trust creating liens on the real and personal property owned by the Corporation; and to perform these actions as determined in said officer's discretion to be in the best interest of the Corporation.

## ARTICLE ELEVEN—COMPENSATION OF OFFICERS AND DIRECTORS

RESOLVED, that the salaries or compensation of all officers and Directors of the Corporation may be set, and may be changed from time to time, by simple resolution of the Board of Directors.

## ARTICLE TWELVE—BANK ACCOUNT

RESOLVED, that the Corporation establish in its name one or more deposit accounts with a bank chosen by the President and Treasurer, on such terms and conditions as may be agreed on with said bank, and that the President and Treasurer of the Corporation be, and hereby are, authorized to establish all such accounts.

RESOLVED FURTHER, that the below-named and subscribed officers of the Corporation be, and hereby are, authorized to draw checks on the Corporation's accounts, with signatures duly certified to the bank by the Secretary of this Corporation, and the bank is hereby authorized to honor and pay any and all checks so

signed, including those drawn to the individual order of any officer or other person authorized to sign the same.

Signature
James R. Thompson, President

## ARTICLE THIRTEEN—BANKING RESOLUTION

RESOLVED, that this Corporation hereby adopts by reference all of the resolutions and provisions of that certain printed form banking resolution presented at the meeting, and it is directed that a conformed copy thereof be attached to and made a part of the minutes of this meeting.

## ARTICLE FOURTEEN—ISSUANCE OF SHARES

RESOLVED, that this Corporation issue One Thousand (1,000) shares of its common stock with no par value, to the following person(s), in the amount set forth opposite each name, for a price per share of One Dollar ($1.00).

| Shareholder | Number of Shares |
|---|---|
| James R. Thompson | 1,000 |

## ARTICLE FIFTEEN—WAIVER AND CONSENT

RESOLVED, that these Directors, by their signatures affixed to the minutes of this organizational meeting of the Board of Directors, and by this resolution, do hereby waive notice of the time and place of this meeting, consent to the meeting and do approve of the contents of the minutes of this organizational meeting.

## ARTICLE SIXTEEN—ADJOURNMENT

RESOLVED, that there being no further business to come before the organizational meeting of the Board of Directors, the meeting be duly adjourned.

The foregoing reflects all business conducted by the Board of Directors at the organizational meeting or through unanimous consent to action taken in lieu of the organizational meeting.

DATED: the 15 day of April, 2002

James R. Thompson
Meeting Secretary

APPROVED:

James R. Thompson
Meeting Chair

Corporate
Seal

## APPROVAL OF MINUTES

We hereby approve the foregoing minutes of the organizational meeting of the Board of Directors and acknowledge the exhibits attached hereto.

James R. Thompson, Director

## CONTENTS OF APPENDICES TO MINUTES

The following documents have been appended to these minutes:

A) SPECIMEN SHARE CERTIFICATE

B) BANKING RESOLUTION

Organized under the laws of the State of Texas



NUMBER

SHARES

**JRT Holdings, Inc.**

ONE HUNDRED THOUSAND SHARES AUTHORIZED, NO PAR VALUE

A CLOSE CORPORATION (SEE NOTICE TO CERTIFICATE HOLDER ON REVERSE)

**This is to Certify** *that* ______ SPECIMEN ______ *is the registered holder of* ______ *Shares*

*transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.*

*In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers this* ______ *day of* ______ *A.D.* ______.

______
PRESIDENT

MAC 2595

© 1994 LAWYER'S AID SERVICE, INC.

**BANKING RESOLUTION OF**
**JRT HOLDINGS, INC.**

RESOLVED, that the following bank, at the location shown below, is designated as a depository of the Corporation, and that one or more checking or savings accounts of the Corporation be established and maintained in its name at said Bank:

Name of Bank: Wells Fargo Bank

Location: Dallas, Tx 75201

RESOLVED FURTHER, that the following officers of the Corporation shall be and hereby are authorized, on behalf of the Corporation and as its own act, to sign, alone and with no countersignature, checks, drafts, notes, bills of exchange, acceptances, or other orders for the payment of money, and to endorse any checks, notes, bills, or other instruments owned by, held by, or endorsed to the Corporation, or to do any other acts convenient or necessary to the opening, maintenance, and closing of such accounts, and the deposit or withdrawal of funds therefrom:

Authorized
Officers:

James R. Thompson, President

RESOLVED FURTHER, that said Bank is authorized to honor and pay any and all checks and drafts of this Corporation signed as provided in this resolution, whether or not payable to the person or persons signing them; and that checks, drafts, bills of exchange, and other evidences of indebtedness may be endorsed for deposit to the account or accounts of this Corporation by any of the foregoing officers or by any other employee or agent of this Corporation, and may be endorsed for deposit or collection in writing or by stamp without designation of the person making such endorsement.

RESOLVED FURTHER, that any of the above-named officers shall be authorized to enter into a rental agreement in the name of the Corporation for one or more safe-deposit boxes in the vaults of said Bank, and to have the right to access to and control of the contents of such safe-deposit boxes, including the right to remove the whole or any part of the contents thereof, and to surrender said boxes, releasing the Bank from all liability with respect thereto.

RESOLVED FURTHER, that any of the said Officers may execute an agreement or agreements with said Bank relating to the opening, maintenance, or use of a night depository, and that upon such execution, the Corporation shall be bound by the terms and conditions thereof.

RESOLVED FURTHER, that the Secretary of the Corporation, by signature hereto, is authorized and directed to certify to said Bank the due adoption and existence of this resolution and the names and specimen signatures of the officers of the Corporation presently authorized to sign as aforesaid. When any changes are made in the persons holding such offices, the Secretary shall certify the fact of such change and the name and specimen signature of each new officer.

RESOLVED FURTHER, that the certificate by the Secretary of this Corporation as to the election or appointment of the authorized officers named in this resolution, and of their successors, shall be binding on this Corporation, and the authority conferred by this resolution shall remain in force until written notice of the revocation or modification hereof shall be delivered to an officer of said Bank.

Adopted by the Board of Directors on

President

Secretary

Director

Director

Director

Director

Corporate
Seal

# JRT HOLDINGS, INC.

## UNANIMOUS CONSENT OF SOLE DIRECTOR AND SHAREHOLDER

The undersigned, being the sole shareholder and director of JRT Holdings, Inc., a Texas corporation (the "***Company***"), waives all requirements for calling, giving notice of, and holding an annual meeting of the shareholders or Board of Directors ("***Board***") and, by signing this Consent, does hereby unanimously adopt the following resolutions to the same extent and to have the same force and effect as if adopted by unanimous vote of the shareholders and directors at a duly convened annual meeting, all in accordance with Article 9.10 of the Texas Business Corporation Act ("***TBCA***"):

### I. Purchase of Membership Interests; Regulations

WHEREAS, the Company desires to make a Capital contribution of $9,380.00 to Mountain Air Charter, L.L.C., a Texas limited liability company ("***Mountain Air***"), pursuant to the Regulations of Mountain Air (the "***Regulations***"), a form of which has been submitted to and reviewed by the Board, in consideration for a one percent membership interest in Mountain Air (the "***Purchase***");

WHEREAS, the Company desires to be bound by the Regulations; and

WHEREAS, the Board has determined that the Purchase (i) is in the best interest of the Company; (ii) is necessary and convenient to the conduct, promotion and attainment of the business of the Company; and (iii) may reasonably be expected to benefit, directly or indirectly, the Company; and

NOW THEREFORE, BE IT RESOLVED, that the Regulations are hereby approved, authorized and adopted in all respects, and

RESOLVED FURTHER, that the form, terms and provisions of the Regulations, in substantially the same form submitted to the Board be, and hereby are, approved, authorized and adopted in all respects with such changes therein as the officer or officers executing the same shall, as evidence by the execution thereof, deem appropriate;

### II. General

RESOLVED, that any officer of the Company be, and each individually hereby is authorized and empowered, in the name and on behalf of the Company, to (i) take or cause to be taken any and all such further actions and to prepare, execute and deliver or cause to be prepared, executed and delivered, and where necessary or appropriate, file or cause to be filed with the appropriate governmental authorities, all such other instruments and documents, (ii) incur and pay or cause to be paid all fees and expenses and (iii) engage such persons as such officer, in his or her sole discretion, may determine to be necessary or appropriate to carry out fully the intent and purposes of the foregoing resolutions and each of the transactions contemplated thereby,

such determination to be conclusively established by the taking or causing of any such further action; and

RESOLVED FURTHER, that all actions of any kind previously taken by any of the various officers of the Company or any person or persons designated or authorized to act by an officer of the Company, which acts would have been authorized by the foregoing resolutions except that such acts were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed, approved and adopted as acts of the Company.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the undersigned hereby executes the Unanimous Consent of Sole Shareholder and Director of JRT Holdings, Inc. as of the 15th day of April, 2002.

James R. Thompson