THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-211 T
(Judge Victor J. Wolski)

JAMES R. THOMPSON,

Plaintiff,

v.

THE UNITED STATES

Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Defendant, the United States, provides the following responses to plaintiffs' proposed findings of uncontroverted facts submitted in support of their motion for partial summary judgment in accordance with RCFC 56(h)(2):

1. In 2002, Mr. Thompson formed Mountain Air Charter, LLC ("Mountain Air"), a Texas limited liability company.

**Defendant's Response:** The United States agrees with the finding as stated.

2. The business of Mountain Air is owning and operating aircraft for on-demand air charter flights.

**Defendant's Response:** The United States agrees with the finding as stated.

3. Mr. Thompson also formed a subchapter S corporation called JRT Holdings, Inc. ("JRT Holdings").

**Defendant's Response:** The United States agrees with the finding as stated.

4. Mountain Air is not a limited partnership under Texas state law.

**Defendant's Response:** The United States agrees with the finding as stated.

5. In 2002, Mr. Thompson contributed $928,621.00 to Mountain Air and caused JRT Holdings to contribute $9,380.00 as the initial capitalization of Mountain Air. That was all of the capital initially contributed.

**Defendant's Response:** The United States agrees with the finding as stated.

6. The owners of Mountain Air are Mr. Thompson individually with a 99% interest and JRT Holdings with a 1% interest.

**Defendant's Response:** The United States agrees with the finding as stated.

7. Mr. Thompson is designated in the Articles of Organization and the Regulations as the manager of Mountain Air.

**Defendant's Response:** The United States agrees with the finding as stated.

8. No election was made to have Mountain Air taxed as a corporation so it is treated as a partnership for federal tax purposes.

**Defendant's Response:** The United States agrees with the finding, and adds that, in the absence of an election to be taxed as a corporation, Mountain Air was required to be treated as a partnership for federal tax purposes by Treas. Reg. § 301-7701-3(b)(1)(i).

9. As the only manager, Mr. Thompson had the sole right, power and authority, and did in fact exercise all right, power and authority, to manage and control Mountain Air and bind Mountain Air with respect to all of Mountain Air's commitments and obligations.

**Defendant's Response:** The United States agrees that Mr. Thompson was the only manager, but otherwise states that Mr. Thompson enlisted the help of many others in conducting Mountain Air's activities.

10. During 2002 and 2003, Mountain Air realized certain losses in the ordinary course of its business.

**Defendant's Response:** The United States states that Mountain Air reported losses on its partnership tax returns (Forms 1065), and that the bulk of the losses were attributable to depreciation of a Pilatus PC-12 aircraft under Section 168(k) of the Internal Revenue Code. The United States does not agree that losses were "realized", which term suggests out-of-pocket, economic losses, rather than losses for tax purposes.

11. Mr. Thompson claimed those losses on his 2002 and 2003 individual tax returns.

**Defendant's Response:** The United States agrees with the finding as stated.

12. For the tax year 2002, the IRS disallowed the tax losses reported by Mr. Thompson and determined that he owed additional income tax of $437,186.00 for the tax year 2002.

**Defendant's Response:** The United States agrees with the finding as stated, but adds that the losses were disallowed under Section 469 of the Internal Revenue Code and that, pursuant to its provisions, any disallowed loss is carried forward to the next taxable year.

13. On September 9, 2005, Mr. Thompson paid to the IRS – U.S. Treasury $532,029.93 representing the payment of tax and estimated interest (as calculated by the IRS) for the tax year 2002.

**Defendant's Response:** The United States agrees with the finding as stated.

14. For the tax year 2003, the IRS disallowed a portion of the tax losses reported by Mr. Thompson and determined that he owed additional income tax of $308,055.00 for the tax year 2003.

**Defendant's Response:** The United States agrees with the finding as stated, but adds that the losses were disallowed under Section 469 of the Internal Revenue Code and that, pursuant to its provisions, any disallowed loss is carried forward to the next taxable year.

15. On September 9, 2005, Mr. Thompson paid to the IRS – U.S. Treasury $331,093.87 representing the payment of tax and estimated interest (as calculated by the IRS) for the tax year 2003.

**Defendant's Response:** The United States agrees with the finding as stated.

Respectfully submitted,

June 11, 2007

s/Jeffrey R. Malo
JEFFREY R. MALO
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 305-7539
Fax (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN FRAHM
Assistant Chief, Court of Federal Claims Section

June 11, 2007

s/Steven Frahm
Of Counsel