IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-211T
(Judge Victor J. Wolski)

JAMES R. THOMPSON,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**SUPPLEMENTAL APPENDIX TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**


| Description | Page(s) |
| --- | --- |
| Senate Finance Committee Report 99-313, Concerning the Tax Reform Act of 1986 (May 29, 1986) (Excerpts) | 114-117 |

Calendar No. 665

| 99TH CONGRESS<br>*2d Session* | SENATE | REPORT<br>99–313 |
|---|---|---|

# TAX REFORM ACT OF 1986

---

## REPORT

OF THE

## COMMITTEE ON FINANCE
## UNITED STATES SENATE

TO ACCOMPANY

## H.R. 3838

together with

## ADDITIONAL VIEWS

[Including cost estimate of the Congressional Budget Office]

MAY 29, 1986.—Ordered to be printed

---

U.S. GOVERNMENT PRINTING OFFICE
WASHINGTON : 1986

60–511 O

3363-2

of the trade or business itself. Under this rule, for example, interest earned on funds set aside by a limited partnership operating a shopping mall, for the purpose of expanding the mall, is treated as portfolio income and is not taken into account in determining a limited partner's passive income or loss from the activity of operating the shopping mall.

Under the bill, the Secretary may prescribe regulations under which items of income from a limited partnership or other passive activity are treated as portfolio income. The committee intends that such regulations will prevent taxpayers from structuring income-producing activities (including those that do not bear significant expenses) in ways that are designed to produce passive income that may be offset by unrelated passive losses. For example, such regulations may provide that, where necessary to prevent avoidance of the passive loss rule, a limited partner's share of income from a limited partnership is treated as portfolio income. Circumstances in which such treatment could be appropriate would include a transfer by a corporation of an income-producing activity to a limited partnership with a distribution to shareholders of limited partnership interests.

***Treatment of closely held corporations***

The passive loss rule applies to closely held C corporations (other than personal service corporations) in modified form. Such corporations may offset passive losses and credits against active business income, but not against portfolio income. Portfolio income of a closely held corporation generally has the same definition as portfolio income of any other taxpayer subject to the passive loss rule, except that, for purposes of such a corporation (as well as for a personal service corporation) the dividends received deduction is allowed.

**4. Material participation**

***General rule***

In general, a taxpayer's interest in a trade or business activity is not treated as an interest in a passive activity for a taxable year if the taxpayer materially participates in the activity throughout such year.[16] In certain instances, however, material participation is not determinative. Working interests in oil and gas properties generally are treated as active whether or not the taxpayer materially participates, and interests in rental activities are treated as passive whether or not the taxpayer materially participates. In the case of rental real estate activities, a separate standard, active participation, is relevant in determining whether the taxpayer is permitted to use losses and credits from such activities to offset up to $25,000 of other income.

Working as an employee, and providing services as part of a personal service business (including professional businesses such as law, accounting, and medicine), intrinsically require personal in-

---

[16] This rule is applied by considering services provided both by the taxpayer and by the taxpayer's spouse (whether or not such taxpayer and spouse file a joint return).

volvement by the taxpayer. Thus, by their nature, they generally are not passive activities.[17]

Material participation of a taxpayer in an activity is determined separately for each taxable year. In most cases, the material participation (or lack thereof) of a taxpayer in an activity is not expected to change from year to year, although there will be instances n which it does change.

### *Limited partnerships*

In the case of a limited partnership interest, except to the extent provided by regulations, it is conclusively presumed that the taxpayer has not materially participated in the activity. In general, under relevant State laws, a limited partnership interest is characterized by limited liability, and in order to maintain limited liability status, a limited partner, as such, cannot be active in the partership's business. The presumption that a limited partnership interest is passive applies even when the taxpayer possesses the limited partnership interest indirectly through a tiered entity arrangement (e.g., the taxpayer owns a general partnership interest, or stock in an S corporation, and the partnership or corporation in which the taxpayer owns such interest itself owns a limited partnership interest in another entity).

When a taxpayer possesses both a limited partnership interest and another type of interest, such as a general partnership interest, with respect to an activity, lack of material participation is conclusively presumed with respect to the limited partnership interest (thus limiting the use of deductions and credits allocable thereto). The presence of material participation for purposes of any other interests in the activity owned by the taxpayer is determined with reference to the relevant facts and circumstances.

Under the bill, the Secretary of the Treasury is empowered to provide through regulations that limited partnership interests in certain circumstances will not be treated (other than through the application of the general facts and circumstances test regarding material participation) as interests in passive activities. It is intended that this grant of authority be used to prevent taxpayers from manipulating the rule that limited partnerships generally are passive, in attempting to evade the passive loss provision.[18]

For example, the exercise of such authority by the Secretary may be appropriate in certain situations where taxpayers divide their interests in activities between limited and general partnership interests, e.g., to facilitate establishing a disposition of the taxpayer's entire interest in an activity, or in connection with special allocations of items of income, deduction, or credit as between limited and general partnership interests. The exercise of such authority

---

[17] The generally "active" nature of the above two undertakings is relevant, not only to the question of whether the taxpayer satisfies the material participation standard, but also to whether either of such two undertakings can be part of the same activity as any other undertaking. See section 5, *infra.*

[18] Examples of such evasion would include attempting to treat income that generally is regarded as not passive in nature (e.g., personal service income) as passive and accordingly as shelterable, or creating an unrealistically small separate "activity" in order to trigger suspended losses upon a partial disposition. Even absent the exercise of the Secretary's authority, items such as a guaranteed cash return or portfolio income from a limited partnership are not regarded as passive.

by the Secretary would also be appropriate if taxpayers were permitted under State law to establish limited liability entities (that are not taxable as corporations) for personal service or other active businesses, and to denominate as "limited partnership interests" any interests in such businesses related to the rendering of personal services. The exercise of such authority might also be appropriate where taxpayers sought to avoid limited partnership status with respect to substantially equivalent entities.

***Involvement in operations on a regular, continuous, and substantial basis***

Outside of the limited partnership context, the presence or absence of material participation generally is to be determined with reference to all of the relevant facts and circumstances. In order to be treated as materially participating for purposes of the provision, the taxpayer must be involved in the operations of the activity on a regular, continuous, and substantial basis. This standard is based on the material participation standards under Code sections 1402(a) (relating to the self-employment tax) and 2032A (relating to valuation of farm property for purposes of the estate tax). However, the standard is modified consistently with the purposes of the passive loss provision.

Thus, precedents regarding the application of those preexisting legal standards, whether set forth in regulations, rulings, or cases, are not intended to be controlling with regard to the passive loss rule. For example, whether or not, under existing authorities interpreting sections 1402(a) and 2032A, it could be argued that the material participation requirement (for purposes of those sections) is in certain circumstances satisfied by periodic consultation with respect to general management decisions, the standard under this provision is not satisfied thereby in the absence of regular, continuous, and substantial involvement in operations.

In order to satisfy the material participation standard, the individual's involvement must relate to operations. Consider, for example, the case of a general partnership engaged in the business of producing movies. Among the services that may be necessary to this business are the following: writing screenplays; reading and selecting screenplays; actively negotiating with agents who represent writers, actors, or directors; directing, editing, scoring, or acting in the films; actively negotiating with third parties regarding financing and distribution; and actively supervising production (e.g., selecting and negotiating for the purchase or use of sets, costumes, etcetera). An individual who does not make a significant contribution regarding these or similar services is not treated as materially participating. For example, merely approving a financing target, accepting a recommendation regarding selection of the screenplay, cast, locations, and director, or appointing others to perform the above functions, generally does not constitute involvement in operations.

In practice, a taxpayer is most likely to have materially participated in an activity for purposes of this provision in cases where involvement in the activity is the taxpayer's principal business. For example, an individual who spends thirty-five hours per week operating a grocery store, and who does not devote a comparable