THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-211 T
(Judge Victor J. Wolski)

---

JAMES R. THOMPSON,

Plaintiff,

v.

THE UNITED STATES

Defendant.

---

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Congress specified that the holder of a limited partnership interest is conclusively presumed to be subject to the loss limitations of Section 469, except to the extent provided in Treasury Regulations. Section 469(h)(2). Under the regulations, the holder of a limited partnership interest is not subject to the loss limitations if he satisfies any one of three tests. In contrast, other taxpayers are not subject to the loss limitations if they satisfy one of those tests, or any of four additional tests. The regulations define a limited partnership interest in Temp. Treas. Reg. § 1.469-5T(e)(3).

In our opening brief in support of our cross motion for partial summary judgment, we maintained that, in determining whether a taxpayer holds a limited partnership interest, the proper inquiry under the regulations is (1) whether he holds a "partnership

interest" and (2) whether he has limited liability under state law for the partnership's obligations. Temp. Treas. Reg. §§ 1.469-5T(e)(3)(i) and (e)(3)(i)(B). We further maintained that plaintiff indeed held a partnership interest in Mountain Air and had only limited liability for its obligations. Mountain Air, organized as a limited liability company under state law, opted to be treated for tax purposes as a partnership, so that its losses would flow through to plaintiff as a partner. Likewise, plaintiff claimed those losses on his individual tax return, substantially reducing his tax liability on his income as a corporate executive. Plaintiff's liability for Mountain Air's obligations was limited to his initial capital contribution, and his capital contribution did not include the funds he loaned to Mountain Air to purchase the Pilatus PC-12 aircraft.

In his opposition to defendant's motion for partial summary judgment, plaintiff does his best to avoid the obvious import of the statutory and regulatory language. He seeks to substitute for that language a different test – one that would exempt him from the statutory and regulatory strictures applicable to holders of limited partnership interests – so that all seven tests would be available to him. Plaintiff suggests that a taxpayer does not hold a limited partnership interest if he is involved in the activities of the enterprise.[1]

No such exclusion is found in the language of either Section 469(h)(2), or the legislative regulations issued at its direction. Without question, under that statute and the underlying regulations, whether a taxpayer has a limited partnership interest is not determined on the basis of the extent, if any, to which the taxpayer can and does participate in the enterprise's activities. As we explained in our opening brief (at 20-22), a substantial and growing number of states now permit limited partners of organizations

[1] *See, e.g.*, Pltf.'s Brief in Opposition at 4-5, 10.

formed as limited partnerships under state law to engage in the partnership's activities. The language of Section 469(h)(2) and the regulations treats them as limited partners nonetheless.[2]

There is no basis for plaintiff to obtain more favorable treatment because Mountain Air was organized under state law as a limited liability company and not as a limited partnership. Mountain Air was a partnership for tax purposes, as are limited partnerships created under state law. Plaintiff claimed a distributive share of Mountain Air's loss, and he enjoyed limited liability, as would any limited partner of a limited partnership created under state law. Contrary to plaintiff's claim, this was not the mandatory effect of using the government's forms.[3] Mountain Air *chose* to be treated as a partnership for tax purposes, rather than a corporation, so that its losses would pass through to plaintiff, and plaintiff *chose* to claim them on his individual returns. The partnership's returns, and plaintiff's returns, including the volitional characterization of plaintiff's ownership interest as a limited partnership interest and Mountain Air's losses as partnership losses, simply corroborate and reflect the substance of those choices.

As we explained in our opening brief (at 19), Congress did not intend that a limited partnership interest, as it used the term in Section 469(h)(2), should be limited just to interests in entities organized as limited partnerships under state law. Congress focused on the substance of a taxpayer's ownership interest and contemplated that a

---

[2] Contrary to plaintiff's suggestion, Brief in Opposition at 4, there cannot be one rule in Texas and those states where the limited partners of a limited partnership created under state law still can't participate in the partnership's activities, and another in the growing number of states adopting the Uniform Limited Partnership Act of 2001, which eliminates the control rule. Section 469(h)(2) and the regulations applies to all the states and does not contain a control rule.

[3] *See* Pltf.'s Brief in Opposition at 9-10.

taxpayer could be treated as holding a limited partnership interest in a wide variety of circumstances in which the interest was not, in form, that of a limited partner in a limited partnership created under state law.[4] S. Rep. No. 313, 99th Cong., 2d Sess. 713, 731-732. Following this guidance, Temp. Treas. Reg. § 1.469-5T(e)(3)(i)(B) looks past labels (which are the subject of (e)(3)(i)(A)), and defines a limited partnership interest in terms of whether the holder of a partnership interest has limited liability. In these circumstances, plaintiff's claim that Section 469(h)(2) and the Temp. Treas. Reg. § 1.469-5T(e)(3) refer only to interests in limited partnerships created under state law, and not to other organizational forms such as limited liability companies, is far too narrow and formalistic.[5]

Although plaintiff is unable to point to any language in Section 469(h)(2) or Temp. Treas. Reg. § 1.469-5T(e) to support his claim that there can be no limited partnership interest where the taxpayer is involved in the activities of the partnership, he claims that those provisions can only be read consistently with the legislative history to provide such an exclusion. While the legislative history plaintiff cites in its briefs suggests Congress was motivated, in part, to make limited partners subject to the loss limitations because, at that time, state law regarding limited partnerships generally

---

[4] In its Brief in Opposition (at 6-7), plaintiff quotes at length from the legislative history and offers comparisons to defendant's quotations and descriptions of that history, suggesting that defendant has mischaracterized Congress' intentions. But plaintiff is assuming its own conclusion – that is, that when Congress used the term "limited partnership," it meant only a limited partnership formed under state law. We think it clear, however, that the legislative history did not attach preeminence to formal labels, and it would be odd for Congress to have done so.

[5] As plaintiff perhaps unwittingly admitted, "Congress did not want taxpayers to have a loophole out of the 'passive activity' loss limitation if the entity of choice was <u>not</u> a 'limited partnership.' (Brief in Opposition at 7-8) (Emphasis in original.)

prevented limited partners from participating in its business, Congress did not make a control or similar test a part of the statutory language.[6] The legislative history can't overturn the plain language of Section 469(h)(2), which has no control test, nor can its generality operate to provide a different, more favorable specific test regarding participation than the regulations already provide.[7] In essence, when plaintiff asks this Court to read the statute and regulations consistently with the legislative history, he is asking the Court not to read them at all, and to substitute for their language a test he gleans from the legislative history. But a plain statute, such as Section 469(h)(2), and an admittedly valid implementing legislative regulation such as Temp. Treas. Reg. § 1.469-5T(e)(3)(i)(B), must be applied according to their terms.[8] *See, e.g.*, *Rubin v. United States*, 449 U.S. 424, 430 (1981). If Congress believes that they no longer should apply, and that those with partnership interests and limited liability should be entitled to use partnership losses to shelter other income whenever they are involved in the partnership's

---

[6] Congress also was motivated to eliminate opportunities for taxpayers to obtain a share of losses through partnership interests as to which they had only limited liability and to use those losses to shelter their other income. *See* Deft.'s Opening Brief at 10-11. While plaintiff objects (Brief in Opposition at 2-3) to the relevance (but generally not the accuracy) of certain facts defendant proposes regarding plaintiff and Mountain Air, they reflect the same effort to use losses to shelter other income that Congress acted to prohibit.

[7] The three tests that are applicable to determine whether limited partnership interests are subject to Section 469's loss limitation address the level of a limited partner's participation in the enterprise. The tests are identified in Temp. Treas. Reg. § 1.469-5T(e)(2) as those specified in (a)(1), (5), and (6). These tests inquire whether the individual's participation in the activity constitutes substantially all the participation by anyone in the activity; the individual has materially participated in the activity for any five of the last ten taxable years; and, whether, in the case of a personal service corporation, the individual has participated for any three prior taxable years.

[8] Likewise, *Gregg v. United States*, 186 F. Supp. 2d 1123 (2000), discussed in our opening brief (at 22 n. 18), can't supersede the language of the statute and regulations.

activities, then it can change the law.[9] It has not done so, and this Court should not substitute for the legislature.

## CONCLUSION

For the reasons stated in our opening brief and this reply, this Court should hold that the determination whether plaintiff held a limited partnership interest for purposes of the loss limitation rules in Section 469 should be made on the basis of whether he held a partnership interest in Mountain Air and whether he had limited liability for its obligations. There is no dispute that Mountain Air was a partnership for tax purposes and plaintiff held a partnership interest, receiving the distribution of Mountain Air's losses. There likewise is no dispute that plaintiff had limited liability for Mountain Air's obligations. Thus, the Court should rule further that plaintiff held a limited partnership interest in Mountain Air and is subject to the loss limitations of Section 469, unless he satisfies one of the three tests expressed in Temp. Treas. Reg. §§ 1.469-5T(a)(1), (5), or (6). Defendant's cross motion for partial summary judgment should be granted.

[9] The 2001 Joint Committee Study upon which plaintiff relies (Brief in Opposition at 12) discusses the modernization of the law with respect to limited partners and members of limited liability companies, but, to date, no legislation has been introduced, and, certainly, none has been passed.

Respectfully submitted,

July 11, 2007

s/Jeffrey R. Malo
JEFFREY R. MALO
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 305-7539
Fax (202) 514-9440

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN FRAHM
Assistant Chief, Court of Federal Claims Section

July 11, 2007

s/Steven Frahm
Of Counsel