IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

No. 06-211T
(Judge Victor J. Wolski)

JAMES R. THOMPSON,

Plaintiff,

v.

THE UNITED STATES,

Defendant

---

# SECOND SUPPLEMENTAL APPENDIX TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## VOLUME III


| Description | Page(s) |
| --- | --- |
| Uniform Limited Partnership Act (1976) with the 1985 Amendments And Prefatory Note, Bromberg E:1-E:35 | 189-224 |

# ≡Appendix E≡

# UNIFORM LIMITED PARTNERSHIP ACT (1976) WITH THE 1985 AMENDMENTS AND PREFATORY NOTE (clean text)*

Prefatory Note

Article 1. General Provisions
§101 Definitions
§102 Name
§103 Reservation of Name
§104 Specified Office and Agent
§105 Records to Be Kept
§106 Nature of Business
§107 Business Transactions of Partner with Partnership

Article 2. Formation: Certificate of Limited Partnership
§201 Content of Certificate
§202 Amendment to Certificate
§203 Cancellation of Certificate

* Drafted by the National Conference of Commissioners on Uniform State Laws and by it approved and recommended for enactment in all the states at its annual conference, August 1985. This act has been printed through the permission of the National Conference of Commissioners on Uniform State Laws, and copies of the act may be ordered from them at 211 East Ontario Street, Suite 1300, Chicago, Illinois 60611.

§204 Execution of Certificates
§205 Execution by Judicial Act
§206 Filing in Office of Secretary of State
§207 Liability for False Statement in Certificate
§208 Scope of Notice
§209 Delivery of Certificates to Limited Partners

Article 3. Limited Partners
§301 Admission of Limited Partners
§302 Voting
§303 Liability to Third Parties
§304 Person Erroneously Believing Himself Limited Partner
§305 Information

Article 4. General Partners
§401 Admission of Additional General Partners
§402 Events of Withdrawal
§403 General Powers and Liabilities
§404 Contributions by General Partner
§405 Voting

Article 5. Finance
§501 Form of Contribution
§502 Liability for Contribution
§503 Sharing of Profits and Losses
§504 Sharing of Distributions

Article 6. Distribution and Withdrawal
§601 Interim Distributions
§602 Withdrawal of General Partner
§603 Withdrawal of Limited Partner
§604 Distribution upon Withdrawal
§605 Distribution in Kind
§606 Right to Distribution
§607 Limitations on Distribution
§608 Liability upon Return of Contribution

Article 7. Assignment of Partnership Interests
§701 Nature of Partnership Interest
§702 Assignment of Partnership Interest
§703 Rights of Creditor
§704 Right of Assignee to Become Limited Partner
§705 Power of Estate of Deceased or Incompetent Partner

Article 8. Dissolution
§801 Nonjudicial Dissolution
§802 Judicial Dissolution
§803 Winding Up
§804 Distribution of Assets

Article 9. Foreign Limited Partnerships
§901 Law Governing
§902 Registration
§903 Issuance of Registration
§904 Name
§905 Changes and Amendments
§906 Cancellation of Registration
§907 Transaction of Business Without Registration
§908 Action by [Appropriate Official]

Article 10. Derivative Actions
§1001 Right of Action
§1002 Proper Plaintiff
§1003 Pleading
§1004 Expenses

Article 11. Miscellaneous
§1101 Construction and Application
§1102 Short Title
§1103 Severability
§1104 Effective Date, Extended Effective Date and Repeal
§1105 Savings Clause
§1106 Rules for Cases Not Provided for in This Act

## PREFATORY NOTE

In 1976, the National Conference of Commissioners on Uniform State Laws adopted the first revision of the Uniform Limited Partnership Act, originally promulgated in 1916. The 1976 Act was intended to modernize the prior uniform law while retaining the special character of limited partnerships as compared with corporations. The draftsman of a limited partnership agreement has a

degree of flexibility in defining the relations among the partners that is not available in the corporate form. Moreover, the relationship among partners is consensual, and under some circumstances may require a general partner to seek approval of the other partners (sometimes unanimous approval) under circumstances that corporate management would find unthinkable. The limited partnership was not intended to be an alternative in all cases where the corporate form is undesirable for tax or other reasons, and the 1976 Act was not intended to make it so. The 1976 Act clarified many ambiguities and filled interstices in the 1916 Act by adding more detailed language and mechanics. In addition, it effected some important substantive changes and additions from the prior uniform law.

The Uniform Limited Partnership Act (1976) with the 1985 Amendments (the 1985 Act) follows the 1976 Act very closely in most respects. It makes almost no change in the basic structure of the 1976 Act. It does, however, differ from the 1976 Act in certain significant respects for the purpose of more effectively modernizing, improving, and establishing uniformity in the law of limited partnerships. The 1985 Act accomplishes this, without impairing the basic philosophy or values underlying the 1976 Act, by incorporating into the structure, framework, and text of the 1976 Act the best and most important improvements that have emerged in the limited partnership acts enacted recently by certain states. Most of those improvements were considered by the draftsmen of the 1976 Act but were not included in it because of uncertainties as to the possible consequences of such inclusion under applicable Federal income tax laws. Those uncertainties have since been resolved satisfactorily, and no impediment to incorporating them in the 1985 Act remains at this time.

Article 1 provides a list of all of the definitions used in the Act, integrates the use of limited partnership names with corporate names and provides for an office and agent for service of process in the state of organization. All of these provisions were innovations in the 1976 Act and were carried over from the 1976 Act to the 1985 Act. Article 2 collects in one place all provisions dealing with execution and filing of certificates of limited partnership and certificates of amendment and cancellation. When adopted in 1976, Ar-

degree of flexibility in defining the relations among the partners that is not available in the corporate form. Moreover, the relationship among partners is consensual, and under some circumstances may require a general partner to seek approval of the other partners (sometimes unanimous approval) under circumstances that corporate management would find unthinkable. The limited partnership was not intended to be an alternative in all cases where the corporate form is undesirable for tax or other reasons, and the 1976 Act was not intended to make it so. The 1976 Act clarified many ambiguities and filled interstices in the 1916 Act by adding more detailed language and mechanics. In addition, it effected some important substantive changes and additions from the prior uniform law.

The Uniform Limited Partnership Act (1976) with the 1985 Amendments (the 1985 Act) follows the 1976 Act very closely in most respects. It makes almost no change in the basic structure of the 1976 Act. It does, however, differ from the 1976 Act in certain significant respects for the purpose of more effectively modernizing, improving, and establishing uniformity in the law of limited partnerships. The 1985 Act accomplishes this, without impairing the basic philosophy or values underlying the 1976 Act, by incorporating into the structure, framework, and text of the 1976 Act the best and most important improvements that have emerged in the limited partnership acts enacted recently by certain states. Most of those improvements were considered by the draftsmen of the 1976 Act but were not included in it because of uncertainties as to the possible consequences of such inclusion under applicable Federal income tax laws. Those uncertainties have since been resolved satisfactorily, and no impediment to incorporating them in the 1985 Act remains at this time.

Article 1 provides a list of all of the definitions used in the Act, integrates the use of limited partnership names with corporate names and provides for an office and agent for service of process in the state of organization. All of these provisions were innovations in the 1976 Act and were carried over from the 1976 Act to the 1985 Act. Article 2 collects in one place all provisions dealing with execution and filing of certificates of limited partnership and certificates of amendment and cancellation. When adopted in 1976, Ar-

ticles 1 and 2 reflected an important change in the prior statutory scheme: recognition that the basic document in any partnership, including a limited partnership, is the partnership agreement. The certificate of limited partnership is not a constitutive document (except in the sense that it is a statutory prerequisite to creation of the limited partnership), and merely reflects the most basic matters as to which government officials, creditors, and others dealing or considering dealing with the partnership should be put on notice. This principle is further implemented by the 1985 Act's elimination of the requirement, carried from the original 1916 Act into the 1976 Act, that the certificate of limited partnership set out the name, address, and capital contribution of each limited partner and certain other details relating to the operation of the partnership and the respective rights of the partners. The former requirement served no significant practical purpose while it imposed on limited partnerships (particularly those having large numbers of partners or doing business in more than one state) inordinate administrative and logistical burdens and expenses connected with filing and amending their certificates of limited partnership. Many of the other changes made by the 1985 Act merely reflect the elimination of that requirement.

Article 3 deals with the single most difficult issue facing lawyers who use the limited partnership form of organization: the powers and potential liabilities of limited partners. Section 303 lists a number of activities in which a limited partner may engage without being held to have so significantly participated in the control of the business that he acquires the liability of a general partner. Moreover, it goes on to confine the liability of a limited partner who merely participates in control to situations in which persons who actually know of that participation in control are misled thereby to their detriment into reasonably believing the limited partner to be a general partner. This "detrimental reliance" test, together with an expansion of the "laundry list" of specific activities in which limited partners may participate without incurring liability, are among the principal innovations in the 1985 Act.

The provisions relating to general partners are collected in Article 4. It differs little from the corresponding article in the 1976 Act, except that some of the 1976 Act's references to the certificate

of limited partnership have been changed to refer instead to the partnership agreement. This is in recognition of the principle that the limited partnership agreement, not the certificate of limited partnership, is the primary constitutive, organizational, and governing document of a limited partnership. Article 5, dealing with finance, differs in some important respects from Article 5 of the 1976 Act, which itself made some important changes from the 1916 Act. The 1976 Act explicitly permitted contributions to the partnership to be made in the form of the contribution of services and promises to contribute cash, property, or services, and provided that those who failed to perform promised services were required, in the absence of an agreement to the contrary, to pay the value of the services as stated in the certificate of limited partnership. These important innovations of the 1976 Act are retained in substance in the 1985 Act. However, the 1985 Act substitutes the partnership agreement and the records of the limited partnership for the certificate of limited partnership as the place such agreements are to be set out and such information is to be kept.

Article 6 of the 1976 Act, dealing with distributions and with the withdrawal of partners from the partnership, made a number of changes from the 1916 Act. For example, Section 608 created a statute of limitations applicable to the right of a limited partnership to recover all or part of a contribution that had been returned to a limited partner, whether to satisfy creditors or otherwise. The 1985 Act retains these features of the 1976 Act without substantive change.

In both the 1976 and the 1985 Acts, the assignability of partnership interests is dealt with in considerable detail in Article 7, and the provisions relating to dissolution appear in Article 8. Article 8 of the 1976 Act established a new standard for seeking judicial dissolution of a limited partnership, which standard is carried forward into the 1985 Act.

Article 9 of the 1976 and 1985 Acts deals with one of the thorniest questions for those who operate limited partnerships in more than one state, i.e., the status of the partnership in a state other than the state of its organization. Neither case law under the 1916 Act nor administrative practice made it clear which state's law governed the partnership or whether, in that other state, the limited

partners continued to possess limited liability. Article 9 of the 1976 Act dealt with this problem by providing for registration of foreign limited partnerships and specifying choice-of-law rules. Article 9 of the 1985 Act retains all of those basic provisions and innovations of the 1976 Act.

Article 10 of the 1976 Act represented another significant innovation, by authorizing derivative actions to be brought by limited partners. The 1916 Act failed to address this entire concept. Article 10 of the 1985 Act clarifies certain provisions of the 1976 Act but does not make any substantive changes in the corresponding provisions of the 1976 Act.

Finally Article 11 sets out a number of miscellaneous provisions, not the least of which are those dealing with the application of the new statute to limited partnerships in existence at the time of its enactment. Those provisions in the 1976 Act were expanded upon by the 1985 Act to give greater deference to the possible expectations, some of which may have constitutionally protected status, of partners in such limited partnerships concerning the continuing applicability to their partnerships of the law in effect when they were organized.

## ARTICLE 1. GENERAL PROVISIONS

### *§101. Definitions*

As used in this [Act], unless the context otherwise requires:

(1) "Certificate of limited partnership" means the certificate referred to in Section 201, and the certificate as amended or restated.

(2) "Contribution" means any cash, property, services rendered, or a promissory note or other obligation to contribute cash or property or to perform services, which a partner contributes to a limited partnership in his capacity as a partner.

(3) "Event of withdrawal of a general partner" means an event that causes a person to cease to be a general partner as provided in Section 402.

(4) "Foreign limited partnership" means a partnership formed under the laws of another state and having as partners one or more general partners and one or more limited partners.

(5) "General partner" means a person who has been admitted to a limited partnership as a general partner in accordance with the partnership agreement and named in the certificate of limited partnership as a general partner.

(6) "Limited partner" means a person who has been admitted to a limited partnership as a limited partner in accordance with the partnership agreement.

(7) "Limited partnership" and "domestic limited partnership" means a partnership formed by two or more persons under the laws of this State and having one or more general partners and one or more limited partners.

(8) "Partner" means a limited or general partner.

(9) "Partnership agreement" means a valid agreement, written or oral, of the partners as to the affairs of a limited partnership and the conduct of its business.

(10) "Partnership interest" means a partner's share of the profits and losses of a limited partnership and the right to receive distributions of partnership assets.

(11) "Person" means an individual, corporation, business trust, estate, trust, partnership, association, joint venture, [government, governmental subdivision or agency,] or any other legal or commercial entity.

(12) "State" means a state, territory, or possession of the United States, the District of Columbia, or the Commonwealth of Puerto Rico.

## *§102. Name*

The name of each limited partnership as set forth in its certificate of limited partnership:

(1) must contain without abbreviation the words "limited partnership";

(2) may not contain the name of a limited partner unless (i) it is also the name of a general partner or the corporate name of a

corporate general partner, or (ii) the business of the limited partnership had been carried on under that name before the admission of that limited partner;

(3) may not be the same as, or deceptively similar to, the name of a corporation or limited partnership organized under the laws of this State or licensed or registered as a foreign corporation or limited partnership in this State; and

(4) may not contain the following words [here insert prohibited words].

## *§103. Reservation of Name*

(a) The exclusive right to the use of a name may be reserved by:

(1) a person intending to organize a limited partnership under this [Act] and to adopt that name;

(2) a domestic limited partnership or a foreign limited partnership registered in this State which, in either case, intends to adopt that name;

(3) a foreign limited partnership intending to register in this State and adopt that name; and

(4) a person intending to organize a foreign limited partnership and intending to have it register in this State and adopt that name.

(b) The reservation must be made by filing with the Secretary of State an application, executed by the applicant, to reserve a specified name. If the Secretary of State finds that the name is available for use by a domestic or foreign limited partnership, he [or she] shall reserve the name for the exclusive use of the applicant for a period of 120 days. Once having so reserved a name, the applicant may not again reserve the same name until more than 60 days after the expiration of the last 120-day period for which that applicant reserved that name. The right to the exclusive use of a reserved name may be transferred to any other person by filing in the office of the Secretary of State a notice of the transfer, executed by the applicant for whom the name was reserved and specifying the name and address of the transferee.

## §104. *Specified Office and Agent*

(a) Each limited partnership shall continuously maintain in this State:

(1) an office, which may but need not be a place of its business in this State, at which must be kept the records required by Section 105 to be maintained; and

(2) an agent for service of process on the limited partnership.

(b) An agent for service of process must be an individual resident of this State, a domestic corporation, or a foreign corporation authorized to do business in this State.

## §105. *Records to Be Kept*

(a) Each limited partnership shall keep at the office referred to in Section 104(a)(1) the following:

(1) a current list of the full name and last known business address of each partner, separately identifying in alphabetical order the general partners and the limited partners;

(2) a copy of the certificate of limited partnership and all certificates of amendment thereto, together with executed copies of any powers of attorney pursuant to which any certificate has been executed;

(3) copies of the limited partnership's federal, state and local income tax returns and reports, if any, for the three most recent years;

(4) copies of any then effective written partnership agreements and of any financial statements of the limited partnership for the three most recent years; and

(5) unless contained in a written partnership agreement, a writing setting out:

(i) the amount of cash and a description and statement of the agreed value of the other property or services contributed by each partner and which each partner has agreed to contribute;

(ii) the times at which or events on the happening of

which any additional contributions agreed to be made by each partner are to be made;

(iii) any right of a partner to receive, or of a general partner to make, distributions to a partner which include a return of all or any part of the partner's contribution; and

(iv) any events upon the happening of which the limited partnership is to be dissolved and its affairs wound up.

(b) Records kept under this section are subject to inspection and copying at the reasonable request and at the expense of any partner during ordinary business hours.

### *§106. Nature of Business*

A limited partnership may carry on any business that a partnership without limited partners may carry on except [here designate prohibited activities].

### *§107. Business Transactions of Partner with Partnership*

Except as provided in the partnership agreement, a partner may lend money to and transact other business with the limited partnership and, subject to other applicable law, has the same rights and obligations with respect thereto as a person who is not a partner.

## ARTICLE 2. FORMATION: CERTIFICATE OF LIMITED PARTNERSHIP

### *§201. Content of Certificate*

(a) In order to form a limited partnership, a certificate of limited partnership must be executed and filed in the office of the Secretary of State. The certificate must set forth:

(1) the name of the limited partnership;

(2) the address of the office and the name and address of the agent for service of process required to be maintained by Section 104;

(3) the name and the business address of each general partner;

(4) the latest date upon which the limited partnership is to dissolve; and

(5) any other matters the general partners determine to include therein.

(b) A limited partnership is formed at the time of the filing of the certificate of limited partnership in the office of the Secretary of State or at any later time specified in the certificate of limited partnership if, in either case, there has been substantial compliance with the requirements of this section.

## §202. *Amendment to Certificate*

(a) A certificate of limited partnership is amended by filing a certificate of amendment thereto in the office of the Secretary of State. The certificate must set forth:

(1) the name of the limited partnership;

(2) the date of filing the certificate; and

(3) the amendment to the certificate.

(b) Within 30 days after the happening of any of the following events, an amendment to a certificate of limited partnership reflecting the occurrence of the event or events must be filed:

(1) the admission of a new general partner;

(2) the withdrawal of a general partner; or

(3) the continuation of the business under Section 801 after an event of withdrawal of a general partner.

(c) A general partner who becomes aware that a statement in a certificate of limited partnership was false when made or that arrangements or other facts described have changed, making the certificate inaccurate in any respect, shall promptly amend the certificate.

(d) A certificate of limited partnership may be amended at any time for any other proper purpose the general partners determine.

(e) If an amendment to a certificate of limited partnership is filed in compliance with subsection (b), no person is subject to liability because the amendment was not filed earlier.

(f) A restated certificate of limited partnership may be executed and filed in the same manner as a certificate of amendment.

## 203. *Cancellation of Certificate*

A certificate of limited partnership must be cancelled upon the dissolution and the commencement of winding up of the partnership or when there are no limited partners. A certificate of cancellation must be filed in the office of the Secretary of State and set forth:

(1) the name of the limited partnership;

(2) the date of filing of its certificate of limited partnership;

(3) the reason for filing the certificate of cancellation;

(4) the effective date of cancellation, which must be a date certain unless it is effective upon the filing of the certificate; and

(5) any other information the general partners filing the certificate determine.

## §204. *Execution of Certificates*

(a) Each certificate required by this Article to be filed in the office of the Secretary of State must be executed in the following manner:

(1) an original certificate of limited partnership must be signed by all general partners;

(2) a certificate of amendment must be signed by at least one general partner and by each other general partner designated in the certificate as a new general partner; and

(3) a certificate of cancellation must be signed by all general partners.

(b) Any person may sign a certificate by an attorney-in-fact, but a power of attorney to sign a certificate relating to the admission of a general partner must specifically describe the admission.

(c) The execution of a certificate by a general partner constitutes an affirmation under the penalties of perjury that the facts stated are true.

## *§205. Execution by Judicial Act*

If a person required by Section 204 to execute a certificate fails or refuses to do so, any other person who is adversely affected by the failure or refusal may petition the [designate the appropriate court] to direct the execution of the certificate. If the court finds that it is proper for the certificate to be executed and that any person so designated has failed or refused to execute the certificate, it shall order the Secretary of State to record an appropriate certificate.

## *§206. Filing in Office of Secretary of State*

(a) Two signed copies of the certificate of limited partnership and of any certificates of amendment or cancellation, or of any judicial decree of amendment or cancellation, must be delivered to the Secretary of State. A person who executes a certificate as an agent or fiduciary need not exhibit evidence of his [or her] authority as a prerequisite to filing. Unless the Secretary of State finds that a certificate does not conform to law, upon receipt of all filing fees required by law he [or she] shall:

(1) endorse on each duplicate original the word "Filed" and the day, month, and year of the filing thereof;

(2) file one duplicate original in his [or her] office; and

(3) return the other duplicate original to the person who filed it or his representative.

(b) Upon the filing of a certificate of amendment or judicial decree of amendment in the office of the Secretary of State, the certificate of limited partnership must be amended as set forth therein, and upon the effective date of a certificate of cancellation or a judicial decree thereof, the certificate of limited partnership is cancelled.

## *§207. Liability for False Statement in Certificate*

If a certificate of limited partnership or certificate of amendment or cancellation contains a false statement, one who suffers loss by reliance on the statement may recover damages for the loss from:

(1) a person who executed the certificate, or caused another to execute it on his behalf, and knew, and a general partner who knew or should have known, the statement to be false at the time the certificate was executed; and

(2) a general partner who thereafter knew or should have known that an arrangement or other fact described in the certificate has changed, making the statement inaccurate in any respect within a sufficient time before the statement was relied upon reasonably to have enabled that general partner to cancel or amend the certificate or to file a petition for its cancellation or amendment under Section 205.

## *§208. Scope of Notice*

The fact that a certificate of limited partnership is on file in the office of the Secretary of State is notice that the partnership is a limited partnership and that a person designated as a general partner is a general partner, but it is not notice of any other fact.

## *§209. Delivery of Certificates to Limited Partners*

Upon the return by the Secretary of State pursuant to Section 206 of a certificate marked "Filed," the general partners shall promptly deliver or mail a copy of the certificate of limited partnership and each certificate of amendment or cancellation to each limited partner unless the partnership agreement provides otherwise.

# ARTICLE 3. LIMITED PARTNERS

## *§301. Admission of Limited Partners*

(a) A person becomes a limited partner on the later of:

(1) the date the original certificate of limited partnership is filed; or

(2) the date stated in the records of the limited partnership as the date that person becomes a limited partner.

(b) After the filing of a limited partnership's original certificate of limited partnership, a person may be admitted as an additional limited partner:

(1) in the case of a person acquiring a partnership interest directly from the limited partnership, upon compliance with the partnership agreement or, if the partnership agreement does not so provide, upon the written consent of all partners; and

(2) in the case of an assignee of a partnership interest of a partner who has the power, as provided in Section 704, to grant the assignee the right to become a limited partner, upon the exercise of that power and compliance with any conditions limiting the grant or exercise of the power.

## *§302. Voting*

Subject to Section 303, the partnership agreement may grant to all or a specified group of the limited partners the right to vote upon any matter on a per capita or other basis.

## *§303. Liability to Third Parties*

(a) Except as provided in subsection (d), a limited partner is not liable for the obligations of a limited partnership unless be [or she] is also a general partner or, in addition to the exercise of his [or her] rights and powers as a limited partner, he [or she] participates in the control of the business. However, if the limited partner participates in the control of the business, he [or she] is liable only to persons who transact business with the limited partnership rea-

sonably believing, based upon the limited partner's conduct, that the limited partner is a general partner.

(b) A limited partner does not participate in the control of the business within the meaning of subsection (a) solely by doing one or more of the following:

(1) being a contractor for or an agent or employee of the limited partnership or of a general partner or being an officer, director, or shareholder of a general partner that is a corporation;

(2) consulting with and advising a general partner with respect to the business of the limited partnership;

(3) acting as surety for the limited partnership or guaranteeing or assuming one or more specific obligations of the limited partnership;

(4) taking any action required or permitted by law to bring or pursue a derivative action in the right of the limited partnership;

(5) requesting or attending a meeting of partners;

(6) proposing, approving, or disapproving, by voting or otherwise, one or more of the following matters:

(i) the dissolution and winding up of the limited partnership;

(ii) the sale, exchange, lease, mortgage, pledge, or other transfer of all or substantially all of the assets of the limited partnership;

(iii) the incurrence of indebtedness by the limited partnership other than in the ordinary course of its business;

(iv) a change in the nature of the business;

(v) the admission or removal of a general partner;

(vi) the admission or removal of a limited partner;

(vii) a transaction involving an actual or potential conflict of interest between a general partner and the limited partnership or the limited partners

(viii) an amendment to the partnership agreement or certificate of limited partnership; or

(ix) matters related to the business of the limited partnership not otherwise enumerated in this subsection, which the partnership agreement states in writing may be subject to the approval or disapproval of limited partners;

(7) winding up the limited partnership pursuant to Section 803; or

(8) exercising any right or power permitted to limited partners under this [Act] and not specifically enumerated in this subsection.

(c) The enumeration in subsection (b) does not mean that the possession or exercise of any other powers by a limited partner constitutes participation by him [or her] in the business of the limited partnership.

(d) A limited partner who knowingly permits his [or her] name to be used in the name of the limited partnership, except under circumstances permitted by Section 102(2), is liable to creditors who extend credit to the limited partnership without knowledge that the limited partner is not a general partner.

## *§304. Person Erroneously Believing Himself Limited Partner*

(a) Except as provided in subsection (b), a person who makes a contribution to a business enterprise and erroneously but in good faith believes that he [or she] has become a limited partner in the enterprise is not a general partner in the enterprise and is not bound by its obligations by reason of making the contribution, receiving distributions from the enterprise, or exercising any right of a limited partner, if, on ascertaining the mistake, he [or she]:

(1) causes an appropriate certificate of limited partnership or a certificate of amendment to be executed and filed; or

(2) withdraws from future equity participation in the enterprise by executing and filing in the office of the Secretary of State a certificate declaring withdrawal under this section.

(b) A person who makes a contribution of the kind described in subsection (a) is liable as a general partner to any third party who transacts business with the enterprise (i) before the person withdraws and an appropriate certificate is filed to show withdrawal, or (ii) before an appropriate certificate is filed to show that he [or she] is not a general partner, but in either case only if the third party believed in good faith that the person was a general partner at the time of the transaction.

### *§305. Information*

A limited partner may:

(1) inspect and copy any partnership record required to be maintained by Section 105; and

(2) obtain from the general partners from time to time upon reasonable demand (i) true and full information regarding the state of the business and financial condition of the limited partnership, (ii) promptly after becoming available, a copy of the limited partnership's federal, state, and local income tax returns for each year, and (iii) other information regarding the affairs of the limited partnership as is just and reasonable.

## ARTICLE 4. GENERAL PARTNERS

### *§401. Admission of Additional General Partners*

After the filing of a limited partnership's original certificate of limited partnership, additional general partners may be admitted as provided in writing in the partnership agreement or, if the partnership agreement does not provide in writing for the admission of additional general partners, with the written consent of all partners.

### *§402. Events of Withdrawal*

Except as approved by written consent of all partners at the time, a person ceases to be a general partner of a limited partnership upon the occurrence of one or more of the following events:

(1) the general partner withdraws from the limited partnership as provided in Section 602;

(2) the general partner ceases to be a member of the limited partnership as provided in Section 702;

(3) the general partner is removed as a general partner in accordance with the partnership agreement;

(4) unless otherwise provided in writing in the partnership agreement, the general partner: (i) makes an assignment for the

benefit of creditors; (ii) files a voluntary petition in bankruptcy; (iii) is adjudicated a bankrupt or insolvent; (iv) files a petition or answer seeking for himself [or herself] any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law, or regulation; (v) files an answer or other pleading admitting or failing to contest the material allegations of a petition filed against him [or her] in any proceeding of this nature; or (vi) seeks, consents to, or acquiesces in the appointment of a trustee, receiver, or liquidator of the general partner or of all or any substantial part of his [or her] properties;

(5) unless otherwise provided in writing in the partnership agreement, [120] days after the commencement of any proceeding against the general partner seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law, or regulation, the proceeding has not been dismissed, or if within [90] days after the appointment without his [or her] consent or acquiescence of a trustee, receiver, or liquidator of the general partner or of all or any substantial part of his [or her] properties, the appointment is not vacated or stayed or within [90] days after the expiration of any stay, the appointment is not vacated;

(6) in the case of a general partner who is an individual,

(i) his [or her] death; or

(ii) the entry of an order by a court of competent jurisdiction adjudicating him [or her] incompetent to manage his [or her] person or his [or her] estate;

(7) in the case of a general partner who is acting as such by virtue of being a trustee of a trust, the termination of the trust, but not merely the substitution of a new trustee;

(8) in the case of a general partner that is a separate partnership, the dissolution and commencement of winding up of the separate partnership;

(9) in the case of a general partner that is a corporation, the filing of a certificate of its dissolution or the equivalent or the revocation of its charter; or

(10) in the case of an estate, the distribution by the fiduciary of the estate's entire interest in the partnership.

## §403. *General Powers and Liabilities*

(a) Except as provided in this [Act] or in the partnership agreement, a general partner of a limited partnership has the rights and powers and is subject to the restrictions of a partner in a partnership without limited partners.

(b) Except as provided in this [Act], a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners. Except as provided in this [Act] or in the partnership agreement, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to the partnership and to the other partners.

## §404. *Contributions by General Partner*

A general partner of a limited partnership may make contributions to the partnership and share in the profits and losses of, and in distributions from, the limited partnership as a general partner. A general partner also may make contributions to and share in profits, losses, and distributions as a limited partner. A person who is both a general partner and a limited partner has the rights and powers and is subject to the restrictions and liabilities of a general partner and, except as provided in the partnership agreement, also has the powers and is subject to the restrictions of a limited partner to the extent of his [or her] participation in the partnership as a limited partner.

## §405. *Voting*

The partnership agreement may grant to all or certain identified general partners the right to vote, on a per capita or any other basis and separately or with all or any class of the limited partners, on any matter.

## ARTICLE 5. FINANCE

### *§501. Form of Contribution*

The contribution of a partner may be in cash, property, services rendered, or a promissory note or other obligation to contribute cash or property or to perform services.

### *§502. Liability for Contribution*

(a) A promise by a limited partner to contribute to the limited partnership is not enforceable unless set out in a writing signed by the limited partner.

(b) Except as provided in the partnership agreement, a partner is obligated to the limited partnership to perform an enforceable promise to contribute cash or property or to perform services, even if he [or she] is unable to perform because of death, disability, or any other reason. If a partner does not make the required contribution of property or services, he [or she] is obligated at the option of the limited partnership to contribute cash equal to that portion of the value, as stated in the partnership records required to be kept pursuant to Section 105, of the stated contribution which has not been made.

(c) Unless otherwise provided in the partnership agreement, the obligation of a partner to make a contribution or return money or other property paid or distributed in violation of this [Act] may be compromised only by consent of all partners. But, a creditor of a limited partnership who extends credit or otherwise acts in reliance on that obligation after the partner signs a writing that reflects the obligation and before the amendment or cancellation thereof to reflect the compromise may enforce the original obligation.

### *§503. Sharing of Profits and Losses*

The profits and losses of a limited partnership must be allocated among the partners, and among classes of partners, in the manner provided in the partnership agreement. If the partnership

agreement does not so provide in writing, profits and losses must be allocated on the basis of the value, as stated in the partnership records required to be kept pursuant to Section 105, of the contributions made by each partner to the extent they have been received by the partnership and have not been returned.

### *§504. Sharing of Distributions*

Distributions of cash or other assets of a limited partnership must be allocated among the partners and among classes of partners in the manner provided in writing in the partnership agreement. If the partnership agreement does not so provide in writing, distributions must be made on the basis of the value, as stated in the partnership records required to be kept pursuant to Section 105, of the contributions made by each partner to the extent they have been received by the partnership and have not been returned.

## ARTICLE 6. DISTRIBUTIONS AND WITHDRAWAL

### *§601. Interim Distributions*

Except as provided in this Article, a partner is entitled to receive distributions from a limited partnership before his [or her] withdrawal from the limited partnership and before the dissolution and winding up thereof to the extent and at the times or upon occurrence of the events specified in the partnership agreement.

### *§602. Withdrawal of General Partner*

A general partner may withdraw from a limited partnership at any time by giving written notice to the other partners, but if the withdrawal violates the partnership agreement, the limited partnership may recover from the withdrawing general partner damages for breach of the partnership agreement and offset the damages against the amount otherwise distributable to him [or her].

## §603. *Withdrawal of Limited Partner*

A limited partner may withdraw from a limited partnership at the time or upon the occurrence of events specified in writing in the partnership agreement. If the agreement does not specify in writing the time or the events upon the occurrence of which a limited partner may withdraw or a definite time for the dissolution and winding up of the limited partnership, a limited partner may withdraw upon not less than six months' written notice to each general partner at his [or her] address on the books of the limited partnership at its office in this State.

## §604. *Distribution upon Withdrawal*

Except as provided in this Article, upon withdrawal any withdrawing partner is entitled to receive any distribution to which he [or she] is entitled under the partnership agreement and, if not otherwise provided in the agreement, he [or she] is entitled to receive, within a reasonable time after withdrawal, the fair value of his [or her] interest in the limited partnership as of the date of withdrawal based upon his [or her] right to share in distributions from the limited partnership.

## §605. *Distribution in Kind*

Except as provided in writing in the partnership agreement, a partner, regardless of the nature of his [or her] contribution, has no right to demand and receive any distribution from a limited partnership in any form other than cash. Except as provided in writing in the partnership agreement, a partner may not be compelled to accept a distribution of any asset in kind from a limited partnership to the extent that the percentage of the asset distributed to him [or her] exceeds a percentage of that asset which is equal to the percentage in which he [or she] shares in distributions from the limited partnership.

## *§606. Right to Distribution*

At the time a partner becomes entitled to receive a distribution, he [or she] has the status of, and is entitled to all remedies available to, a creditor of the limited partnership with respect to the distribution.

## *§607. Limitations on Distribution*

A partner may not receive a distribution from a limited partnership to the extent that, after giving effect to the distribution, all liabilities of the limited partnership, other than liabilities to partners on account of their partnership interests, exceed the fair value of the partnership assets.

## *§608. Liability upon Return of Contribution*

(a) If a partner has received the return of any part of his [or her] contribution without violation of the partnership agreement or this [Act], he [or she] is liable to the limited partnership for a period of one year thereafter for the amount of the returned contribution, but only to the extent necessary to discharge the limited partnership's liabilities to creditors who extended credit to the limited partnership during the period the contribution was held by the partnership.

(b) If a partner has received the return of any part of his [or her] contribution in violation of the partnership agreement or this [Act], he [or she] is liable to the limited partnership for a period of six years thereafter for the amount of the contribution wrongfully returned.

(c) A partner receives a return of his [or her] contribution to the extent that a distribution to him [or her] reduces his [or her] share of the fair value of the net assets of the limited partnership below the value, as set forth in the partnership records required to be kept pursuant to Section 105, of his [or her] contribution which has not been distributed to him [or her].

## ARTICLE 7. ASSIGNMENT OF PARTNERSHIP INTERESTS

### §701. *Nature of Partnership Interest*

A partnership interest is personal property.

### §702. *Assignment of Partnership Interest*

Except as provided in the partnership agreement, a partnership interest is assignable in whole or in part. An assignment of a partnership interest does not dissolve a limited partnership or entitle the assignee to become or to exercise any rights of a partner. An assignment entitles the assignee to receive, to the extent assigned, only the distribution to which the assignor would have been entitled. Except as provided in the partnership agreement, a partner ceases to be a partner upon assignment of all of his [or her] partnership interest.

### §703. *Rights of Creditor*

On application to [designate appropriate court] by a judgment creditor of a partner, the court may charge the partnership interest of the partner with payment of the unsatisfied amount of the judgment, with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the partnership interest. This [Act] does not deprive any partner of the benefit of any exemption laws applicable to his [or her] partnership interest.

### §704. *Right of Assignee to Become Limited Partner*

(a) An assignee of a partnership interest, including an assignee of a general partner, may become a limited partner if and to the

extent that (i) the assignor gives the assignee that right in accordance with authority provided in the partnership agreement, or (ii) all other partners consent.

(b) An assignee who has become a limited partner has, to the extent assigned, the rights and powers and is subject to the restrictions and liabilities of a limited partner under the partnership agreement and this [Act]. An assignee who becomes a limited partner also is liable for the obligations of his [or her] assignor to make and return contributions as provided in Articles 5 and 6. However, the assignee is not obligated for liabilities unknown to the assignee at the time he [or she] became a limited partner.

(c) If an assignee of a partnership interest becomes a limited partner, the assignor is not released from his [or her] liability to the limited partnership under Sections 207 and 502.

### §705. *Power of Estate of Deceased or Incompetent Partner*

If a partner who is an individual dies or a court of competent jurisdiction adjudges him [or her] to be incompetent to manage his [or her] person or his [or her] property, the partner's executor, administrator, guardian, conservator, or other legal representative may exercise all the partner's rights for the purpose of settling his [or her] estate or administering his [or her] property, including any power the partner had to give an assignee the right to become a limited partner. If a partner is a corporation, trust, or other entity and is dissolved or terminated, the powers of that partner may be exercised by its legal representative or successor.

## ARTICLE 8. DISSOLUTION

### §801. *Nonjudicial Dissolution*

A limited partnership is dissolved and its affairs must be wound up upon the first of the following to occur:

(1) at the time specified in the certificate of limited partnership;

(2) upon the occurrence of events specified in writing in the partnership agreement;

(3) written consent of all partners;

(4) an event of withdrawal of a general partner unless at the time there is at least one other general partner and the written provisions of the partnership agreement permit the business of the limited partnership to be carried on by the remaining general partner and that partner does so, but the limited partnership is not dissolved and is not required to be wound up by reason of any event of withdrawal if, within 90 days after the withdrawal, all partners agree in writing to continue the business of the limited partnership and to the appointment of one or more additional general partners if necessary or desired; or

(5) entry of a decree of judicial dissolution under Section 802.

## *§802. Judicial Dissolution*

On application by or for a partner, the [designate the appropriate court] court may decree dissolution of a limited partnership if it is not reasonably practicable to carry on the business in conformity with the partnership agreement.

## *§803. Winding Up*

Except as provided in the partnership agreement, the general partners who have not wrongfully dissolved a limited partnership or, if none, the limited partners, may wind up the limited partnership's affairs; but the [designate the appropriate court] court may wind up the limited partnership's affairs upon application of a partner, his [or her] legal representative, or assignee.

### *§804. Distribution of Assets*

Upon the winding up of a limited partnership, the assets must be distributed as follows:

(1) to creditors, including partners who are creditors, to the extent permitted by law, in satisfaction of liabilities of the limited partnership other than liabilities for distributions to partners under Section 601 or 604;

(2) except as provided in the partnership agreement, to partners and former partners in satisfaction of liabilities for distributions under Section 601 or 604; and

(3) except as provided in the partnership agreement, to partners first for the return of their contributions and secondly respecting their partnership interests, in the proportions in which the partners share in distribution.

## ARTICLE 9. FOREIGN LIMITED PARTNERSHIPS

### *§901. Law Governing*

Subject to the Constitution of this State, (i) the laws of the state under which a foreign limited partnership is organized govern its organization and internal affairs and the liability of its limited partners, and (ii) a foreign limited partnership may not be denied registration by reason of any difference between those laws and the laws of this State.

### *§902. Registration*

Before transacting business in this State, a foreign limited partnership shall register with the Secretary of State. In order to register, a foreign limited partnership shall submit to the Secretary

of State an application in duplicate for registration as a foreign limited partnership, signed and sworn to by a general partner and setting forth:

(1) the name of the foreign limited partnership and, if different, the name under which it proposes to register and transact business in this State;

(2) the State and date of its formation;

(3) the name and address of any qualified agent for service of process on the foreign limited partnership whom the foreign limited partnership elects to appoint; the agent must be an individual resident of this State, a domestic corporation, or a foreign corporation having a place of business and authorized to do business in this State;

(4) a statement that the Secretary of State is appointed the agent of the foreign limited partnership for service of process if no agent has been appointed under paragraph (3) or, if appointed, the agent's authority has been revoked or if the agent cannot be found or served with the exercise of reasonable diligence;

(5) the address of the office required to be maintained in the state of its organization by the laws of that state or, if not so required, of the principal office of the foreign limited partnership;

(6) the name and business address of each general partner; and

(7) the address of the office at which is kept a list of the names and addresses of the limited partners and their capital contributions, together with an undertaking by the foreign limited partnership to keep those records until the foreign limited partnership's registration in this State is cancelled or withdrawn.

## *§903. Issuance of Registration*

(a) If the Secretary of State finds that an application for registration conforms to law and all requisite fees have been paid, he [or she] shall:

(1) endorse on the application the word "Filed," and the month, day, and year of the filing;

(2) file in his [or her] office a duplicate original of the application; and

(3) issue a certificate of registration to transact business in this State.

(b) The certificate of registration, together with a duplicate original of the application, must be returned to the person who filed the application or his [or her] representative.

## *§904. Name*

A foreign limited partnership may register with the Secretary of State under any name, whether or not it is the name under which it is registered in its state of organization, that includes without abbreviation the words "limited partnership" and that could be registered by a domestic limited partnership.

## *§905. Changes and Amendments*

If a statement in the application for registration of a foreign limited partnership was false when made or any arrangements or other facts described have changed, making the application inaccurate in any respect, the foreign limited partnership shall promptly file in the office of the Secretary of State a certificate, signed and sworn to by a general partner, correcting the statement.

## *§906. Cancellation of Registration*

A foreign limited partnership may cancel its registration by filing with the Secretary of State a certificate of cancellation signed and sworn to by a general partner. A cancellation does not terminate the authority of the Secretary of State to accept service of process on the foreign limited partnership with respect to [claims for relief] [causes of action] arising out of the transactions of business in this State.

## §907. *Transaction of Business Without Registration*

(a) A foreign limited partnership transacting business in this State may not maintain an action, suit, or proceeding in a court of this State until it has registered in this State.

(b) The failure of a foreign limited partnership to register in this State does not impair the validity of any contract or act of the foreign limited partnership or prevent the foreign limited partnership from defending any action, suit, or proceeding in any court of this State.

(c) A limited partner of a foreign limited partnership is not liable as a general partner of the foreign limited partnership solely by reason of having transacted business in this State without registration.

(d) By transacting business in this State without registration, a foreign limited partnership appoints the Secretary of State as its agent for service of process with respect to a [claim for relief] [cause of action] arising out of the transaction of business in this State.

## §908. *Action by [Appropriate Official]*

The [designate the appropriate official] may maintain an action to restrain a foreign limited partnership from transacting business in this State in violation of this Article.

# ARTICLE 10. DERIVATIVE ACTIONS

## §1001. *Right of Action*

A limited partner may maintain an action in the right of a limited partnership to recover a judgment in its favor if general partners with authority to do so have refused to bring the action or an effort to cause those general partners to bring the action is not likely to succeed.

### §1002. *Proper Plaintiff*

In a derivative action, the plaintiff must be a partner at the time of bringing the action and (i) must have been a partner at the time of the transaction of which he [or she] complains or (ii) his [or her] status as a partner must have devolved upon him [or her] by operation of law or pursuant to the terms of the partnership agreement from a person who was a partner at the time of the transaction.

### §1003. *Pleading*

In a derivative action, the complaint must set forth with particularity the effort of the plaintiff to secure commencement of the action by a general partner or the reasons for not making the effort.

### §1004. *Expenses*

If a derivative action is successful, in whole or in part, or if anything is received by the plaintiff as a result of a judgment, compromise, or settlement of an action or claim, the court may award the plaintiff reasonable expenses, including reasonable attorney's fees, and shall direct him [or her] to remit to the limited partnership the remainder of those proceeds received by him [or her].

## ARTICLE 11. MISCELLANEOUS

### §1101. *Construction and Application*

This [Act] shall be so applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this [Act] among states enacting it.

## *§1102. Short Title*

This [Act] may be cited as the Uniform Limited Partnership Act (1985).

## *§1103. Severability*

If any provision of this [Act] or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the [Act] which can be given effect without the invalid provision or application, and to this end the provisions of this [Act] are severable.

## *§1104. Effective Date, Extended Effective Date and Repeal*

Except as set forth below, the effective date of this [Act] is ________ and the following acts [list existing limited partnership acts] are hereby repealed:

(1) The existing provisions for execution and filing of certificates of limited partnerships and amendments thereunder and cancellations thereof continue in effect until [specify time required to create central filing system], the extended effective date, and Sections 102, 103, 104, 105, 201, 202, 203, 204 and 206 are not effective until the extended effective date.

(2) Section 402, specifying the conditions under which a general partner ceases to be a member of a limited partnership, is not effective until the extended effective date, and the applicable provisions of existing law continue to govern until the extended effective date.

(3) Sections 501, 502 and 608 apply only to contributions and distributions made after the effective date of this [Act].

(4) Section 704 applies only to assignments made after the effective date of this [Act].

(5) Article 9, dealing with registration of foreign limited partnerships, is not effective until the extended effective date.

(6) Unless otherwise agreed by the partners, the applicable provisions of existing law governing allocation of profits and losses (rather than the provisions of Section 503), distributions to a withdrawing partner (rather than the provisions of Section 604), and distribution of assets upon the winding up of a limited partnership (rather than the provisions of Section 804) govern limited partnerships formed before the effective date of this [Act].

### *§1105. Savings Clause*

The repeal of any statutory provision by this [Act] does not impair, or otherwise affect, the organization or the continued existence of a limited partnership existing at the effective date of this [Act], nor does the repeal of any existing statutory provision by this [Act] impair any contract or affect any right accrued before the effective date of this [Act].

### *§1106. Rules for Cases Not Provided for in This Act*

In any case not provided for in this [Act] the provisions of the Uniform Partnership Act govern.