IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-211T
(Judge Victor J. Wolski)

JAMES R. THOMPSON,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**SECOND SUPPLEMENTAL APPENDIX TO PLAINTIFF'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

**VOLUME VII**


| Description | Page(s) |
|---|---|
| 2001 IRS NSAR 11454 | 284-292 |
| Treasury Reg. §301.6231(a)(7)-1 and (a)(7)-2 | 293-298 |

Internal Revenue Service (I.R.S.)

Non Docketed Service Advice Review

Issue: June 1, 2001

Section 6231 -- Definitions and Special Rules

6231.00-00 Definitions and Special Rules

CC:LM:FSH:LI:TL-N-1481-01

DRMirabito

**to:** William Rogers, Team Manager-LMSB:FS&H:1102

Attention: Bertrand Levasseur, Revenue Agent

**from:** Jody Tancer, Associate Area Counsel (Financial Services and Health Care:Long Island)

**subject:** *** EIN ***

Our memorandum dated May 7, 2001 (the May 7th memorandum) provided advice to you on treating the taxpayer as a partnership for federal tax purposes, whether a partnership may act as the tax matters partner for a limited liability corporation, who should sign a Form 872 for the taxpayer, and whether the Service must comply with the Internal Revenue Code § 6501(c)(4)(B) requirements has been reviewed by the Office of Chief Counsel. This memorandum is to supplement the earlier document. This memorandum should not be cited as precedent.

Please note that as a result of that review you may now rely on our advice to you as expanded or modified in this memorandum.

1. Issue 1.

*** (EIN ***) (*** or taxpayer) should be treated as a partnership for federal tax purposes. In addition to the authorities cited in our May 7th memorandum, please note that under Internal Revenue Code § 6231(g), effective for taxable years ending after August 5, 1997, the Service may reasonably rely on the partnership return to determine whether the TEFRA provisions in Internal Revenue Code § § 6231 et seq. apply.

2. Issue 2.

In the first line on page 7. of our May 7th memorandum, we discuss the definition of "member-manager." Please note that in addition to that discussion, Treas. Reg. § 301.6231(a)(7)-2 provides, "If there are no elected or designated member-managers ... of the LLC, each member will be treated as a member-manager for purposes of this section."

Page 7 also discusses New York's Limited Liability Company Law. Please further note that under New York law, any member exercising management powers or

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

responsibilities is deemed to be a manager, unless the context otherwise requires. Since New York law does not specifically provide for the election or designation of a member-manager, and because the facts provided do not indicate that the taxpayer designated a member-manager, then under Treas. Reg. § 301.6231(a)(7)-2(b)(3), each member of a LLC is treated as a member-manager for TMP purposes and thus, each member is considered a general partner. Accordingly, and as detailed further in the May 7th memorandum, a partnership may act as TMP for a LLC.

3. Issue 3.

As stated in our May 7th memorandum, you may rely on: (1) our conclusion that *** (EIN ***) as TMP should sign any Form 872 for the taxpayer; (2) our statement on page 8 that the regulations under § 6229 do not specify who may sign Forms 872 for a partnership; 3)our proposed language for the caption of the Form 872; and (4) our alternative suggestion on page 9 regarding having individual partners extend the statute of limitations.

However, you should substitute for our analysis of this issue the following:

Theoretically, any general partner of *** (EIN ***) could act for the taxpayer with respect to its role as the taxpayer's TMP because, under New York Partnership Law (McKinney's 1988), any general partner is generally authorized to bind a partnership. However, we recommend that there be no dealings with a non-TMP general partner of *** because the authority of a general partner other than the TMP to sign a Form 872 for an upper-tier partnership (such as the taxpayer) has not been tested. In addition, if each general partner of *** is considered to have the authority to act on its behalf, the effect would be to make all *** general partners the TMP of the taxpayer.

The facts provided indicate that *** (EIN ***) is the TMP of *** (EIN ***). On a Form 2848 provided by the taxpayer, *** identified himself as the CEO of ***. Thus, *** is authorized to bind the corporation and can sign on behalf of ***.

It is noted that a Form 2848 was obtained with regard to the taxpayer's taxable year under audit. To the extent that a Form 2848 authorization duplicates or substantially complies with Temp. Treas. Reg. § 301.6229(b)- 1T, the authorization should be valid if made or authorized by all general partners. If such were the case, the taxpayer's representative could sign a Form 872. However, the facts provided do not indicate that the Form 2848 for the taxpayer's year under audit was signed by each of the taxpayer's general partners. The facts do not state the name of the representative supposedly authorized to act for the taxpayer. For these reasons, it is not recommended that the alleged representative be relied on to sign a Form 872 for the taxpayer.

***, as the *** of ***, general partner of *** should sign a Form 872 for the taxpayer. The Form 872 must expressly provide that the individual is signing in a representative capacity. Thus, the signature should read as follows:

***, ***, on behalf of *** (EIN ***), General Partner, *** (EIN ***) Tax Matters Partner, *** (EIN ***), (F/K/A *** (EIN ***))

Please contact Diane Mirabito at (516) 688-1709 if you have any questions on this or the May 7th memorandum.

DISCLOSURE STATEMENT

This writing may contain privileged information. Any unauthorized disclosure of this writing may have an adverse effect on privileges, such as the attorney client

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

privilege. If disclosure becomes necessary, please contact this office for our views.

Jody Tancer

Associate Area Counsel (Large and Mid-Size Business)

By:

Diane R. Mirabito

Attorney (LMSB)

**date:** May 7, 2001

**to:** William Rogers, Team Manager-LMSB:FS&H:1102

Attention: Bertrand Levasseur, Revenue Agent

**from:** Jody Tancer, Associate Area Counsel (Financial Services:Long Island)

**subject: *** EIN *****

This memorandum responds to your request for assistance dated March 7, 2001. This memorandum should not be cited as precedent.

ISSUES

1. Should the taxpayer, a limited liability company (LLC), be treated as a partnership or a corporation for federal taxation purposes?

2. May a partnership act as the Tax Matters Person (TMP) for a LLC?

3. Who should sign a Form 872 for the taxpayer?

4. Must the Service comply with the notice requirements of Internal Revenue Code § 6501(c)(4) when seeking to extend the period of limitations under Internal Revenue Code § 6229(b)?

CONCLUSIONS

1. Based upon the facts provided, the taxpayer should be treated as a partnership for federal taxation purposes.

2. A partnership may act as a TMP for a LLC.

3. ***, the taxpayer's TMP, should sign the Form 872.

4. The Service is required to comply with § 6501(c)(4)(B) even though the statute of limitations for a TEFRA partnership (§ 6229) does not expressly incorporate the notice requirements of § 6501(c)(4)(B).

FACTS

The facts, as we understand them to be, are as follows:

*** LLC (EIN ***) (*** or taxpayer) filed a Form 1065 for the fiscal year ended

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

September 30, *** on *** the return indicates it is the final return for ***. This return is the subject of the current audit. On that return, the taxpayer identified *** (EIN ***) as its TMP; therefore, we shall refer to *** as the TMP in this memorandum. The TMP's address is identical to the taxpayer's. According to a Schedule K-1 attached to ***'s Form 1065, the TMP is a partnership and a limited liability company member. On Schedule B, line 4 of the subject Form 1065, the taxpayer further acknowledges that it is subject to the TEFRA provisions of Internal Revenue Code § § 6221 et seq and states that it has two partners. This return lists *** as the date the business started and appears to us to be signed by ***.

In addition to the subject Form 1065 noted above, you have provided us with the following documents:

1. An unsigned Form 1065 for *** listing the taxpayer's EIN (*** for the tax year beginning October 1, *** and ended December 31, ***.

The return indicates that it is the initial return even though it also lists *** as the date business started. This Form 1065 also identifies *** EIN ***, as its TMP. A statement attached to this Form 1065 informs the Service that on ***, *** (EIN omitted), one of the upper tier partners, terminated its interest in an upper tier partnership, ***. Further, according to this statement, this transaction caused a technical termination of the partnership under Internal Revenue Code § 708(b)(1)(B). According to the statement, the Form 1065 "is filed by the newly-formed partnership to cover the period from *** through ***. It is the initial return of the partnership. The new partnership has the same name and identification number as the partnership which terminated on ***." Please note that we express no opinion on the statement's claim regarding a technical termination.

2. A Form 1065 filed by *** F/K/A *** for the taxable year ended December 31, ***.

The form lists the taxpayer's EIN (***) as its own and identifies *** (EIN ***) as its TMP. However, the return states that there are 3 partners. The signature on our copy is illegible.

3. A copy of an unsigned Form 1065 for *** for the period *** to *** The return identifies the entity as a general partnership and lists The *** (EIN ***) as its TMP. A Schedule K-1 attached to this return lists *** (EIN ***) as a general partner. The Form 1065 is marked as a Final return.

4. A Form 2848 provided to the Service by the taxpayer for its fiscal year ended September 30, *** and listing the taxpayer's EIN signed by *** on *** as "*** of the ***, partner of ***, partner of ***, member of ***." This Form 2848 lists the taxpayer's name as "*** (FKA ***" and gives the same address as that listed on the Form 1065 filed by ***.

We conclude from the listed returns that *** as of the date of the Form 1065 for the taxable year ended December 31, *** was doing business as *** (EIN ***). We further conclude that *** (EIN *** was ***'s TMP for the return under audit and we assume the TMP still exists despite the Form 1065 for its taxable year ended September 30, *** being marked as a final return. Our assumption that the taxpayer's TMP still exists is based on: (1) the taxpayer's return for the fiscal period ended December 31, *** identifying *** as its TMP; (2) the taxpayer's return for the taxable year ended December 31, *** again listing *** as its TMP; and (3) and the Form 2848 dated *** signed by *** and referring to *** in his title. However, if you have further information regarding any other changes in ***'s or

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the TMP's name, structure, or existence you should contact this office immediately and should not rely on the analysis herein.

ANALYSIS

Issue 1.: How should the taxpayer be treated for federal taxation purposes?

Effective as of January 1, 1997, Treas. Reg. § 301.7701-1(a) provides that under the Internal Revenue Code, whether an organization is an entity separate from its owners for federal tax purposes is a matter of federal tax law and does not depend on whether the organization is recognized as an entity under state law. LLCs may elect to be classified as a corporation or a partnership for federal tax purposes. **Gregg v. United States, 2001-1 U.S.T.C. ¶ 50,169 (D. Ore. 2000)**.

Under Treas. Reg. § 301.7701-2(a), a business entity is any entity recognized for federal tax purposes not properly classified as a trust. Since we have no information indicating the taxpayer is a trust, we conclude that this regulation pertains to ***. This regulation further provides that a business entity with two or more members, such as the taxpayer, is classified for federal tax purposes as either a partnership or a corporation. Section 301.7701-2(c) provides that the term "partnership" means a business entity that is not a corporation and has at least two members. Treas. Reg. § 301.7701- 2(b) gives the meaning of the term "corporation" and lists eight qualifying entities. Of these eight, based upon the information we have, only one category might apply here: the taxpayer could be considered an association under section (b)(2). However, whether an entity is considered an association must take into account Treas. Reg. § 301.7701-3. Treas. Reg. § 301.7701-3, effective as of January 1, 1997, states that a business entity not classified as a corporation under [section] 301.7701-2(b)(1), (3), (4), (5), (6), (7), or (8) is an *eligible entity*. Since the taxpayer started business on *** according to the returns provided, we consider *** an eligible entity under this regulation.

Per § 301.7701-3(a), an eligible entity may elect its classification for federal tax purposes as further provided in section (c). Section 301.7701- 3(b) provides a default classification for an eligible entity that does not make an election; under the default provision a domestic eligible entity is a partnership if it has two or more members. We are not aware of the taxpayer making an election as discussed in this regulation.

Accordingly, in our opinion the taxpayer should be treated as a partnership for federal tax purposes. [FN1] This conclusion is based on the facts that the taxpayer filed a Form 1065, according to that return the taxpayer had two partners in the fiscal year ended September 30, ***, according to that return the taxpayer was subject to the TEFRA provisions, none of the categories listed in Treas. Reg. § 301.7701-2 appear to apply here, and, although a LLC may elect to be treated as a C corporation by filing Form 8832, Entity Classification Election, we are not aware of any Form 8832 filed by the taxpayer.

In addition, Internal Revenue Code § 6233 provides that where a partnership return is filed by an entity for a taxable year but it is determined that the entity is not a partnership for that year, then, to the extent provided by the pertinent regulations, the TEFRA provisions apply to such entity and to persons holding an interest in such entity. Proposed Treas. Reg. § 301.6233-1(a) states generally that the provisions of subchapter C of chapter 63 of the Code and the regulations thereunder shall apply to an entity which files a partnership return and to such entity's items for the particular taxable year for which a Form 1065 is filed. However, Proposed Treas. Reg. § 301.6233-1(d) contains an exception to the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

general rule in that the TEFRA provisions shall not apply to entities meeting the small partnership exception under Internal Revenue Code § 6231(a)(1)(B). Under the last statute, the term "partnership" does not apply to any partnership having 10 or fewer partners each of whom is an individual, C corporation, or an estate of a deceased partner. Proposed Treas. Reg. § 301.6231(a)(1)-1(a)(2) further provides that the small partnership exception does not apply if any partner in the partnership in a taxable year is a pass-thru partner. Accordingly, in any event, since the taxpayer filed a Form 1065 for its fiscal year ended September 30, *** and the small partnership exception would not apply as at least one partner (the TMP) is a pass-thru partner and a partnership such as the TMP does not quality as an individual, C corporation, or an estate, we conclude the taxpayer is subject to the TEFRA provisions.

Please note, however, that we have reached our conclusion regarding the tax status of the taxpayer without reviewing any of the taxpayer's documents such as its articles of incorporation, articles of organization, operating agreement, or documents regarding the members' agreements. Therefore, if you develop other facts or review any additional documents from the taxpayer which indicate the taxpayer wishes to be treated as a corporation for tax purposes, please contact this office.

Issue 2.: May a partnership serve as the TMP?

As a threshold matter, Internal Revenue Code § 6231(a)(7) defines the TMP of a partnership as the general partner designated as the TMP as provided in the regulations. Treas. Reg. § 301.6231(a)(7)-1 pertains to the designation or selection of the TMP and refers to a "person". Internal Revenue Code § 7701(a)(1) includes a partnership under the definition of person. Therefore, a partnership may serve as the TMP of another partnership.

Secondly, since we concluded that *** as a partnership may act as a TMP, we must determine whether *** meets the statutory and regulatory requirements to act as the TMP of the taxpayer, a LLC. Internal Revenue Code § 6231(a)(7) provides that the TMP of any partnership is the general partner designated as the TMP as provided in the regulations. See Georgetown Petroleum-Edith Forrest, D & D Partnership, a Partnership Other Than the Tax Matters Partner v. Commissioner, T.C. Memo. 1994-13. Treas. Reg. § 301.6231(a)(7)-2 pertains to the designation or selection of a TMP for a LLC. Effective to designations of a TMP of an LLC made on or after December 23, 1996, for purposes of applying § 6231(a)(7), this regulation provides, generally:

1. only a member-manager of an LLC is treated as a general partner and a LLC member who is not a member-manager is treated as a partner other than a general partner;

2. two definitions of LLC for purposes of the regulation such that LLC means an organization: (a) formed under a law that allows the limitation of the liability of all members for the entity's debts and other obligation within the meaning of § 301.7701-3(b)(2)(ii) and (b) is classified as a partnership for federal tax purposes; and

3. a definition of "member-manager" as a member of an LLC who is vested with the continuing exclusive authority to make the management decisions necessary to conduct the business for which the organization was formed. Generally, an LLC statute may permit the LLC to choose management by one or more managers (whether or not members) or by all of the members. (Please note that "member" is defined as any person owning an interest in an LLC).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

In determining who may serve as a TMP for a LLC, state law must be analyzed. Section 609 of New York's LLCL provides generally that neither a member of an LLC, a manager of a LLC managed by a manager, nor agents of an LLC is liable for any debts, obligations, or liabilities of the LLC or each other solely by reason of being a member, manager or agent of the LLC, acting in such capacities, or participating as an employee, consultant, contractor, or otherwise in the conduct of the LLC's business. [FN2] Further, § 401 of New York's LLCL provides generally that management of the LLC shall be vested in its members who shall manage the LLC subject to any provisions in the articles of organization or the operating agreement. Additionally, § 401(b) states that if management of the LLC is vested in its members, then any such member exercising such management powers or responsibilities shall be deemed to be a manager, unless the context otherwise requires, and any such member shall have and be subject to all of the duties and liabilities of a manager. Further, if there are no elected or designated member-managers of the LLC pursuant to this definition, each member will be treated as a member-manager for purposes of this section.

We conclude that *** was eligible to act as the taxpayer's TMP as: (1) it was so designated on the subject Form 1065, [FN3]; (2) we previously concluded above that the taxpayer should be treated as a partnership for federal tax purposes; (3) New York state law provides for limited liability of LLC members and that the LLC members shall manage a LLC [FN4]; and (4)any member will be treated as a member-manager if are no elected or designated member-managers under the regulation. Moreover, we are not aware of any legal reasons, such as those listed in Internal Revenue Code § § 6231(b) or 6231(c) or Prop. Treas. Reg. § § 301.6231(c)-4 through 301.6231(c)-8 why *** could not act as the taxpayer's TMP.

Again, should you develop further information that indicates that *** should not be considered the taxpayer's TMP, please contact us.

3. Issue 3.: Who should sign ***'s Form 872?

Internal Revenue Code § 6229 governs TEFRA statutes of limitation, and § 6229(a) provides a general three year rule for assessments. Section 6229(b) allows any partner to extend the statute of limitations by entering into such an agreement with the Secretary. However, an agreement with a partner other than the TMP extends the statute of limitations only for that partner under § 6229(b)(1)(A). In order to extend the statute of limitations for ALL partners under § 6229(b)(1)(B), the TMP (or any other person authorized by the partnership in writing to enter into such an agreement [FN5]) must enter into such an agreement with the Secretary before the period provided by § 6229(a) expires.

However, the regulations under § 6229 do not specify who may sign Forms 872 for a partnership. (Nor does any revenue ruling or similar Service pronouncement address this issue. Similarly, the regulations under Internal Revenue Code § 6501 do not specify who may sign Forms 872. Although Rev. Rul. 83-41 discusses extending the statute of limitations under § 6501, we take the position that the provisions of that revenue ruling also pertain to this situation as the regulations under § 6229 do not specify who may sign Forms 872. According to Rev. Rul. 83-41, the Service will generally apply the rules applicable to execution of original returns to consents to extend the time to make assessments. Internal Revenue Code § 6063 states that Forms 1065 shall be signed by any one of the partners. That section further provides that, "The fact that a partner's name is signed on the return shall be prima facie evidence that such partner is authorized to sign the return on behalf of the partnership." The taxpayer's Form 1065 for the period ended September 30, *** (the subject return) was signed by *** according to the copy we received. Therefore, we suggest that you have *** sign the Form 872 on behalf of *** as TMP

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

for the taxpayer. This would be consistent with the information listed in the Form 2848 signed by *** in which he refers to himself as the *** of ***; *** (EIN ***) is listed on the Form 1065 for ***'s fiscal period ended September 30, *** as ***'s TMP and, as noted above, *** is listed as the taxpayer's TMP.

The caption of the Form 872 should read as follows:

"*** (F/K/A ***) (EIN ***)" and put an asterisk (*) after it.

The * should read as follows:

"With respect to the Form 1065 filed by *** (EIN ***) for the taxable period ended September 30, ***."

If the Form 872 is more than one page in length, the * section should be placed on the bottom of the first page.

Alternatively, should the TMP decline to execute the taxpayer's Form 872 on behalf of all partners, you may decide to have each individual partner extend the statute of limitations. Internal Revenue Code § 6229(b)(3) provides that any agreement under § 6501(c)(4) shall apply with respect to the period described in § 6229(a) ONLY if the agreement expressly provides that such agreement applies to tax attributable to partnership items. At your request, we would be happy to assist you with the language for any Form 872 extending the time to assess for each individual partner.

4. Issue 4.: Compliance with the notice requirements of § 6501(c)(4)(B).

In determining the validity of a consent under § 6229(b), the requirements of that statute and the requirements of § 6501 must be taken into account. Since § 6229 supplements § 6501 and does not repeat all of the terms and provisions set forth in the latter statute, the Service must comply with the notice requirements of § 6501(c)(4)(B) in securing an extension of the TEFRA statute of limitations. See CC&F Western Operations Limited Partnership, CC&F Investors, Inc., Tax Matters Partner v. Commissioner, T.C. Memo. 2000-286. Please note that these notice requirements must be provided each time an extension is requested and applies to each such request made after December 31, 1999.

This opinion is based upon the facts set forth herein. It might change if the facts are determined to be different. If the facts change, this opinion should not be relied upon. Please note that under routing procedures which have been established for opinions of this type, we have referred this memorandum to the Office of Chief Counsel for review. That review might result in modifications to the conclusions herein. We will inform you of the result of the review as soon as we hear from that office, which should be in approximately 10 days. In the meantime, the conclusions reached in this memorandum should be considered to be only preliminary.

DISCLOSURE STATEMENT

This writing may contain privileged information. Any unauthorized disclosure of this writing may have an adverse affect on privileges, such as the attorney client privilege. If disclosure becomes necessary, please contact this office for our views.

Jody Tancer

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Associate Area Counsel (Large and Mid-Size Business)

By:

Diane R. Mirabito

Attorney (LMSB)

FN1. Although we recognize that state law does not control whether the taxpayer should be treated as a partnership or a corporation, New York's Limited Liability Company Law (McKinney's 2000)(LLCL) § 102(m) defines "limited liability company" and "domestic limited liability company" as, unless the context otherwise requires, an unincorporated organization of one or more persons, other than a partnership or trust, having limited liability for the business' obligations and liabilities. Further, New York Tax Law § 601(f)( McKinney's 1999) provides,

... the term "partnership" shall include, unless a different meaning is clearly required, a subchapter K limited liability company. The term "subchapter K limited liability company" shall mean a limited liability company classified as a partnership for federal income tax purposes. The term "limited liability company" means a domestic limited liability company ...

FN2. Please note that § 607(b) LLCL provides that no creditor of a member shall have any right to obtain possession of, or exercise legal or equitable rights to, the property of a LLC.

FN3. Please note that Treas. Reg. § 301.6231(a)(7)-1(c) provides that a partnership may designate a tax matters partner for a partnership taxable year on the partnership return for that taxable year in accordance with the instructions for that form. We assume for purposes of this memorandum that the taxpayer properly designated *** as its TMP on the subject Form 1065.

FN4. Please note that the limited liability under New York's LLCL § 609 may be changed through provisions in an LLC's articles of organization or other documents. In addition, § 401 of New York's LLCL is also subject to the provisions in an LLC's articles of organization or the operating agreement and to LLCL § 418 which pertains to classes or groups of members having different relative rights, powers, preferences, duties, and limitations. Again, should you obtain information indicating that a particular member of the taxpayer should not be treated as a member-manager, please contact this office as our advice herein may change as a result of further factual development.

FN5. Temp. Treas. Reg. § 301.6229(b)-1T describes how a partnership may authorize any person to extend the period described in § 6229(a) for all partners. We assume in this memorandum that the taxpayer will have its TMP execute the Form 872. However, should the taxpayer wish to have someone else execute the waiver, please contact this office for further assistance if necessary.

This document may not be used or cited as precedent. Section 6110(j)(3) of the Internal Revenue Code.

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

for the sole purpose of determining the computational adjustment, all nonpartnership items (including, for example, nonpartnership item components of carryover amounts) as reported.

(3) **Affected items that require partner-level determinations.** Changes in a partner's tax liability with respect to affected items that require partner-level determinations (such as a partner's at-risk amount to the extent it depends upon the source from which the partner obtained the funds that the partner contributed to the partnership) are computational adjustments that are subject to the deficiency procedures. Notwithstanding the preceding sentence, any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item is not subject to the deficiency procedures, but rather may be directly assessed as part of the computational adjustment that is made following the partnership proceeding, based on determinations in that proceeding, regardless of whether any partner-level determinations may be required.

(b) **Interest.** A computational adjustment includes any interest due with respect to any underpayment or overpayment of tax attributable to adjustments to reflect properly the treatment of partnership items.

(c) **Effective date.** This section is applicable to partnership taxable years beginning on or after October 4, 2001. For years beginning prior to October 4, 2001, see §301.6231(a)(6)-1T contained in 26 CFR part 1, revised April 1, 2001.

T.D. 8965, 10/3/2001.

**[¶62,312.05] Reg. §301.6231(a)(7)-1 Designation or selection of tax matters partner.**

(a) **In general.** A partnership may designate a partner as its tax matters partner for a specific taxable year only as provided in this section. Similarly, the designation of a partner as the tax matters partner for a specific taxable year may be terminated only as provided in this section. If a partnership does not designate a general partner as the tax matters partner for a specific taxable year, or if the designation is terminated without the partnership designating another general partner as the tax matters partner, the tax matters partner is the partner determined under this section.

(b) **Person who may be designated tax matters partner.** (1) **General requirement.** A person may be designated as the tax matters partner of a partnership for a taxable year only if that person—

(i) Was a general partner in the partnership at some time during the taxable year for which the designation is made; or

(ii) Is a general partner in the partnership as of the time the designation is made.

(2) **Limitation on designation of tax matters partner who is not a United States person.** If any United States person would be eligible under paragraph (a) of this section to be designated as the tax matters partner of a partnership for a taxable year, no person who is not a United States person may be designated as the tax matters partner of the partnership for that year without the consent of the Commissioner. For the definition of United States person, see section 7701(a)(30).

(c) **Designation of tax matters partner at time partnership return is filed.** The partnership may designate a tax matters partner for a partnership taxable year on the partnership return for that taxable year in accordance with the instructions for that form.

(d) **Certification by current tax matters partner of selection of successor.** If a partner properly designated as the tax matters partner of a partnership for a partnership taxable year under this section certifies that another partner has been selected as the tax matters partner of the partnership for that taxable year, that other partner is thereby designated as the tax matters partner for that year. The current tax matters partner shall make the certification by filing with the service center with which the partnership return is filed a statement that—

(1) Identifies the partnership, the partner filing the statement, and the successor tax matters partner by name, address, and taxpayer identification number;

(2) Specifies the partnership taxable year to which the designation relates;

(3) Declares that the partner filing the statement has been properly designated as the tax matters partner of the partnership for the partnership taxable year and that that designation is in effect immediately before the filing of the statement;

(4) Certifies that the other named partner has been selected as the tax matters partner of the partnership for that taxable year in accordance with the partnership's procedure for making that selection; and

(5) Is signed by the partner filing the statement.

**(e) Designation by general partners with majority interest.** The partnership may designate a tax matters partner for a partnership taxable year at any time after the filing of a partnership return for that taxable year by filing a statement with the service center with which the partnership return was filed. The statement shall—

(1) Identify the partnership and the designated partner by name, address, and taxpayer identification number;

(2) Specify the partnership taxable year to which the designation relates;

(3) Declare that it is a designation of a tax matters partner for the taxable year specified; and

(4) Be signed by persons who were general partners at the close of the year and were shown on the return for that year to hold more than 50 percent of the aggregate interest in partnership profits held by all general partners as of the close of that taxable year. For purposes of this paragraph (e)(4),
all limited partnership interests held by general partners shall be included in determining the aggregate interest in partnership profits held by such general partners.

**(f) Designation by partners with majority interest under certain circumstances. (1) In general.** A tax matters partner may be designated for a partnership taxable year under this paragraph (f) only if, at the time the designation is made, each partner who was a general partner at the close of such partnership taxable year is described in one or more of paragraphs (f)(1)(i) through (iv) of this section as follows:

(i) The general partner is dead, or, if the general partner is an entity, has been liquidated or dissolved;

(ii) The general partner has been adjudicated by a court of competent jurisdiction to be no longer capable of managing his or her person or estate;

(iii) The general partner's partnership items have become nonpartnership items under section 6231(b); or

(iv) The general partner is no longer a partner in the partnership.

**(2) Method of making designation.** A tax matters partner for a partnership taxable year may be designated under this paragraph (f) at any time after the filing of the partnership return for such taxable year by filing a written statement with the service center with which the partnership return was filed. The statement shall—

(i) Identify the partnership and the designated tax matters partner by name, address, and taxpayer identification number;

(ii) Specify the partnership taxable year to which the designation relates;

(iii) Declare that it is a designation of a tax matters partner for the partnership taxable year specified; and

(iv) Be signed by persons who were partners at the close of such taxable year and were shown on the return for that year to hold more than 50 percent of the aggregate interest in partnership profits held by all partners as of the close of such taxable year.

**(g) Designation of alternate tax matters partner.** If an individual is designated as the tax matters partner of a partnership under paragraph (c), (d), (e), or (f) of this section, the document by which that individual is designated may also designate an alternate tax matters partner who will become tax matters partner upon the occurrence of one or more of the events described in paragraph (l)(1)(i) or (ii) of this section. The person designated as the alternate tax matters partner becomes the tax matters partner as of the time the designation of the tax matters partner is terminated under paragraph (l)(1)(i) or (ii) of this section. The designation of a person as the alternate tax matters partner shall have no effect in any other case.

(h) **Prior designations superseded.** A designation of a tax matters partner for a partnership taxable year under paragraphs (d), (e), or (f) of this section shall supersede all prior designations of a tax matters partner for that year, including a prior designation of an alternate tax matters partner under paragraph (g) of this section.

(i) **Resignation of designated tax matters partner.** A person designated as the tax matters partner of a partnership under this section may resign at any time by a written statement to that effect. The statement shall specify the partnership taxable year to which the resignation relates and shall identify the partnership and the tax matters partner by name, address, and taxpayer identification number. The statement shall also be signed by the resigning tax matters partner and shall be filed with the service center with which the partnership return was filed.

(j) **Revocation of designation.** The partnership may revoke the designation of the tax matters partner for a partnership taxable year at any time after the filing of a partnership return for that taxable year by filing a statement with the service center with which the partnership return was filed. The statement shall—

(1) Identify by name, address, and taxpayer identification number the partnership and the general partner whose designation as tax matters partner is being revoked;

(2) Specify the partnership taxable year to which the revocation relates;

(3) Declare that it is a revocation of a designation of the tax matters partner for the taxable year specified; and

(4) Be signed by the persons described in paragraph (e)(4) of this section, or, if at the time that the revocation is made, each partner who was a general partner at the close of the partnership taxable year to which the revocation relates is described in one or more of paragraphs (f)(1)(i) through (iv) of this section, by the persons described in paragraph (f)(2)(iv) of this section.

(k) **When designation, etc., becomes effective. (1) In general.** Except as otherwise provided in paragraph (k)(2) of this section, a designation, resignation, or revocation provided for in this section becomes effective on the day that the statement required by the applicable paragraph of this section is filed.

(2) **Notice of proceeding mailed.** If a notice of beginning of an administrative proceeding with respect to a partnership taxable year is mailed before the date on which a statement of designation, resignation, or revocation provided for in this section with respect to that taxable year is filed, the Service is not required to give effect to such designation, resignation, or revocation until 30 days after the statement is filed.

(l) **Termination of designation. (1) In general.** A designation of a tax matters partner for a taxable year under this section shall remain in effect until—

(i) The death of the designated tax matters partner;

(ii) An adjudication by a court of competent jurisdiction that the individual designated as the tax matters partner is no longer capable of managing the individual's person or estate;

(iii) The liquidation or dissolution of the tax matters partner, if the tax matters partner is an entity;

(iv) The partnership items of the tax matters partner become nonpartnership items under section 6231(c) (relating to special enforcement areas); or

(v) The day on which—

(A) The resignation of the tax matters partner under paragraph (i) of this section;

(B) A subsequent designation under paragraph (d), (e), or (f) of this section; or

(C) A revocation of the designation under paragraph (j) of this section becomes effective.

(2) **Actions by the tax matters partner before termination of designation.** The termination of the designation of a partner as the tax matters partner under paragraph (l)(1) of this section does not affect the validity of any action taken by that partner as tax matters partner before the designation is terminated. For example, if that tax matters partner had previously consented to an extension of the period for assessments under section 6229(b)(1)(B), that extension remains valid even after termination of the designation.

**(m) Tax matters partner where no partnership designation made. (1) In general.** The tax matters partner for a partnership taxable year shall be determined under this paragraph (m) if—

(i) The partnership has not designated a tax matters partner under this section for that taxable year; or

(ii) The partnership has designated a tax matters partner under this section for that taxable year, that designation has been terminated under paragraph (l)(1) of this section, and the partnership has not made a subsequent designation under this section for that taxable year.

**(2) General partner having the largest profits interest is the tax matters partner.** The tax matters partner for any partnership taxable year to which this paragraph (m) applies is the general partner having the largest profits interest in the partnership at the close of that taxable year (or where there is more than one such partner, the one of such partners whose name would appear first in an alphabetical listing). For purposes of this paragraph (m)(2), all limited partnership interests held by a general partner shall be included in determining that general partner's profits interest in the partnership. For purposes of this paragraph (m)(2), the general partner with the largest profits interest is determined based on the year-end profits interests reported on the Schedules K-1 filed with the partnership income tax return for the taxable year for which the determination is being made.

**(3) Termination of designation.** A designation of a tax matters partner for a partnership taxable year under this paragraph (m) shall remain in effect until the earlier of the occurrence of one or more of the events described in paragraphs (l)(1)(i) through (iv) of this section or the day on which a designation under paragraph (d), (e), or (f) of this section becomes effective. If a designation of a tax matters partner for a partnership taxable year is terminated under this paragraph (m)(3) and the partnership has not subsequently designated a tax matters partner for that taxable year under paragraph (d), (e), or (f) of this section, the tax matters partner for that taxable year shall be determined under paragraph (m)(2) of this section, and, for purposes of applying paragraph (m)(2) of this section, the general partner whose designation was so terminated shall be treated as having no profits interest in the partnership for that taxable year.

**(n) Selection of tax matters partner by Commissioner when impracticable to apply the largest-profits-interest rule.** If the partnership has not designated a tax matters partner under this section for the taxable year and it is impracticable (as determined under paragraph (o) of this section) to apply the largest-profits-interest rule of paragraph (m)(2) of this section, the Commissioner will select a tax matters partner as described in paragraph (p) of this section.

**(o) Impracticability of largest-profits-interest rule.** It is impracticable to apply the largest-profits-interest rule of paragraph (m)(2) of this section if, on the date the rule is applied, any one of the following three conditions is met:

**(1) General partner with the largest profits interest is not apparent.** The general partner with the largest profits interest is not apparent from the Schedules K-1 and is not otherwise readily determinable.

**(2) Each general partner is deemed to have no profits interest in the partnership.** Each general partner is deemed to have no profits interest in the partnership under paragraph (m)(3) of this section (concerning termination of a designation under the largest-profits-interest rule) because of the occurrence of one or more of the events described in paragraphs (l)(1)(i) through (iv) of this section (involving death, adjudication of incompetency, liquidation, and conversion of partnership items to nonpartnership items).

**(3) General partner with the largest profits interest is disqualified.** The general partner with the largest profits interest determined under paragraph (m)(2) of this section—

(i) Has been notified of suspension from practice before the Internal Revenue Service;

(ii) Is incarcerated;

(iii) Is residing outside the United States, its possessions, or territories; or

(iv) Cannot be located or cannot perform the functions of a tax matters partner for any reason, except that lack of cooperation with the Internal Revenue Service by the general partner

with the largest profits interest is not a basis for finding that the partner cannot perform the functions of a tax matters partner.

**(p) Commissioner's selection of the tax matters partner. (1) When the general partner with the largest profits interest is not apparent.** If it is impracticable under paragraph (o)(1) of this section to apply the largest-profits-interest rule of paragraph (m)(2) of this section, the Commissioner will select (in accordance with the notification procedures set forth in paragraph (r) of this section) as the tax matters partner any person who was a general partner at any time during the taxable year under examination.

**(2) When each general partner is deemed to have no profits interest in the partnership.** If it is impracticable under paragraph (o)(2) of this section to apply the largest-profits-interest rule of paragraph (m)(2) of this section, the Commissioner will select a partner (including a general or limited partner) as the tax matters partner in accordance with the criteria set forth in paragraph (q) of this section. The Commissioner will notify, within 30 days of the selection, the partner selected, the partnership, and all partners required to receive notice under section 6223(a) of the selection of the tax matters partner, effective as of the date specified in the notice.

**(3) When the general partner with the largest profits interest is disqualified.** (i) In general. Except as otherwise provided in paragraph (p)(3)(ii) of this section, if it is impracticable under paragraph (o)(3) of this section to apply the largest-profits-interest rule of paragraph (m)(2) of this section, the Commissioner will treat each general partner who fits the criteria contained in paragraph (o)(3) of this section as having no profits interest in the partnership for the taxable year and will select (in accordance with the notification procedures set forth in paragraph (r) of this section) a tax matters partner from the remaining persons who were general partners at any time during the taxable year.

(ii) Partner selected if no general partner may be selected. If all general partners during the taxable year either are treated as having no profits interest in the partnership for the taxable year under paragraph (m)(3) of this section (concerning termination of a designation under the largest-profits-interest rule) or are described in paragraph (o)(3) of this section (general partner with the largest profits interest is disqualified), the Commissioner will select a partner (including a general or limited partner) as the tax matters partner in accordance with the criteria set forth in paragraph (q) of this section. The Commissioner will notify both the partner selected and the partnership of the selection, effective as of the date specified in the notice.

**(q) Criteria for selecting a partner as tax matters partner. (1) In general.** The Commissioner will select a partner as the tax matters partner under paragraph (p)(2) or (3)(ii) of this section only if the partner was a partner in the partnership at the close of the taxable year under examination.

**(2) Criteria to be considered.** The Commissioner may consider the following criteria in selecting a partner as the tax matters partner:

(i) The general knowledge of the partner in tax matters and the administrative operation of the partnership.

(ii) The partner's access to the books and records of the partnership.

(iii) The profits interest held by the partner.

(iv) The views of the partners having a majority interest in the partnership regarding the selection.

(v) Whether the partner is a partner of the partnership at the time the tax-matters-partner selection is made.

(vi) Whether the partner is a United States person (within the meaning of section 7701(a)(30)).

**(3) Limited restriction on subsequent designation of a tax matters partner by the partnership.** For purposes of paragraphs (p)(2) and (3)(ii) of this section, the partnership cannot designate a partner who is not a general partner to serve as tax matters partner in lieu of a partner selected by the Commissioner.

**(r) Notification of partnership. (1) In general.** If the Commissioner selects a tax matters partner under the provisions of paragraph (p)(1) or (p)(3)(i) of this section, the Commissioner will notify, within 30 days of the selection, the partner selected, the partnership, and

all partners required to receive notice under section 6223(a) of the selection of the tax matters partner, effective as of the date specified in the notice.

(2) **Limited opportunity for partnership to designate the tax matters partner.** (i) Before the Commissioner selects a tax matters partner under paragraphs (p)(1) and (3)(i) of this section, the Commissioner will notify the partnership by mail that, after 30 days from the date of the notice, the Commissioner will make a determination that it is impracticable to apply the largest-profits-interest rule of paragraph (m)(2) of this section and will select the tax matters partner unless a prior designation is made by the partnership. This delay in making the determination will permit the partnership to designate a tax matters partner under paragraph (e) of this section (designation by general partners with a majority interest) or paragraph (f) of this section (designation by partners with a majority interest under certain circumstances), thereby avoiding a selection made by the Commissioner.

(ii) During the 30-day period and prior to a tax-matters-partner designation by the partnership, the Commissioner will communicate with the partnership by sending all correspondence or notices to "The Tax Matters Partner" in care of the partnership at the partnership's address.

(iii) Any subsequent designation of a tax matters partner by the partnership after the 30-day period will become effective as provided under paragraph (k)(2) of this section (concerning designations made after a notice of beginning of administrative proceeding is mailed).

(s) **Effective date.** This section applies to all designations, selections, and terminations of a tax matters partner occurring on or after December 23, 1996, except for paragraphs (p)(2) and (r)(1), that are applicable on or after October 4, 2001.

T.D. 8698, 12/20/96, amend T.D. 8808, 1/25/99, T.D. 8965, 10/3/2001.

**[¶62,312.055] Reg. §301.6231(a)(7)-2 Designation or selection of tax matters partner for a limited liability company (LLC).** *

(a) **In general.** Solely for purposes of applying section 6231(a)(7) and §301.6231(a)(7)-1 to an LLC, only a member-manager of an LLC is treated as a general partner, and a member of an LLC who is not a member-manager is treated as a partner other than a general partner.

(b) **Definitions.** (1) **LLC.** Solely for purposes of this section, *LLC* means an organization—

(i) Formed under a law that allows the limitation of the liability of all members for the organization's debts and other obligations within the meaning of §301.7701-3(b)(2)(ii); and

(ii) Classified as a partnership for Federal tax purposes.

(2) **Member.** Solely for purposes of this section, *member* means any person who owns an interest in an LLC.

(3) **Member-manager.** Solely for purposes of this section, *member-manager* means a member of an LLC who, alone or together with others, is vested with the continuing exclusive authority to make the management decisions necessary to conduct the business for which the organization was formed. Generally, an LLC statute may permit the LLC to choose management by one or more managers (whether or not members) or by all of the members. If there are no elected or designated member-managers (as so defined in this paragraph (b)(3)) of the LLC, each member will be treated as a member-manager for purposes of this section.

(c) **Effective date.** This section applies to all designations, selections, and terminations of a tax matters partner of an LLC occurring on or after December 23, 1996. Any other reasonable designation or selection of a tax matters partner of an LLC is binding for periods prior to December 23, 1996.

T.D. 8698, 12/20/96.