**THE UNITED STATE COURT OF FEDERAL CLAIMS**

**No. 06-211 T**
**(Judge Victor J. Wolski)**

---

**JAMES R. THOMPSON,**

**Plaintiff,**

**v.**

**THE UNITED STATES**

**Defendant.**

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF**

---

Pursuant to the Court's August 14, 2007, Order, defendant hereby responds to plaintiff's supplemental brief. Importantly, plaintiff's supplemental brief confirms the parties are in agreement that Temp. Treas. Reg. § 1.469-5T is a valid legislative regulation. Plaintiff states "[t]he regulations involved in this case are reasonable and consistent with the statute". (Pl. Supp. Br. at 14). The parties' dispute is limited to the narrower question whether Temp. Treas. Reg. § 1.469-5T(e) treats plaintiff as holding a limited partnership interest in Mountain Air.

As we have explained, the language of subsection (e)(3)(i)(B) clearly and unambiguously provides that the holder of a partnership interest, who has limited liability under State law, shall be treated as holding an interest in a limited partnership. Since Mountain Air elected partnership treatment, plaintiff reported its losses on his return as a partnership distribution, and he had limited liability for Mountain Air's debts, the

regulatory language inescapably mandates that he be treated as holding a limited partnership interest for the purposes of Section 469.

Plaintiff's Supplemental Brief argues against this result, but it does so by ignoring the words in the regulation and the underlying statute. Plaintiff ignores that Congress provided in Section 469(h)(2) that a limited partnership interest shall be subject to Section 469's loss limitations, except as provided in regulations. Likewise, plaintiff ignores the words of Treas. Reg. § 1.469-5T(e)(3)(i)(B) which provides that a taxpayer holds a limited partnership interest if (1) he holds a partnership interest and (2) he has limited liability under state law. Instead, plaintiff argues that a "control" test determines whether one holds a limited partnership interest. Treas. Reg. § 1.469-5T(e)(3)(i)(B), however, which plaintiff agrees is "reasonable" and "consistent with the statute", provides that a limited partnership interest turns on "limited liability"; it contains no "control" test. In further response to plaintiff's Supplemental Brief, defendant submits the following:

1. In our Supplemental Brief, defendant traced the history of limited partnership provisions under state law and showed that the hallmark of a limited partnership interest always has been that it is one as to which a partner has limited liability. Plaintiff indisputably had limited liability for Mountain Air's obligations. Nevertheless, in its Supplemental Brief, plaintiff turns the Court's inquiry from one regarding the existence of a limited partnership interest into a discussion of a test for limited liability. The problem though is that, contrary to plaintiff's thesis (Pl. Supp. Br. at 1-3), there is no monolithic state law test for limited liability which, in turn, could determine whether there was a limited partnership interest. The control test has been

applied variably by the states in connection with the administration of their limited partnership laws. And as we explained in our Supplemental Brief (Def. Supp. Br. at 6-7), even in the context of state-law created limited partnerships, the control test was diminished by 1986 as a determinant of limited liability and is now in full retreat. Thus, control is an uncertain and unreliable measure of limited liability and a limited partnership interest under state law. In any event, the control test has no application under state law to whether a member of a limited liability company has limited liability. Plaintiff's limited liability is beyond dispute, and the control test therefore has no bearing on whether he held a limited partnership interest under Temp. Treas. Reg. § 1.469-5T(e)(3)(i)(B).

2. Likewise, and contrary to plaintiff's apparent view (Pl. Supp. Br. at 17-18), the control test is not a determinant whether one holds a general partnership interest -- either under Temp. Treas. Reg. §1.469-5T, or for state law purposes in a limited partnership. As we explained (Def. Supp. Br. at 13-14), a general partner under state law is a partner whose liability is unlimited. Such a general partner may participate in the activities of the partnership (and often does), but participation is not the defining characteristic of a general partner. One may have unlimited liability, and be a general partner, yet not participate in the partnership's activities to any extent.

There also is no basis for plaintiff to conclude, as he does, that he was a general partner in Mountain Air under Temp. Treas. Reg. §1.469-5T(e)(3)(ii), because he participated in its activities. The regulation does not define a general partner on the basis of participation. Moreover, since Temp. Treas. Reg. §1.469-5T(e)(3)(i)(B) defines a limited partnership interest in terms of limited liability, a general partnership interest

must naturally mean under the regulations (consistently with state law concepts) an interest as to which liability is unlimited. Plaintiff's liability for Mountain Air's obligations was limited, and he did not hold a general partnership interest under the Regulations.

Plaintiff's claim (Pl. Supp. Br. at 16) that Temp. Treas. Reg. § 1.469-5T(e) must be "interpreted" on the basis of material participation is not an "interpretation" of the regulatory language. It is a claim that the language of subsections (e)(3)(i)(B) and (e)(3)(ii) be ignored and that participation language, not present in the regulation, should be inserted in its place. While Section 469 focuses more generally on participation, Congress set up a special rule for limited partnership interests. The valid regulatory language defines a limited partnership interest in two ways. In subsection (e)(3)(i)(A), a taxpayer holds a limited partnership interest in a state-law created limited partnership if he is designated as such in the limited partnership agreement or the certificate of limited partnership. In subsection (e)(3)(i)(B), a taxpayer holds a limited partnership interest if he has only limited liability with respect to a partnership interest. Those words must be applied, not ignored.

3. Plaintiff acknowledges that Temp. Treas. Reg. § 1.469-5T is a valid legislative regulation that is "reasonable and consistent with the statute". (Pl. Supp. Br. at 14). Plaintiff also acknowledges that legislative regulations are entitled to the highest form of judicial deference. (Pl. Supp. Br. at 4).

In observing the level of deference that should be given to a valid legislative regulation, a Court, first, and foremost, must apply its unambiguous language. *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-44 (1984).

The question of judicial deference to be given to an *interpretation* of the regulation arises only to the extent the meaning of the words used in the regulation are in doubt. *Udall v. Tallman*, 380 U.S. 1, 16 (1965); *Roberto v. Department of Navy*, 440 F.3d 1341, 1350 (Fed. Cir. 2006) (if regulatory language is clear and unambiguous, the court's inquiry ends with the plain meaning).

The meaning of the words used in Temp. Treas. Reg. § 1.469-5T(e)(3)(i)(B) are not in doubt; they clearly treat plaintiff as holding a limited partnership interest for the purposes of Section 469, because he holds an interest in an entity treated as a partnership for tax purposes, and he enjoys limited liability in the entity under state law. The competing "interpretations" here are between that conclusion, which is true to the regulatory language, and plaintiff's "interpretation" which ignores the regulatory language and would instead treat that regulatory subsection as if it provided a participation test (which it clearly does not). As a result, it is the regulation itself to which the Court must pay deference, not the government's interpretation of it, in deciding whether to treat plaintiff as holding a limited partnership interest in Mountain Air.[1]

---

[1] In any event, deference is due an agency's interpretation of its own regulation where it represents its fair and considered judgment on the matter, even where its expression is in litigation briefs. *Auer v. Robbins*, 519 U.S. 452, 461-62 (1997). The government has not acquiesced in what it regards as the erroneous decision by the Oregon district court in *Gregg v. United States*, 186 F. Supp. 2d 1123 (D. Or. 2000). It is the government's fair, considered, and consistent judgment that guides its reading of Temp. Treas. Reg. § 1.469-5T(e)(3).

## CONCLUSION

Temp. Treas. Reg. § 1.469-5T is a valid legislative regulation that unambiguously treats plaintiff as holding a limited partnership interest for the purposes of Section 469. The Court should grant defendant's motion for partial summary judgment, and pursuant to the parties' stipulation, enter judgment for defendant.

Respectfully Submitted,

September 5, 2007

s/ Jeffrey R. Malo
JEFFREY R. MALO
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, DC 20044
Phone: (202) 305-7539
Fax: (202) 514-9440

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN FRAHM
Assistant Chief, Court of Federal Claims Section

September 5, 2007

s/ Steven Frahm
Of Counsel